ACCEPTED
12-15-00277-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/16/2015 5:51:19 PM
Pam Estes
CLERK

Case Number 12-15-_____-CV

IN THE TWELFTH DISTRICT COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/16/2015 5:51:19 PM
PAM ESTES
Clerk

at Tyler

*In Re AAA Texas County Mutual Insurance Company*,

Relator.

_____

Original Proceeding from Cause Number 2014-1365-A pending in the 188th Judicial District Court of Gregg County

_____

**RELATOR AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY'S PETITION FOR WRIT OF MANDAMUS**

_____

**WALTERS, BALIDO & CRAIN, L.L.P.**

**Gregory R. Ave**
State Bar Number 01448900
greg.ave@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas  75231
Telephone Number (214) 347-8310
Facsimile Number (214) 347-8311

ATTORNEYS FOR RELATOR
AAA TEXAS COUNTY MUTUAL
INSURANCE COMPANY

**November 16, 2015**

## LIST OF PARTIES AND THEIR COUNSEL

Pursuant to Texas Rule of Appellate Procedure 52.3(a), the following is a complete list of all parties, and the names and addresses of all trial and appellate counsel:

1. *Relator*:

   AAA Texas County Mutual Insurance Company

2. *Trial Counsel for Relator*:

   Carlos Balido
   State Bar No.: 01631230
   Walters Balido & Crain, L.L.P.
   Meadow Park Tower, Suite 1500
   10440 North Central Expressway
   Dallas, Texas 75231
   Telephone:  214-749-4805
   Facsimile:   214-760-1670
   Email: carlos.balido@wbclawfirm.com

3. *Appellate Counsel for Relator*:

   Gregory R. Ave
   State Bar No.: 01448900
   Greg.ave@wbclawfirm.com
   Jay R. Harris
   State Bar No.: 00793907
   Walters, Balido & Crain, L.L.P.
   Meadow Park Tower, Suite 1500
   10440 North Central Expressway
   Dallas, Texas 75231; and

i

4.   *Respondent*:

The Honorable Judge David Brabham
Judge of the 188th Judicial District Court of Gregg County, Texas
Gregg County Courthouse
101 East Methvin, Suite 408
Longview, Texas  75601
Telephone (903) 237-2588
Facsimile  (903) 236-8603

5.   *Real Party in Interest*:

Thomas Jackson

6.   *Trial Counsel for Real Party in Interest*:

Justin A. Smith
Glenn A. Perry
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601
Telephone (903) 757-7000
Facsimile (903) 757-7574

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL .................................................................i

TABLE OF CONTENTS............................................................................. iii

INDEX OF AUTHORITIES ......................................................................... v

STATEMENT OF THE CASE......................................................................viii

STATEMENT OF JURISDICTION .............................................................. ix

ISSUES PRESENTED ..................................................................................x

STATEMENT OF FACTS ............................................................................1

ARGUMENT & AUTHORITIES ................................................................21

I.      Standard of Review ...................................................................21

II.     Mandamus Relief Is Warranted In This Case.....................................22

        A.      *The Trial Court Abused Its Discretion in Refusing To Abate Discovery on Jackson's Extra-Contractual Claims Because These Claims Are Not Ripe, Have Not Accrued, and Will Likely Be Rendered Moot, Unless and Until Jackson Has Obtained a Final Adjudication of Tortfeasor Tompkin's Liability and Damages for which AAA Owes UIM Benefits, But Then Refuses to Pay.* ..................................................22

                1.      Because Jackson has not obtained a final judgment establishing the liability of, and damages caused by, Tompkins, AAA has no contractual duty to pay UIM benefits ........................................................22

2.      Allowing discovery on Jackson's extra-contractual claims before a determination on Jackson's UIM claim is an abuse of discretion. ...........................................25

B.      *AAA Has No Clear and Adequate Remedy By Appeal Because It Will Lose Substantial Rights By Being Required To Conduct Discovery on Claims Which Have Not Accrued and May Be Rendered Moot.*. ................................................................40

PRAYER.................................................................................................41

CERTIFICATE OF COMPLIANCE .................................................................43

CERTIFICATE OF SERVICE .......................................................................44

APPENDIX..............................................................................................45

iv

# INDEX OF AUTHORITIES

## Cases

*In re Allstate County Mut. Ins. Co.,*
447 S.W.3d 497 (Tex. App.–Houston [1st Dist.] 2014) ................. 24, 38, 39, 40

*In re Allstate Indem. Co.,*
2003 Tex. App. LEXIS 9245 (Tex. App.–Dallas October 30, 2003)............ ix, 39

*In re Allstate Ins. Co.,* 232 S.W.3d 340 (Tex. App.—Tyler 2007) ......................30

*In re Am. Nat'l County Mut. Ins. Co.,*
384 S.W.3d 429 (Tex. App.–Austin 2012).........................................................40

*Blackstone v. Thalman,*
949 S.W.2d 470 (Tex. App.—Houston [14th Dist.] 1997, no writ)....................3

*Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809 (Tex. 2006)............*passim*

*F. A. Richard & Assocs. v. Millard,*
856 S.W.2d 765 (Tex. App.–Houston [1st Dist.] 1993) ....................................37

*Figueroa v. Davis,*
318 S.W.3d 53 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ........................3

*Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London,*
327 S.W.3d 118 (Tex. 2010) ............................................................................24

*Legal Sec. Life Ins. Co. v. Ward,*
373 S.W.2d 693 (Tex. Civ. App.—Austin 1963, no writ)..................................3

*Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627 (Tex. 1996)........ ix, 32, 33, 38

*Mid-Century Ins. Co. v. Lerner,*
901 S.W.2d 749 (Tex. App.–Houston [14th Dist.] 1995)..................................37

*In re Miller*, 202 S.W.3d 922 (Tex. App.--Tyler 2006) ........................................32

*Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*,
862 S.W.2d 44 (Tex. App.–Houston [14th Dist.]1993) ......................................37

*In re Progressive County Mut. Ins. Co.*,
439 S.W.3d 422 (Tex. App.—Houston [1st Dist.] 2014, no pet.) .............*passim*

*Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919 (Tex. 2005).............25

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004) .......................21, 39

*In re State Farm Mut. Auto. Ins. Co.*,
395 S.W.3d 229 (Tex. App.—El Paso 2012, no pet.) .........................................33

*State Farm Mut. Auto. Ins. Co. v. Wilborn*,
835 S.W.2d 260 (Tex. App.--Houston [14th Dist.] 1992) ...........................33, 37

*Texas Farm Bureau Underwriters v. Skeen*,
374 S.W.3d 651 (Tex. App.—Tyler 2012, no pet.) .......................................26, 27

*Thurmond v. Wieser*, 699 S.W.2d 680 (Tex. App—Waco 1985, no writ) ...........3

*In re Trinity Universal Ins. Co.*, 64 S.W.3d 463 (Tex. App.–Amarillo 2001)....32

*In re United Fire Lloyds*,
327 S.W.3d 250 (Tex. App.–San Antonio 2010) ................................... ix, 21, 35

*U.S. Fire Ins. Co. v. Millard*,
847 S.W.2d 668 (Tex. App.--Houston [1st Dist.] 1993) ........................ 22-23, 37

*Weir v. Twin City Fire Ins. Co.*,
622 F. Supp. 2d 483 (S.D. Tex. 2009) (Harmon, J.) ...........................................26

*Womack v. Berry*, 291 S.W.2d 677 (1956) ..........................................................34

## Other Authorities

Restatement (Second) of Contracts § 36 (1981)..............................................3

Restatement (Second) Of Contracts § 39(2).....................................................3

Tex. Gov't Code Ann. § 22.221......................................................... ix

Texas Insurance Code §§ 541.060(a)(2)(A), 542.056, 542.057, and 542.058 .....7

Texas Rule of Appellate Procedure 52............................................. ix

Texas Rule of Appellate Procedure 52.3(a) .......................................................i

Texas Rules of Civil Procedure 194.2(d) and 192.3(a) ....................................17

Texas Rules of Evidence 408 .........................................................................33

# STATEMENT OF THE CASE

*Nature Of The Underlying Case:*

This original proceeding arises from a lawsuit filed by Plaintiff and Real Party in Interest Thomas Jackson ("Jackson") arising from a motor vehicle accident. [MR 6-8.] Jackson brought suit against AAA to recover underinsured motorist ("UIM") benefits based on a motor vehicle accident involving Jackson and Patricia Tompkins ("Tompkins") on June 12, 2013. [*Id.*] In his second amended petition, Jackson continues to seek to recover UIM benefits, two purported breach of contract claims, as well as damages for AAA's alleged bad faith and statutory violations related to settlement negotiations and an offer of settlement made by AAA to Jackson to resolve his UIM claims (and subsequent lawsuit). [MR 8-14.]

*Respondent:*

The Honorable David Brabham, Judge of the 188th Judicial District Court of Gregg County, Texas.

*Respondent's Actions from Which Relief Sought:*

AAA moved to sever and abate Jackson's breach of contract claims, his bad faith and other extra-contractual claims until the preliminary issue of tort liability and damages are resolved. [MR 66.] The trial court denied in its entirety AAA's motion to sever and abate and instead, ordered AAA to respond to discovery requests which solely pertain to Jackson's extra-contractual claims and which do not go to the only issues ripe for determination: (1) the tort liability of Tompkins; (2) the amount of Jackson's actual damages because of the June 12, 2013 accident; and the underinsured status of Tompkins. [MR 135-37; 138.]

*Orders at Issue:*

The trial court's order of November 6, 2015 denying AAA's motion to sever ***and*** abate [MR 138; *see also* App. At Tab A] and the November 6, 2015 order compelling AAA to respond to the discovery requests propounded

by Jackson [MR 135-37; *see also* App. at Tab B].

## STATEMENT OF JURISDICTION

This Court possesses jurisdiction to grant mandamus relief from the trial court's order denying AAA's request to sever and abate the extra-contractual claims and the trial court's order compelling AAA to respond to Jackson's discovery requests pertaining to his bad faith and extra-contractual claims before the threshold issues of Tompkins' purported negligence is judicially determined, before the amount of Jackson's actual damages are legally established, and before the underinsured status of Tompkins is judicially resolved because same constitutes a clear abuse of discretion which impacts AAA's right to protect its claim file and avoid the expense of defending itself against claims which are not ripe, have not accrued, and will likely be rendered moot, and for which no adequate remedy exists by ordinary appeal. *See* TEX. GOV'T CODE ANN. § 22.221; TEX. R. APP. P. 52.[1]

---

[1] *Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 628 (Tex. 1996) (sever and abate of extra-contractual claims from UM claim required where settlement offer has been made on the disputed UM claim); *In re Allstate Indem. Co.*, 2003 Tex. App. LEXIS 9245 (Tex. App.–Dallas October 30, 2003, orig. proceeding) (trial court abused its discretion when it failed to both sever and abate plaintiff's extra-contractual claims in UM case); *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.–Houston [1st Dist.] 2014, orig. proceeding) (insurer had no adequate remedy by appeal where trial court permitted discovery on extra-contractual claims in UM action because insurer would "lose substantial rights by being required to prepare for claims that may be rendered moot and never even accrue"); *In re United Fire Lloyds*, 327 S.W.3d 250, 256 (Tex. App.–San Antonio 2010, orig. proceeding) (insurer did not have adequate remedy by appeal where it would "lose substantial rights by being required to prepare for claims that may be rendered moot and may have not even yet accrued").

# ISSUES PRESENTED

1.      Whether the trial court's refusal to sever and abate Jackson's extra-contractual claims and refusal to abate discovery on Jackson's extra-contractual claims until the conditions precedent (*i.e.*, the judicial determination as to the liability or fault of Tompkins in causing the accident with Jackson, the amount of his actual damages, and a determination whether Tompkins is underinsured) as to whether to asserting a valid UIM claim are satisfied is an abuse of discretion which warrants mandamus relief because Jackson's extra-contractual claims are not ripe, have not accrued, and will likely be rendered moot, absent (1) a final adjudication of Tompkins' liability, (2) Jackson's actual damages, (3) Tompkins underinsured status, and (4) only then when coupled with a refusal by AAA to pay UIM benefits based on the judicial determinations of (1)-(3), *supra*.

2.      Whether AAA has an adequate remedy by ordinary appeal where AAA will lose substantial rights by being required to conduct discovery on claims which are not ripe, have not accrued, and will likely be rendered moot.

**STATEMENT OF FACTS**

On or about June 12, 2013, Jackson was involved in an automobile accident with another vehicle driven by Tompkins (the "accident"). [MR 7.] After the accident, Jackson submitted claims to AAA for personal injury protection ("PIP") benefits which AAA paid (a total of $5,000.00). [MR 1.] Jackson also made a liability claim against Tompkins which her insurer, for whatever reason, offered him $30,000.00 to settle fully and finally any and all claims he had against Tompkins (AAA consented to the settlement). [*Id.*] Subsequent to the settlement with Tompkins, Jackson asserted a claim under the policy for the full amount of UIM limits - $100,000.00 per person limit. [*Id.*]

On March 31, 2014, AAA received a demand letter from Jackson and a packet of information which provided Jackson's version of events surrounding the accident and medical documentation. [*Id.*] On April 28, 2014 AAA offered Jackson $20,000.00 "in an effort to resolve this matter" – the clear connotation is that AAA made an offer to achieve a final settlement of a disputed contract claim (*i.e.,* the UIM claim). [*Id.*] Importantly, the $20,000.00 offer was to "conclude" Jackson's UIM claim in its entirety and to "resolve this matter" all hallmarks of a finite offer to

1

settle and not the offer of a partial payment (as Jackson contends). Moreover, four days later on May 2, 2014, Jackson made a counteroffer and, as a matter of law, rejected AAA's $20,000.00 offer to settle and conclude in its entirety Jackson's UIM claim. [MR 2.] This is evidenced also by the rejection of the counteroffer proposed by Jackson in AAA's May, 22, 2014 correspondence, wherein AAA explicitly stated that:

> Your letter advises [Jackson] vehemently disagrees with [AAA's] valuation; however, you demand [AAA] tender a check for $20,000.00 UIM. Furthermore, you advise [Jackson] will not sign a release, will negotiate the issued check and have the right to pursue additional amounts for this claim in the future.
>
> Unfortunately, [AAA is] unable to comply with your request. Our offer was a compromise to resolve this matter fully and finally in exchange for a release. It (the $20,000.00 offer) remains on the table if your client wishes to accept.
>
> If this offer is not being accepted and considered full and final we will continue our handling of this matter per *Brainard v. Trinity Universal Ins. Co.* case law.

[MR 4-5.]

As evidenced by the lawsuit, Jackson rejected AAA's offer of $20,000.00 to fully and finally settle his UIM claim.

Yet now, Jackson contends an oral agreement (since no written agreement exists) was made between AAA and Jackson that AAA would pay him the previously offered and rejected $20,000.00 and then litigate whether Jackson was entitled to recover additional UIM benefits. [MR 9.] This contention by Jackson is meritless, inane, and borders on being patently frivolous.[2] In fact, as demonstrated *supra*, nothing could be further from the truth.

## I.   THE UIM LAWSUIT

In his second amended petition (*i.e.*, the live pleading), Jackson seeks to recover UIM benefits under Texas personal automobile policy number TPA-016443353 issued by AAA to Jackson (the "policy"), breach of contract

---

[2]   "A counteroffer constitutes a rejection, not an acceptance, of the original offer." *Blackstone v. Thalman*, 949 S.W.2d 470, 473 (Tex. App.—Houston [14th Dist.] 1997, no writ).  An offeree's power of acceptance is terminated by the making of a counteroffer, unless the offeror has manifested a contrary intention or unless the counteroffer manifests a contrary intention of the offeree.  *Thurmond v. Wieser*, 699 S.W.2d 680, 682 (Tex. App—Waco 1985, no writ); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 39(2). Once it has been terminated by the making of a counteroffer, an offeree's power to accept the original offer cannot be revived by later accepting the offer.  *See Legal Sec. Life Ins. Co. v. Ward*, 373 S.W.2d 693, 698 (Tex. Civ. App.—Austin 1963, no writ) (holding that the rejection of an offer has the effect of terminating it, and it cannot be revived by later acceptance); *see also Figueroa v. Davis*, 318 S.W.3d 53, 68-69 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (stating that, "[u]nder contract principles, once an offer is rejected, it is terminated, and the rejecting party cannot thereafter accept it"); RESTATEMENT (SECOND) OF CONTRACTS § 36 (1981) (offeree's power of acceptance is terminated by rejection of offer); *Id.* § 35(2) (1981) (a contract cannot be created by acceptance of an offer after the power of acceptance has been terminated).

for not funding his UIM lawsuit by paying him $20,000.00, breach of contract for not capitulating to his demands and pay him the per person $100,000.00 in UIM limits, as well as damages for AAA's alleged bad faith and statutory violations related to the handling of his claim for UIM benefits. [MR 6-14.] In the underlying lawsuit, Jackson's core factual allegations exclusively relate to the purported negligent conduct of Tompkins in causing the accident and Jackson's alleged damages. [MR 7-8.] Specifically, Jackson alleges:

### E. FACTS

7. This lawsuit results from a collision that occurred on June 12, 2013, at approximately 8:58 p.m. in Longview, Gregg County, Texas. [Jackson] was operating his vehicle westbound on Pliler Precise Road in a safe, reasonable and lawful manner, when he stopped in obedience to a traffic control device at the intersection of Judson Road and Pliler Precise Road. After stopping, and in obedience to the traffic control device, [Jackson] proceeded to continue traveling westbound into the intersection of Pliler Precise Road and Judson Road. [Tompkins] was traveling northbound on Judson Road when, with complete disregard for the safety and welfare of other persons or property, she disregarded the traffic control device striking the driver's side of the vehicle being driven by [Jackson] and causing the collision made the basis of this lawsuit.

4

8. When the collision occurred, [Jackson's] vehicle was covered by a policy of automobile insurance in full force and effect, which is the subject of this lawsuit. The policy of automobile insurance was issued by [AAA] and included uninsured/underinsured motorist coverage as defined under the policy and/or by statute.

9. [Jackson] timely and properly notified [AAA] of the motor vehicle collision that is the subject of this suit. [Jackson] has fully complied with all of the conditions of that insurance policy prior to his filing suit against [AAA]. All conditions precedent have been performed or have occurred. Further, [Jackson] has complied with requests for provision of information to [AAA].

10. As a result of the collision caused by [Tompkins], [Jackson] sustained damages that exceed the amount of available and collectible liability insurance coverage issued to [Tompkins] and which covered her negligent actions. [AAA] refused to consider [Jackson's] injuries, medical billing paid or incurred by or on behalf of [Jackson] and failed, and continues to fail, to fully compensate [Jackson] for the injuries caused by [Tompkins], an underinsured motorist, and give [Jackson] the benefit of the bargain of his uninsured/underinsured motorist coverage present in the insurance policy, in violation of Texas law as described herein below. As a result of their acts and/or omissions, and unlawful conduct as described herein below, [AAA] proximately caused [Jackson] injury.

This is the sum total of the facts which form the basis for Jackson's

purported breach of contract and extra-contractual claims against AAA.

Incredibly and despite the established law in Texas, Jackson asserts the following causes of actions, with the relevant basis, in part, quoted:

> **BREACH OF CONTRACT**
>
> [AAA] to date has failed and refused to pay the money due under the policy, despite demand.
>
> Specifically, [AAA] has determined that [Jackson's] [UIM] claim is worth at least $55,000.00, as evidenced by its April 28, 2014, offer to pay $20,000.00 in addition to $5,000.00 previously paid by [AAA] in [PIP] benefits and $30,000.00 previously paid by [Tompkins's] insurer. However, despite [Jackson's] demand for payment of this undisputed portion of his underinsured motorist coverage, [AAA] has refused to tender this amount. This failure and refusal to pay constitutes a breach of contract and demonstrates bad faith.

> **BREACH OF CONTRACT**
>
> Further, [AAA's] failure to properly value and fully pay [Jackson's] damages pursuant to its obligations in the policy at issue likewise constitutes a breach of contract and demonstrate bad faith, notwithstanding the Texas Supreme Court's holding in *Brainard v. Trinity Univ, Ins. Co.*, 216 S.W.3d 809 (Tex. 2006).

➢ **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

Without adequate explanation or justification, [AAA] breached its duty of good faith and fair dealing by denying and/or delaying payment of benefits to [Jackson] in accordance with its insurance agreement with [Jackson] when it was reasonably clear that it should pay said benefits to [Jackson]. Specifically, before the filing of this suit, [AAA] has determined that [Jackson's] [UIM] claim is worth at least $55,000.00, as evidenced by its April 28, 2014, offer to pay $20,000.00 in addition to $5,000.00 previously paid by [AAA] in [PIP] benefits and $30,000.00 previously paid by [Tompkins's] insurer. However, despite [Jackson's] demand for [AAA's] payment of $20,000.00 – the undisputed portion of the underinsured motorist coverage – [AAA] has refused and continues to refuse to tender this amount. Accordingly, [AAA] is in violation of Texas Insurance Code, Chapter 541, *et seq.* Further, [AAA] has engaged in unfair claim settlement practices in violation of Texas Insurance Code §§ 541.060(a)(2)(A), 542.056, 542.057, and 542.058.

➢ **VIOLATIONS OF THE DTPA AND THE TEXAS INSURANCE CODE § 541.060(A)(2)(A)**

Because [AAA] violated Texas Insurance Code § 541.060(a)(2)(A) (failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear), [AAA] is deemed to have violated the

> Texas Deceptive Trade Practices - Consumer
> Protection Act [and the Texas Insurance Code]
> . . .

[MR 8-14.]

Jackson goes on to include the cause of action *du jour* – a declaratory judgment which mirrors his claim for UIM benefits with a claim for attorneys' fees tacked on, and claims for knowing violations, and treble damages. [MR 10-11.]

As is apparent, Jackson intends to offensively use the pre-litigation offer of settlement by AAA as the basis to support his claim for breach of contract, for the supposed breach of the duty of good faith and fair dealing, and for the claimed violation of the DTPA and the Texas Insurance Code. Perhaps even more egregious is that Jackson intends to make the $20,000.00 pre-litigation settlement offer as the centerpiece of his argument to the jury. That is, it is clearly evident that Jackson will contend that the value of his UIM claim, at a minimum, is at least $55,000.00 based on the $20,000.00 settlement offer made by AAA (when combined with the PIP and liability payments). Additionally, Jackson is going to make the settlement offer the focal point by arguing to the jury that it represents (1) an admission by AAA he is entitled to UIM benefits and (2) then to the same jury in the

bifurcated trial portion that AAA acted in bad faith in not paying him the per person limit.

In fact, Jackson, albeit delusional and incorrect, admits as to such in his response to AAA's motion to sever and abate when he describes the basis for his two breach of contract claims:

> There are two breach of contract claims in this suit. The first breach of contract claim arises because this case, unlike those cited by [AAA], involves a carrier who, after an apparent evaluation of coverage and the claim, (1) determined that the insured suffered a covered loss and was entitled to UM/UIM benefits in the sum of $20,000.00 and (2) refused to tender that sum upon [Jackson's] request. It is [AAA's] **failure to tender** that sum, *not* the amount or adequacy of that sum, **that forms the basis for one of [Jackson's] breach of contract claims and the entire basis for his bad faith claims**. *See* [Jackson's] Second Am. Pet., pg. 3—5.
>
> \*          \*          \*

[MR 131.] (emphasis added).

It is impossible for Jackson to satisfy his burden of proof without utilizing, as most likely "Exhibit A," the settlement offer. As discussed further *infra*, this Court has held that a trial court must sever and abate all extra-contractual claims under precisely this situation.

## II. THE MOTION TO SEVER AND ABATE

On January 19, 2015, AAA filed its motion to sever and abate Jackson's extra-contractual claims (which necessarily includes the settlement-breach of contract claim) pending trial on the threshold requirements that Jackson obtain a judicial finding establishing the liability or legal fault of Tompkins in causing the accident, the actual amount of Jackson's damages, and the underinsured status of Tompkins. [MR 66-72.] On the day before the hearing, Jackson filed his response. [MR 128-34.] The trial court held a hearing on the motion to sever and abate on November 6, 2015 and signed an order the same day denying AAA's request to sever and abate the extra-contractual claims. [MR 138.]

At prior hearing on October 1, 2015 the parties presented to the trial court their arguments as to why discovery as to the extra-contractual claims be stayed (by AAA) and why it should not (by Jackson). Yet, the court did not rule until after the severance and abate hearing where the trial court then entered an order retroactively dating back to October 1, 2015 directing AAA to respond to the extra-contractual discovery requests within 45 days – which became ten days from the date of the hearing. [MR 135-37.]

In ordering AAA to respond, the trial court reviewed the following discovery requests which clearly go beyond the scope of the evidence to legally establish (1) whether or to what extent Tompkins was negligent or at fault in causing the accident, (2) the amount Jackson's actual damages solely because of the June 12, 2013 accident, and (3) whether Tompkins is actually underinsured – and which the trial court ordered AAA to answer by November 16, 2015:

> ***Request for Documents:***
>
> 1.    The entire claims file and/or adjuster logs including, but not limited to, photographs, statements, notes, memoranda, tables, computer-generated information and other written documents contained therein, that were generated in connection with the injury to [Jackson] that forms the basis of this lawsuit.
>
> *          *          *
>
> 6.    All correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications regarding the insurance claim(s) or any aspect of said claim(s) that is the subject of this litigation between [AAA] and its (a) adjusters, (b) employees, (c) officers, (d) agents, € representatives, (f) independent adjusters (other than those retained for the purpose of litigation), and/or (g) independent adjusting firms (other than those retained for the purpose of litigation).

7.     All documents regarding every telephone conversation with or regarding [Jackson].

8.     All documents regarding the amount(s) set aside and/or placed in reserve regarding [Jackson's] claim for [UIM] coverage benefits herein.

*          *          *

11.   If already produced herein, a complete copy of every primary, umbrella, and excess insurance policy or agreement, including all declarations page(s), endorsements, amendments, riders, and attachments in effect when the subject collision occurred and providing coverage to [Jackson] for injuries suffered in the subject collision.

*          *          *

13.   All non-waiver agreements, reservation of rights letters, and other documents or communications regarding any contractual obligation owed to you by [Jackson] or condition precedent to recovery with which [Jackson] must comply.

14.   All documents relating to any initial determination, temporary determination, tentative determination, or final determination regarding whether [Jackson's] claim herein is payable or not payable.

*          *          *

18.   All documents, records, reports, notations,

and/or memoranda regarding [Jackson] from persons and/or entities that compile information regarding bodily injury claims, health insurance claims, liability/property/casualty insurance claims, worker's compensation claims, and other insurance claims, including but not limited to the Insurance Services Office ("ISO"), Southwest Index Bureau, and all similar persons or entities.

19. All peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to or compiled from the medical records that [Jackson] has submitted for payment pursuant to the policy at issue herein and/or injuries that [Jackson] claims were caused by the collision made the basis of this lawsuit.

20. All liability work-ups or reports relating to [Jackson's] claim for [UIM] coverage benefits.

21. All documents relating to [AAA's] use, if any, of computer software programs in reviewing, analyzing, and/or evaluating claims of injury in motor vehicle collisions during 2013 and 2014.

22. All documents relating to [AAA's] use, if any, of computer software programs in reviewing, analyzing, and/or evaluating [Jackson's] claims of injury in the motor vehicle collision that forms the basis of this lawsuit.

23. All documents containing [AAA's] policies, procedures, processes, and/or rules used by [AAA] employees to assist in their evaluation of uninsured/underinsured motorist claims.

24.  All documents containing [AAA's] policies, procedures, processes, and/or rules used by [AAA] employees to assist in their evaluation of automobile collision bodily injury claims.

*          *          *

26.  All reports, memoranda, and other documents related to [AAA's] evaluation of any claim for benefits made by [Jackson] other than the claim at issue herein.

27.  All documents relating to every initial determination, temporary determination, tentative determination, or final determination regarding whether any of [Jackson's] claims other than that at issue herein was payable or not payable.

28.  All documents regarding and/or discussing [AAA's] refusal to pay the $20,000.00 that you offered on April 28, 2014.

29.  All documents reflecting, regarding, and/or discussing premium payments made by [Jackson] for the automobile insurance policy in effect when the collision that is the subject of this lawsuit occurred.

30.  All documents necessary to determine the name, address, telephone number, immediate supervisor, and current employer of all of [AAA's] adjusters, employees, agents, and/or representatives that have reviewed [Jackson's] claim file from a claims handling or claims review standpoint.

31.    All documents and/or materials pertaining to any negotiations for settlement or offers of settlement that were compiled or created prior to the time of the filing of this lawsuit.

32.    All documents, reports, or investigations relied upon by [AAA] in denying or delaying payment of any benefits to [Jackson] related to the claim that is the subject of this lawsuit.

33.    All documents regarding any contract that [AAA has] with any independent adjuster who performed any service on your behalf related to [Jackson] claim herein.

34.    All documents described or utilized in responding to [Jackson's] Interrogatories, Requests for Production, and Requests for Admission.

*          *          *

*Interrogatories:*

3.    To the extent not already produced herein, describe each separate file containing records, documents, and/or information relating to [Jackson] and/or [Jackson's] claims, including in [AAA's] description for each file, the file's name, the file number, its descriptive title assigned to it in the ordinary course of your business, each custodian of the file, the file's contents, and its current location.

*          *          *

5.    Identify by name, employer (if different from [AAA], business address, job title, and telephone

15

number of each individual who will be [AAA's] in-court representative.

6.	Identify by name, employer (if different from [AAA], business address, job title, and telephone number and role of each of [AAA's] employees, agents, representatives, adjusters, independent adjusters, independent adjusting firms, consultants, and any entity or individual acting under any oral or written agreement, who performed any claims work, participated in the evaluation of [Jackson's] claim, and/or claims services of any type or nature with respect to the insurance claims involved in this litigation.

7.	Identify every medical doctor, physician, osteopath, physician's assistant, and/or nurse who has reviewed medical records of [Jackson] in connection with the claim for [UIM] benefits that are the subject of this lawsuit.

8.	Identify each of your employees who played any role in evaluating [Jackson's] claim, authorized any proposed payment to be made to [Jackson], and/or made decisions regarding any adjuster's authority to pay or deny [Jackson's] claim relating to [the UIM] coverage purchased by [Jackson].

9.	If [AAA has] information that has not already been produced herein regarding any other claims for personal injury of any type that were made or may have been made by [Jackson] or by [Tompkins] since the collision made the basis of this suit, please state all information you have regarding each such claim, specifically including but not limited to:

a.	The date of the claim;

b. The type of the claim;

c. The name of the person making the claim;

d. The other parties involved in the claim;

e. The injuries claimed in the incident made the basis of this claim

f. The identity of all medical providers involved in treating any injury claimed in the incident made the basis of the claim

g. Each insurer and claim number assigned to the claim; and

h. The disposition of the claim.

\*        \*        \*

11. Pursuant to Texas Rules of Civil Procedure 194.2(d) and 192.3(a), if [AAA] contends that [AAA is] entitled to a credit or offset against judgment, state for each such credit/offset:

a. The dollar amount;

b. Each category(ies) of damages to which [AAA] claims the credit/offset applies; and

c. How [AAA] arrived at and/or calculated the dollar amount of the credit/offset.

\*        \*        \*

14. If not already contained in documents produced herein, state all procedures followed and each criteria utilized by [AAA] in its investigation and evaluation of [Jackson's] claim.

15. List, identify, and describe all documents not already produced herein that support [AAA's] contention, if any, that:

a. [Jackson] failed to meet or perform

17

condition(s) precedent to his bringing this lawsuit;

b.    [Jackson] failed to comply with a te1m or condition of the insurance agreement that is the subject of this lawsuit; and/or

c.    [Jackson's] claim is excluded from [UIM] coverage pursuant to a term or condition of the insurance agreement that is the subject of this lawsuit.

16. State every reason for your denial of [Jackson's] [UIM] claim in excess of your April 28, 2014, offer to pay $20,000.00 (in addition to $5,000.00 in previously paid personal injury protection benefits and $30,000.00 previously paid by [Tompkins'] insurance carrier).

17. If [AAA] used any computer software program to assist in the evaluation of [Jackson's] claim for [UIM] benefits arising from bodily injury, state for each program:

a.    The name of the program used;

b.    The specific data utilized by the program in evaluating [Jackson's] claims;

c.    All data fields that the program deems relevant to evaluating injury claims

d.    The identity of each person who input data regarding [Jackson] into the program;

e.    The means by which the results of the program's analysis are presented to the program user and/or claims adjuster(s);

f.    The identity of each person who received results regarding [Jackson's] claim; and

g.    The methods by which results of the program's analysis are distributed to each end user of the information other than the

program user and claims adjuster(s).

18.    List all manuals, instructions, directions, and materials providing guidance regarding the use of each computer software program identified in the foregoing interrogatory.

19.    State every reason for [AAA's] refusal to pay the $20,000.00 that [AAA] offered (in addition to $5,000.00 in previously paid personal injury protection benefits and $30,000.00 previously paid by [Tompkins'] insurance carrier) through Fredrick M. Armour, your Claims Service Representative, on April 28, 2014.

20.    lf [AAA] contends that [Jackson] is obligated to provide you with a release in exchange for the payment of benefits afforded by the [UIM] coverage contained in the policy at issue herein, identify all policy provisions and other documents on which [AAA] base such contention.

\*            \*            \*

***Request For Admissions:***

14.    [Admit or Deny that] [b]ased upon [AAA's] investigation(s) and/or evaluation(s) of [Jackson's] [UIM] claim, [AAA has] determined that [Jackson] has sustained damage in excess of the sum of (1) [Jackson's] $5,000.00 personal injury protection coverage, and (2) [Tompkins'] $30,000.00 limit of liability insurance.

\*            \*            \*

17.    [Admit or Deny that] [AAA has] failed to pay

any portion of the $20,000.00 that you offered [Jackson] on April 28, 2014.

18. [Admit or Deny that] [Jackson] has complied with all conditions precedent to recovering from the [UIM] coverage contained in [AAA's] policy number TPA-016443353

[MR 17-65.]

Relevant to this petition for writ of mandamus is that the trial court itself deemed request for production of document numbers 1, 6, 8, 14, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32, 33; and 34, interrogatories 3, 6, 8, 14, 16, 17, 18, and 19, and request for admission number 17 as "related to [Jackson's] extra-contractual claims." [MR 135-37.] In the response to Jackson's motion to compel, AAA pointed out specific instances and the reason why the answering of the above discovery requests were prejudicial, went beyond the scope of the trial where Jackson would be required to legally establish the liability of fault of Tompkins, Jackson's actual damages, and that Tompkins is in fact underinsured, as well as how such requests were inappropriate until such time as Jackson demonstrates he is legally entitled to recover UIM benefits. However, the trial court denied the request to sever and abate, ordered AAA to answer all of the above discovery requests, and indicated the trial court would bifurcate the

trial of Jackson's extra-contractual claims.  [MR 135-37; 138.]

Due to the relatively short time period to respond to the discovery requests (10 days from the date of the hearing), AAA filed this original proceeding requesting this Court stay the trial court's order compelling AAA to answer the discovery requests, and to instruct the trial court to both sever and abate Jackson's extra-contractual claims.

## ARGUMENT & AUTHORITIES

### I. STANDARD OF REVIEW

Mandamus will issue to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004, orig. proceeding).  A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion.  *In re United Fire, supra*, 327 S.W.3d at 253.  Mandamus relief is justified when parties stand to lose substantial rights.  *Id.*  Mandamus relief is also appropriate to "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings."  *In re Prudential, supra*, 148 S.W.3d at 136.

## II. MANDAMUS RELIEF IS WARRANTED IN THIS CASE

Mandamus relief is warranted in this case because the record establishes (a) the trial court abused its discretion when it refused to abate discovery on Jackson's extra-contractual claims until the preliminary issues of tort liability and damage is resolved, and (b) AAA has no clear and adequate remedy at law. *See Id.* at 135–36.

> A. *The Trial Court Abused Its Discretion in Refusing To Sever and Abate Jackson's Extra-Contractual Claims and When It Failed To Abate Discovery on Jackson's Extra-Contractual Claims Because These Claims Are Not Ripe, Have Not Accrued, and Will Likely Be Rendered Moot, Unless and Until Jackson Has Obtained a Final Adjudication of Tompkins' Liability, Jackson's Actual Damages, and the Underinsured Status of Tompkins for which AAA Owes UIM Benefits, But Then Refuses to Pay.*
>
> > 1. Because Jackson has not satisfied the conditions precedent to assert a valid UIM claims and has not obtained a final judgment establishing the liability or fault of Tompkins in causing the accident with Jackson, the amount of his actual damages, and a determination whether Tompkins is underinsured, AAA has no contractual duty to pay UIM benefits.

UIM claims and extra-contractual claims are by their very nature independent, and Texas courts have recognized them as "separate and distinct causes of action which might each constitute a complete lawsuit within itself." *See United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 672

(Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). In the context of UIM claims, "the insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (citing *Henson v. State Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653-54 (Tex. 2000)).

In *Brainard*, the Texas Supreme Court explained the unique nature of a UIM case as follows:

> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*Brainard*, 216 S.W.3d at 818

As a result, Jackson must succeed in establishing he is legally entitled to recover UIM benefits under the policy, and then demonstrate AAA refused to subsequently pay him those UIM benefits, before any extra-contractual claims could ever accrue or become ripe for determination. To succeed on his UIM claim, Jackson must first establish that UIM coverage

23

for his injuries existed at the time of the accident. *See Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) ("the insured has the burden of establishing coverage under the terms of the policy."); *In re Allstate County Mut. Ins. Co.*, 447 S.W.3d 497 (Tex. App.–Houston [1st Dist.] 2014, no pet.) (in order "[t]o prevail on these [extra-contractual] claims, the [plaintiffs] must first establish that Allstate is liable under the insurance contract").

To meet his initial burden, Jackson must first satisfy the conditions precedent to recover on a UIM claim, which requires Jackson obtain a judicial finding establishing the liability or legal fault of Tompkins in causing the accident, the actual amount of Jackson's damages, and the underinsured status of Tompkins. *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.–Houston [1st Dist.] 2014, no pet.). "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id.* Accordingly, unless and until Jackson obtains a final judgment establishing Tompkins' liability, Jackson's actual damages because of the June 12, 2013 accident, that Tompkins is actually underinsured – that is, his actual damages exceed the total limit of liability available to Tompkins – as well as that his actual damages exceed the

24

$5,000.00 in PIP benefits and $30,000.00 in liability limits previously paid to him, AAA has no contractual or legal obligation to pay UIM benefits to Jackson.

> 2. Allowing discovery on Jackson's extra-contractual claims before a determination on Jackson's UIM claim is an abuse of discretion.

Absent proof of an actual breach of contract, AAA should not be required to provide discovery related to Jackson's extra-contractual claims because it is wholly irrelevant, overly broad, and prejudicial. *See In Progressive*, *supra*, 439 S.W.3d at 427 (severance and abatement of extra-contractual claims was necessary to avoid prejudice because discovery relating to extra-contractual claims is irrelevant to claim for UM benefits and beyond the underlying tort claim – *i.e.*, far broader than car accident claim that must first be resolved).

Again, in order to even *potentially have* – let alone actually prevail on - - his extra-contractual claims, Jackson must first demonstrate AAA is contractually obligated to pay his UIM claim. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (bad faith claims are generally negated by a lack of coverage). Thus, AAA cannot be liable on any extra-contractual claim or even for breach of contract until Jackson

establishes that AAA has failed or refused to pay his UIM claim subsequent to Jackson obtaining and presenting to AAA a final adjudication establishing (1) Tompkins' liability, (2) Jackson's actual damages because of the June 12, 2013 accident, and (3) that Tompkins is actually underinsured. Prior to this occurring, all the time, effort, money, and judicial resources spent conducting discovery on those claims will have been for naught.

> If there is no contractual duty to pay, [the insurer] cannot be in "bad faith," under common law or statute, for not paying. [The insurer] cannot be guilty of not performing a proper investigation of his UIM claim because it is the trial of the UIM claim, at which it will be determined who was at fault and the amount of damages, that constitutes the investigation.

*Weir v. Twin City Fire Ins. Co.*, 622 F. Supp. 2d 483, 486 (S.D. Tex. 2009).

It is for this reason that several courts of appeals, including opinions from this Court, require the severance and abatement of extra-contractual claims (thereby precluding discovery on such claims), in the UIM context when a settlement offer has been made, such as the matter *sub judice*. For instance, in *Texas Farm Bureau Underwriters v. Skeen*, 374 S.W.3d 651 (Tex. App.—Tyler 2012, no pet.), this Court, although not a UIM case, under very

26

similar facts held that "all of the facts and circumstances of the case unquestionably require a [severance] to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby . . . " *Skeen,* 374 S.W.3d at 657 (internal citations omitted).

In *Skeen*, Terry Graham ("Graham") shot and killed Hiram Joshua Chambers ("Hiram"). *Id.* at 654. Amanda Chambers, Hiram's ex-wife, sued Graham as next friend of Hiram's two children. *Id.* Graham requested a defense from Farm Bureau, but Farm Bureau denied Graham's request. *Id.*

Graham paid his attorneys approximately $130,000 to defend him against Chambers' suit and after its conclusion, brought a breach of contract claim against Farm Bureau seeking reimbursement of the money he paid to his attorneys, and asserting extra-contractual claims for breach of Farm Bureau's common law and statutory duty of good faith and fair dealing. *Id.* After dealing with competing motions for summary judgment, the trial court turned to Farm Bureau's motion to sever and abate. *Id.* Just as here, Farm Bureau contended that, as it had made an offer of settlement $15,000.00) to Graham, without a severance, it would be prejudiced by

evidence of that settlement offer being presented during the breach of contract portion of the trial. *Id.*

Farm Bureau also contended that the extra-contractual claims should be abated until final resolution of Graham's contractual claim because information which would be privileged from discovery on the contractual claim is not privileged and would be subject to discovery on the extra-contractual claims. *Id.* Graham responded that the extra-contractual claims need not be severed because the trial court had granted Graham's motion for partial summary judgment on his contractual claim, meaning that the only remaining issue was the amount of damages to be awarded by the jury on his breach of contract claim. *Id.* Alternatively, Graham argued that bifurcating the trial would prevent the settlement offer from be admitted during the breach of contract phase of the trial. *Id.* at 654-55. The trial court denied Farm Bureau's motion. *Id.* Farm Bureau filed a petition for writ of mandamus and a motion for emergency relief. *Id.* at 655.

After discussing the availability of a mandamus under the circumstances, this Court looked to whether the trial court abused its discretion when it refused to sever Graham's extra-contractual claims, finding that:

28

there is no room for the exercise of discretion "[w]hen all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby. . . ." Under these circumstances, the refusal to order a severance constitutes a violation of a plain legal duty, even though it is often termed a clear abuse of discretion.

*Id.* at 656 (internal citations omitted).

Moreover, this Court noted that it has on previous occasions held that where an insurer has made an offer to settle, the extra-contractual claims must be severed from the contractual claims. *Id.* at 657. Keeping this proposition in mind, this Court held that as Farm Bureau had made an offer to settle, it would be unfairly prejudiced by the admission of its settlement offer in the trial of the breach of contract claim. *Id.* Further, this Court went on to hold that the extra-contractual claims must also be abated because:

> in conducting discovery on the extra-contractual claims in this case, Graham would seek information regarding Farm Bureau's handling of the underlying claim made the basis of the breach of contract. This information is relevant and discoverable on the extra-contractual claims, but is privileged and protected from discovery when focusing only on the breach of contract claim. Thus,

29

under the facts presented here, we hold that Farm Bureau has also shown that the trial court abused its discretion in denying its motion to abate.

*Id.* at 658 (internal citations omitted).

Similarly, this Court in *In re Allstate Ins. Co.*, 232 S.W.3d 340 (Tex. App.—Tyler 2007, orig. proceeding), held that severance and abatement was necessary where an insurer made an offer to settle. Relevant to this matter, the Court likewise held that abatement of the extra-contractual claims was required, explaining that:

> as in most cases involving severance of contractual and extra-contractual claims, if the extra-contractual claims are not abated, both parties will incur unnecessary discovery expenses if the Nerrens's breach of contract claim is decided in Allstate's favor. We have previously held that these factors, standing alone, do not necessarily require abatement. But two additional factors are present here. First, Allstate argues that abatement is necessary to prevent the premature disclosure of privileged information. Specifically, Allstate contends that in conducting discovery on the extra-contractual claims, the Nerrens will seek information regarding Allstate's handling of claims that is relevant and discoverable on the extra-contractual claims, but is privileged and protected from discovery when focusing only on the breach of contract claim.

*In re Allstate Ins. Co.*, 232 S.W.3d at 344 (internal citations omitted).

Just as in Skeen and In re Allstate, supra, AAA made an offer of settlement on a disputed contract claim to Jackson. [MR 1; 4-5.] Furthermore, Jackson has made it abundantly clear that he intends to make the offer of settlement by AAA the focal point and key piece of evidence for purposes of proving up his breach of contract claim as described in his response to AAA's motion to sever and abate [MR 131], and to prove up his purported extra-contractual claims [*Id.*]. It is also true the concerns which led this Court to require the trial court to sever and abate the extra-contractual claims in the cases discussed above are present here – that is, severance and abatement is necessary as Jackson seeks to discover information regarding AAA's handling of claims which may be relevant and discoverable on the extra-contractual claims, but is privileged and protected from discovery as to the portion of the trial focusing on Jackson establishing he is legally entitled to recover UIM benefits. [MR 17-65.] Lastly, bifurcation will not prevent Jackson from attempting to offensively use the settlement offer during the trial on his claimed breach of contract cause of action and which is where he must demonstrate all conditions precedent to asserting a valid UIM claim have been legally established. There is simply no way to avoid prejudicing AAA's rights in the absence of

a severance and abatement of the extra-contractual claims and his claim for breach of contract based on the settlement offer.

It is also true that the Texas Supreme Court in *Akin* noted that under Texas jurisprudence a trial court should typically sever and abate extra-contractual claims in the UIM context when a settlement offer on the disputed UIM claim has been made by the insurer. *Akin, supra,* 927 S.W.2d at 628; *see also In re Miller*, 202 S.W.3d 922, 925-26 (Tex. App.–Tyler 2006, orig. proceeding); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.–Amarillo 2001, orig. proceeding).

Under virtually identical circumstances, the El Paso Court of Appeals, citing *Akin,* described the state of Texas jurisprudence as requiring severance and abatement when an insurer has extended an offer to settle a claim under a contract:

> A trial court abuses its discretion if it fails to order a severance "[w]hen all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion." Prejudice is not presumed simply because contract claims and extra-contractual claims are joined in the same action; accordingly, severance is not always mandatory.

32

> However, when an insurer moves to sever an insured's extra-contractual claims from a contract claim following its offer to settle the insured's entire contract claim, the trial court must sever the insured's extra-contractual claims from the contract claim because evidence of a settlement offer creates prejudice.

*In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 234 (Tex. App.—El Paso 2012, orig. proceeding) (internal citations omitted).

The court of appeals explained the reason severance and abatement is required this way:

> Absent severance, an insurer is presented with a "Catch-22" in that its decision to admit or exclude evidence of a settlement offer jeopardizes the successful defense of the other claim. For instance, in defending against a contract claim, the insurer will insist on exercising its right to exclude evidence of a settlement offer to negate liability. *See Akin*, 927 S.W.2d at 630; *see also* TEX. R. EVID. 408. Conversely, in defending against extra-contractual claims, an insurer will insist on exercising its right to admit evidence of a settlement offer to negate liability. *Akin*, 927 S.W.2d at 630. Thus, by having to defend against these two types of claims simultaneously and before the same jury absent severance, an insurer is prejudiced to such an extent that a fair trial is unlikely. *Akin*, 927 S.W.2d at 630. Under such a scenario, the trial court has no choice but to sever in order to protect the fairness of the proceedings and the interests of the parties. *See State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex.App.--Houston [14th Dist.] 1992, orig.

proceeding).

*Id.* at 234.

A recent opinion from the Houston Court of Appeals specifically addressed the prejudice involved in allowing discovery on extra-contractual claims to continue prior to a determination on an UM claim. *See In re Progressive, supra*, 439 S.W.3d 422. There, an insured filed suit for UM benefits, as well as seeking damages for bad faith and statutory violations related to the failure to pay those benefits. *Id.* The insured served the carrier with a number of discovery requests, including all documents related to lawsuits and claims against the carrier regarding the denial of UM claims for over ten years. *Id.* at 427.

In response to the insurer's motion to sever the UM claim from the extra-contractual claims, the trial court judge signed an order allowing discovery to move forward on all claims, and deferring the other issues covered by the motion until the pretrial hearing. *Id.* at 424. The court of appeals concluded severance and abatement of the extra-contractual claims was required in order to avoid prejudice to the insurer. *Id.* at 427. (citing *Womack v. Berry*, 291 S.W.2d 677, 682–83 (Tex. 1956)). The *Progressive* court went on to state:

The trial court's abatement of any decision on severance until the eve of trial *requires the parties to engage in discovery on the extra-contractual claims* and prepare for a trial on these claims, *even though extra-contractual liability could only accrue if Progressive is found liable on the contract*. Accordingly, the trial court's decision to postpone severance, unless writ is granted, will require Progressive to expend resources answering discovery that is far broader than the car accident claim that must be resolved.

*Id.* at 427 (emphasis added).

Similarly, the trial court's order – made the subject of this mandamus – denying the severance and abatement, ordering bifurcation, and compelling AAA to respond to Jackson's extra-contractual claims subjects AAA to irrelevant, overly broad, and prejudicial discovery.

Other recent opinions confirm the trial court's refusal to sever and abate the extra-contractual claims and to abate the discovery on Jackson's extra-contractual claims is an abuse of discretion. In *In re United Fire Lloyds*, the insured filed suit for UIM benefits under his employer's insurance policy, as well as damages for bad faith and statutory violations related to the denial of those benefits. *United Fire, supra,* 327 S.W.3d a 252. After the insurer moved to sever and abate the extra-contractual and bad faith claims, the insured filed a motion to bifurcate these claims as an alternative

35

to severance and abatement, arguing "a severance would be judicially wasteful" and would prejudice the insured. *Id.* at 253. In reviewing the trial court's decision to bifurcate (and deny severance and abatement) the San Antonio Court of Appeals discussed the unique nature of a UIM claim in that a UIM insurer "has no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Id.* at 255.

"As a result," the court continued, "a determination of [the insured's] UIM claim may negate his bad faith claims." *Id.* at 256. Thus, the court held, the trial court had abused its discretion when it refused to sever and abate the insured's extra-contractual claims because an insurer should not be required to prepare to litigate claims that could be rendered moot by a determination on the UIM claim:

> [W]e are constrained by the clear holding in *Brainard*, and hold that [the insurer] is under no contractual duty to pay UIM benefits until [the insured] establishes the liability and underinsured status of the other motorist. Therefore, [the insurer] should not be required to put forth the effort and expense of conducting discovery, preparing for trial, and conducting *voir dire* on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. ***To require such would not do justice, avoid prejudice, and further***

> *convenience*. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims.

*Id.* (internal citations omitted) (emphasis added).

It appears no Texas intermediate court has held severance and abatement is *not* necessary where the insurer has made an offer to settle. In fact, every court of appeals to address the issue has held that when the insurer has made an offer to settle, a severance and abatement of the underlying tort aspect of the claim is required to avoid undue prejudice to the insurer in its defense of the underlying dispute. *Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752-53 (Tex. App.–Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46-47 (Tex. App.–Houston [14th Dist.] 1993, orig. proceeding); *F. A. Richard & Assocs. v. Millard*, 856 S.W.2d 765, 767 (Tex. App.–Houston [1st Dist.] 1993, orig. proceeding); *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.–Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.–Houston [14th Dist.] 1992, orig. proceeding). The rationale of these cases is that, ordinarily, offers of settlement as to a disputed claim for coverage are

inadmissible. *Akin, supra*, 927 S.W.2d at 629.

As in *Akin, Allstate, State Farm, Progressive, United Fire*, and the other cases cited *supra*, the trial court's order denying AAA's request to sever and abate the extra-contractual claims and to abate discovery as to same is an abuse of discretion because it does "not do justice, avoid prejudice, or further convenience." *In re Allstate, supra*, 447 S.W.3d at 502. Here, AAA offered Jackson $20,000.00 in exchange for the settlement and release of a disputed contract claim (*i.e.*, Jackson's request for UIM benefits), which was not accepted, and which Jackson asserts the failure of AAA to pay same – even though it will not resolve the UIM lawsuit – constitutes a breach of contract and bad faith on the part of AAA. [MR 1; 4-5; 8-10.] It is difficult to imagine an even more objectionable and prejudicial situation to an insurer than the one presently before this Court, which clearly mandates both the severance and abatement of Jackson's extra-contractual claims. Thus, consistent with *Brainard* and its progeny, unless and until Jackson obtains a judgment establishing the conditions precedent to assert a valid UIM claim (that is, a judicial finding as to Tompkins' liability, Jackson's actual damages, and that Tompkins is actually underinsured), AAA has no contractual obligation to pay UIM benefits.

Without an existing contractual obligation to pay, AAA should not be required to put forth the effort and expense of conducting discovery on Jackson's extra-contractual claims because these claims have not yet accrued and would be rendered moot by Jackson's failure to prevail as to his liability and damages claims against Tompkins and only then after a subsequent refusal to pay by AAA the judicially established UIM claim (in the event Jackson obtains a final adjudication demonstrating he is legally entitled to recover).

Allowing Jackson to conduct discovery on his extra-contractual claims will require AAA "to expend resources answering discovery that is far broader than the car accident claim that must be resolved." *In re Progressive, supra*, 439 S.W.3d at 427. Thus, the trial court's refusal to sever and abate the extra-contractual claims and to abate discovery on these claims was an abuse of discretion warranting mandamus relief. *See In re Allstate, supra*, 2003 Tex. App. LEXIS 9245 *2; *In Allstate , supra*, 447 S.W.3d at 502; *In re Prudential, supra*, 148 S.W.3d at 135–36.

B. *AAA Has No Clear and Adequate Remedy By Appeal Because It Will Lose Substantial Rights By Being Required To Conduct Discovery on Claims Which Have Not Accrued and May Be Rendered Moot.*

Once AAA is required to respond to the discovery propounded by Jackson and which go only to his settlement-breach of contract and extra-contractual claims, AAA will be irreparably harmed. Moreover, as Texas jurisprudence has consistently held, AAA has a substantial right not to be required to put forth the expense of conducting discovery on extra-contractual claims which have not accrue, are not ripe, and could be rendered entirely moot, unless and until Jackson first conclusively prevails on her UIM claim *and* only then after AAA fails to pay those benefits. *See, e.g., In re Progressive, supra.*, 439 S.W.3d at 428 (citing *In re United Fire Lloyds*, 327 S.W.3d at 256). If discovery on Jackson's extra-contractual claims is permitted to advance, AAA will be required to conduct discovery "on claims that may have not yet accrued and that could be rendered moot by . . . the trial relating to . . . underinsured motorist benefits." *In re Allstate, supra*, 447 S.W.3d at 503 (citing *In re Progressive*, 439 S.W.3d at 427–28); *see also In re American Nat'l County Mut. Ins. Co.*, 384 S.W.3d 429, 439 (Tex. App.–Austin 2012, orig. proceeding) (holding that insurer did not have adequate remedy by appeal where it would "lose substantial rights . . . by

being required to prepare and try claims that may be rendered moot"). Accordingly, AAA has no adequate remedy by appeal, and mandamus relief is warranted. *Id.*

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator AAA Texas County Mutual Insurance Company respectfully prays that this Court direct the trial court to withdraw its November 6, 2015 order and instruct the trial court to sever and abate the extra-contractual claims and to abate discovery on Jackson's severed settlement-breach of contract, extra-contractual, and bad faith claims until there has been a full and final resolution of Jackson's UIM claim, and to vacate the November 6, 2015 order compelling AAA to respond to the discovery requests associated with or which only pertain to Jackson's extra-contractual claims. AAA also prays and for such other and further relief to which AAA may be entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**


BY:    */s/ Gregory R. Ave*
       GREGORY R. AVE
       Texas Bar No.: 01448900
       greg.ave@wbclawfirm.com
       JAY R. HARRIS
       Texas Bar No.: 00793907
       Meadow Park Tower, Suite 1500
       10440 North Central Expressway
       Dallas, Texas 75231
       Telephone: 214-347-8310
       Facsimile: 214-347-8311

       ATTORNEYS FOR RELATOR AAA TEXAS
       COUNTY MUTUAL INSURANCE
       COMPANY

42

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this petition complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(B). Exclusive of the exempt portions identified by Texas Rule of Appellate Procedure 9.4(i)(1), this petition contains 8,664 words, including footnotes, headings, and quotations. In providing this word-count, the undersigned is relying on the word count generated by the computer program used to prepare the brief.

This brief has been prepared in proportionally spaced type, 14-point text, and in Book Antiqua font, using the computer program known as Microsoft Word (2010 version).

Acknowledged: November 16, 2015

/s/ Gregory R. Ave
GREGORY R. AVE

## CERTIFICATE OF SERVICE

This is to certify that on this the 16th day of November, 2015 a true and correct copy of the above document has been forwarded to all counsel of record in compliance with the Texas Rules of Civil Procedure.

The Honorable Judge David Brabham      **<u>Via hand delivery</u>**
Judge of the 188th Judicial District Court of Gregg County
Gregg County Courthouse
101 East Methvin, Suite 408
Longview, Texas 75601

Justin A. Smith      **<u>Via E-Serve</u>**
Glenn A. Perry
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

ATTORNEYS FOR REAL PARTY
IN INTEREST THOMAS JACKSON

*/s/ Gregory R. Ave*
Gregory R. Ave

# APPENDIX

Item                                          Tab

Order Denying AAA's Motion to Sever and Abate ..........................................A

Order Compelling AAA to Respond to Jackson's Extra-Contractual Discovery Requests ..................................................................................... B

Defendant's Objections and Responses to Plaintiff's First Request for Production; Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories; and Defendant's Objections and Responses to Plaintiff's First Request for Admissions ............................................................C

# Tab A

FILED
GREGG COUNTY, TEXAS

NOV 06 2015

11:16 O'CLOCK A M
BARBARA DUNCAN, DISTRICT CLERK
BY DEPUTY

CAUSE NO. 2014-1365-A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188TH JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANT AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY'S MOTION FOR SEVERANCE AND PLEA IN ABATEMENT

On the _6th_ day of _Nov._, 2015, came to be heard Defendant AAA Texas County Mutual Insurance Company's Motion for Severance and Plea in Abatement to Plaintiff's extra-contractual claims and causes of action. The court, after reviewing the arguments of counsel and reviewing the documents on file, is of the opinion that said motion should be DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Defendant's Motion for Severance and Plea in Abatement is DENIED its entirety, and the Plaintiff's extra-contractual claims will not be severed from the underlying contract claim and the extra-contractual claims are not abated. The Court orders that trial shall be bifurcated as to Plaintiff's extra contractual claims.

SIGNED this _6th_ day of _Nov._, 2015.

_____
**JUDGE PRESIDING**

# Tab B

FILED
GREGG COUNTY, TEXAS

NOV 06 2015

11:20 O'CLOCK A M
BARBARA DUNCAN DISTRICT CLERK
BY_____ DEPUTY

CAUSE NO. 2014 – 1365 – A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | OF GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188th JUDICIAL DISTRICT |

## AGREED ORDER ON PLAINTIFF'S MOTION TO COMPEL

After considering Plaintiff, Thomas Jackson's Motion to Compel, the response, any evidence submitted therewith, and arguments of counsel, the Court finds the Motion to be well taken and therefore GRANTS Plaintiff's Motion to Compel.

It is therefore, ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Compel is GRANTED and that all objections asserted by Defendant in its responses to Plaintiff's First Requests for Admission, First Set of Interrogatories, and First Requests for Production are hereby OVERRULED.

The Court further FINDS that the following requests are related to the incident underlying the suit, Plaintiff's claims for breach of contract and/or Plaintiff's claims for declaratory judgment: Plaintiff's Request for Admission No. 18; Plaintiff's Interrogatories Nos. 1, 2, 4, 5, 7, 9, 10, 11, 12, 13, 15, and 20; Plaintiff's Requests for Production Nos. 2, 3, 4, 5, 7, 9, 10, 11, 12, 13, 15, 16, 17, 18, 25, and 29; and Plaintiff's Request for Production No. 34, to the extent it pertains to these immediately aforementioned discovery requests. It is, therefore,

Page 1

ORDERED that Defendant shall fully respond to these requests and interrogatories and produce all responsive information and documents within fourteen (14) days of October 1, 2015. It is further ORDERED that should any information or material be withheld on the basis of privilege from Defendant's responses to this discovery, Defendant shall produce a privilege log identifying the information withheld, the specific privilege(s) asserted, information sufficient for the Court and Plaintiff to assess the applicable of those privileges, and any and all other information required by Texas Rule of Civil Procedure 193.3 within fourteen (14) days of October 1, 2015.

The Court further FINDS that that the following requests are related to Plaintiff's extra-contractual claims: Plaintiff's Request for Admission No. 17; Plaintiff's Interrogatories Nos. 3, 6, 8, 14, 16, 17, 18, and 19; Plaintiff's Requests for Production Nos. 1, 6, 8, 14, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32, and 33; and Plaintiff's Request for Production No. 34, to the extent it pertains to these immediately aforementioned discovery requests. It is, therefore, ORDERED that Defendant shall fully respond to these requests and interrogatories and produce all responsive information and documents within forty-five (45) days of October 1, 2015. It is further ORDERED that should any information or material be withheld on the basis of privilege from Defendant's responses to this discovery, Defendant shall produce a privilege log identifying the information withheld, the specific privilege(s) asserted, information sufficient for the Court and Plaintiff to assess the applicable of those privileges, and any and all other information required by Texas Rule of Civil Procedure 193.3 within forty-five (45) days of October 1, 2015.

SIGNED on _Nov. 6_____, 2015.

_Dwight Mukel_
JUDGE PRESIDING

# Tab C

CAUSE NO. 201-1365-A

| | | |
|---|---|---|
| THOMAS JACKSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | 188th JUDICIAL DISTRICT |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

## DEFENDANT'S OBJECTIONS and RESPONSES TO PLAINTIFF THOMAS JACKSON'S FIRST REQUEST FOR PRODUCTION

TO:   **Thomas Jackson**, Plaintiff, by and through his attorneys of record, M. Raymond Hatcher and Alan J. Robertson, Sloan, Bagley, Hatcher & Perry Law Firm, 101 East Whaley Street, Longview, Texas 75601.

COMES NOW AAA Texas County Mutual Insurance Company, Defendants in the above numbered and styled cause, and serves its Objections and Responses to the Plaintiff's First Request for Production, in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway,
Dallas, TX 75231
Tel: 214-749-4805
Fax: 214-760-1670
carlos.balido@wbclawfirm.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed, faxed, or hand delivered to all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on December 23, 2014.

*Via First Class U.S. Mail*
M. Raymond Hatcher
Alan J. Robertson
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601


_____
CARLOS A. BALIDO

The Defendant objects generally to the Definitions and Instructions set forth at the beginning of this written discovery request for the reason that they are overly broad, unduly burdensome, and harassing. Further, the Defendant objects to these Definitions and Instructions for the reason that there is no provision in the Texas Rules of Civil Procedure requiring a party to abide by such definitions and instructions. The Defendant also objects to the Definitions and Instructions to the extent that they seek to impose a greater burden and obligation on the Defendant than is permissible under the Texas Rules of Civil Procedure.

Without waiving or limiting the foregoing general objection, the Defendant specifically objects to Plaintiff's discovery as follows:

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1.  The entire claims file and/or adjuster logs including, but not limited to, photographs, statements, notes, memoranda, tables, computer-generated information and other written documents contained therein, that were generated in connection with the injury to the Plaintiff that forms the basis of this lawsuit.

### RESPONSE:

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery. *See Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989).

The Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, Defendant refers Plaintiff to photographs produced as Exhibit 1.

Without waiving said objections, Defendant refers Plaintiff to Police Report, produced as Exhibit 2.

2. All written documentation of any investigation or reconstruction of the collision (other than those conducted by governmental/law enforcement entities or retained experts) from which this lawsuit arises.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

Defendant objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

3. All photographs, motion pictures, video recordings, maps, drawings, charts, diagrams, measurements, surveys, or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the collision at issue, or the area, persons, or objects involved either made at the time of or since the collision at issue.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

4. All surveillance movies, photographs, videotapes, electronic or digital images, or other images of Thomas Jackson or of the collision or scene of the collision in Defendant's or Defendant's agents' or attorneys' possession.

RESPONSE:

The Defendant refers Plaintiff to attached police report.

5.    All incident reports (other than those created by governmental/law enforcement entities or retained experts) and/or witness statements relating to or discussing the collision made the basis of this lawsuit and/or the injuries that Plaintiff claims resulted from said collision.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

6.    All correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications regarding the insurance claim(s) or any aspect of said claim(s) that is the subject of this litigation between Defendant and its (a) adjusters, (b) employees, (c) officers, (d) agents, € representatives, (f) independent adjusters (other than those retained for the purpose of litigation), and/or (g) independent adjusting firms (other than those retained for the purpose of litigation).

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

7. All documents regarding every telephone conversation with or regarding Plaintiff.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex.

2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

8. All documents regarding the amount(s) set aside and/or placed in reserve regarding Plaintiff's claim for uninsured/underinsured motorist coverage benefits herein.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

9. All **non-privileged** investigative reports regarding the collision made the basis of this lawsuit including documents, memoranda, photographs, video recordings, movies, statements, reports, drawings, communications, and tangible things attached to such reports or referred to therein.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, the Defendant refers Plaintiff to documents attached.

10. Complete and legible photocopies or audible recordings of every written or oral statement obtained by you or on your behalf from any person designated by any party as having knowledge of relevant facts pursuant to Texas Rule of Civil Procedure 194.2(e).

**RESPONSE:**

Defendant will supplement response.

11. If already produced herein, a complete copy of every primary, umbrella, and excess insurance policy or agreement, including all declarations page(s), endorsements, amendments, riders, and attachments in effect when the subject collision occurred and providing coverage to Plaintiff for injuries suffered in the subject collision.

**RESPONSE:**

The Defendant objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant will supplement response.

12. All written documents in Defendant's possession signed by or on behalf of Plaintiff.

**RESPONSE:**

None.

13. All non-waiver agreements, reservation of rights letters, and other documents or communications regarding any contractual obligation owed to you by Plaintiff or condition precedent to recovery with which Plaintiff must comply.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

14. All documents relating to any initial determination, temporary determination, tentative determination, or final determination regarding whether Plaintiff's claim herein is payable or not payable.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). See also *Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Without waiving said objections, please see attached documents.

15. All documents and testimony regarding Plaintiff, Patricia Tompkins, or any aspect of the collision made the subject of this lawsuit that Defendant has obtained through the use of subpoenas and/or depositions on written questions. (Plaintiff will pay a reasonable fee for photocopies of responsive documents.)

RESPONSE:

Plaintiff should be in possession of all medical records and other records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

16. To the extent not already produced by either party herein, all medical and/or billing records regarding Thomas Jackson, whether obtained before or since the filing of this lawsuit. (Plaintiff will pay a reasonable fee for photocopies of responsive documents.)

RESPONSE:

Plaintiff should be in possession of all medical records and other records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

17. To the extent not already produced by Defendant herein, all documents obtained by or on behalf of Defendant through the use of an authorization furnished to Defendant by Plaintiff.

RESPONSE:

Plaintiff should be in possession of all records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

18. All documents, records, reports, notations, and/or memoranda regarding the Plaintiff from persons and/or entities that compile information regarding bodily injury claims, health insurance claims, liability/property/casualty insurance claims, worker's compensation claims, and other insurance claims, including but not limited to the Insurance Services Office ("ISO"), Southwest Index Bureau, and all similar persons or entities.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, does not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co, Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

19. All peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to or compiled from the medical records that Plaintiff has submitted for payment pursuant to the policy at issue herein and/or injuries that Plaintiff claims were caused by the collision made the basis of this lawsuit.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

20. All liability work-ups or reports relating to Plaintiff's claim for uninsured/underinsured motorist coverage benefits.

### RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

21. All documents relating to your use, if any, of computer software programs in reviewing, analyzing, and/or evaluating claims of injury in motor vehicle collisions during 2013 and 2014.

**RESPONSE:**

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

22. All documents relating to your use, if any, of computer software programs in reviewing, analyzing, and/or evaluating Plaintiff's claims of injury in the motor vehicle collision that forms the basis of this lawsuit.

**RESPONSE:**

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

23. All documents containing your policies, procedures, processes, and/or rules used by your employees to assist in their evaluation of uninsured/underinsured motorist claims.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

24. All documents containing your policies, procedures, processes, and/or rules used by your employees to assist in their evaluation of automobile collision bodily injury claims.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff,

and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

25. Pursuant to Texas Rule of Evidence 609(f), all documents supporting each criminal conviction of any person identified by any party herein as having knowledge of relevant facts that you intend to use for impeachment.

**RESPONSE:**

The Defendant does not have any documents in its possession, custody or control responsive to this request.

26. All reports, memoranda, and other documents related to your evaluation of any claim for benefits made by Plaintiff other than the claim at issue herein.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other

motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

27. All documents relating to every initial determination, temporary determination, tentative determination, or final determination regarding whether any of Plaintiff's claims other than that at issue herein was payable or not payable.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, please see attached documents.

28. All documents regarding and/or discussing your refusal to pay the $20,000.00 that you offered on April 28, 2014.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Without waiving said objections, please see attached documents.

29. All documents reflecting, regarding, and/or discussing premium payments made by Plaintiff for the automobile insurance policy in effect when the collision that is the subject of this lawsuit occurred.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present

lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

30. All documents necessary to determine the name, address, telephone number, immediate supervisor, and current employer of all of Defendant's adjusters, employees, agents, and/or representatives that have reviewed Plaintiff's claim file from a claims handling or claims review standpoint.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

31.   All documents and/or materials pertaining to any negotiations for settlement or offers of settlement that were compiled or created prior to the time of the filing of this lawsuit.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, please see attached.

32.   All documents, reports, or investigations relied upon by Defendant in denying or delaying payment of any benefits to Plaintiff related to the claim that is the subject of this lawsuit.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

33. All documents regarding any contract that you have with any independent adjuster who performed any service on your behalf related to Plaintiff's claim herein.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

34. All documents described or utilized in responding to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, please see attached documents.

| | | |
|---|---|---|
| THOMAS JACKSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | 188th JUDICIAL DISTRICT |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

## DEFENDANT'S OBJECTIONS and ANSWERS TO
## PLAINTIFF THOMAS JACKSON'S FIRST SET OF INTERROGATORIES

TO:  **Thomas Jackson**, Plaintiff, by and through his attorneys of record, M. Raymond Hatcher and Alan J. Robertson, Sloan, Bagley, Hatcher & Perry Law Firm, 101 East Whaley Street, Longview, Texas 75601.

COMES NOW AAA Texas County Mutual Insurance Company, Defendants in the above

numbered and styled cause, and serves its Objections and Answers to Plaintiff's First Set of

Interrogatories, in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway,
Dallas, TX 75231
Tel: 214-749-4805
Fax: 214-760-1670
carlos.balido@wbclawfirm.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed, faxed, or hand delivered to all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on December 23, 2014.

*Via First Class U.S. Mail*
M. Raymond Hatcher
Alan J. Robertson
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

CARLOS A. BALIDO

The Defendant objects generally to the Definitions and Instructions set forth at the beginning of this written discovery request for the reason that they are overly broad, unduly burdensome, and harassing. Further, the Defendant objects to these Definitions and Instructions for the reason that there is no provision in the Texas Rules of Civil Procedure requiring a party to abide by such definitions and instructions. The Defendant also objects to the Definitions and Instructions to the extent that they seek to impose a greater burden and obligation on the Defendant than is permissible under the Texas Rules of Civil Procedure.

Without waiving or limiting the foregoing general objection, the Defendant specifically objects to Plaintiff's discovery as follows:

## OBJECTIONS AND ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

1. Identify each person answering these interrogatories, supplying information, and/or assisting in any way with the preparation of the answers to these interrogatories and/or the responses to Plaintiff's Requests for Production and/or Requests for Admission.

   **ANSWER:**

   The Defendant objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

   Without waiving said objection, the Defendant answers as follows:

   > Frederick Armour
   > AAA Texas County Mutual Insurance Company

   The Defendant was assisted by counsel in the preparation of the Defendant's objections and responses to Plaintiff's written discovery requests.

2. Identify each eyewitness to all or part of the collision made the basis of this lawsuit of whom you are aware and, for each eyewitness, state his/her location when the collision made the basis of this lawsuit occurred.

   **ANSWER:**

   The Defendant objects to this interrogatory as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant refers Plaintiff to the individuals identified as relevant fact witnesses in response to Plaintiff's Request for Disclosure.

3.    To the extent not already produced herein, describe each separate file containing records, documents, and/or information relating to Plaintiff and/or Plaintiff's claims, including in your description for each file, the file's name, the file number, its descriptive title assigned to it in the ordinary course of your business, each custodian of the file, the file's contents, and its current location.

ANSWER:

The Defendant objects to this interrogatory as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, the Defendant refers Plaintiff to documents produced.

4. If you, your attorneys, or anyone acting on your behalf or on your attorneys' behalf took or obtained photographs, videotape, magnetic, digital, or electronic images, or other images of the collision scene, vehicles, or parties involved, please provide the name, address, and telephone number of the person having custody of such images, the date on which the images were taken or made, and the name of the person(s) taking or making such images.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, the Defendant refers the Plaintiff to photographs and documents produced in Defendant's Responses to Plaintiff's Request for Production.

5.  Identify by name, employer (if different from Defendant) business address, job title, and telephone number of each individual who will be Defendant's in-court representative.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

Without waiving said objections, Defendant's in-court representative will be Frederick Armour.

6.  Identify by name, employer (if different from Defendant) business address, job title, telephone number and role of each of Defendant's employees, agents, representatives, adjusters, independent adjusters, independent adjusting firms, consultants, and any entity or individual acting under any oral or written agreement, **who performed any claims work, participated in the evaluation of Plaintiff's claim, and/or claims services of any type or nature with respect to the insurance claims involved in this litigation.**

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment

establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this Interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Neiman Miller, AAA Texas County Mutual Insurance Company; Frederick Armour, AAA Texas County Mutual Insurance Company; and Clint Smith, Property Damage Appraisers.

7. Identify every medical doctor, physician, osteopath, physician's assistant, and/or nurse who has reviewed medical records of Thomas Jackson in connection with the claim for uninsured/underinsured motorist benefits that are the subject of this lawsuit.

**ANSWER:**

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex.

2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this Interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Defendant further objects to this Request to the extent that it seeks information that exceeds the scope of discovery. Further, the Texas Rules of Civil Procedure, Rule 195.1 provides that a party may request information concerning testifying expert witnesses only through a request for disclosure and through deposition.

Plaintiff should be in possession of all medical records and other records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

8. Identify each of your employees who played any role in evaluating Plaintiff's claim, authorized any proposed payment to be made to Plaintiff, and/or made decisions regarding any adjuster's authority to pay or deny Plaintiff's claim relating to uninsured/underinsured motorist coverage purchased by Plaintiff.

**ANSWER:**

Defendant objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery. *See Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989).

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Without waiving said objections, Neiman Miller, AAA Texas County Mutual Insurance Company and Frederick Armour, AAA Texas County Mutual Insurance Company.

9. If you have information that has not already been produced herein regarding any other claims for personal injury of any type that were made or may have been made by the Plaintiff or by Patricia Tompkins since the collision made the basis of this suit, please state all information you have regarding each such claim, specifically including but not limited to:

   a. The date of the claim;
   b. The type of the claim;
   c. The name of the person making the claim;
   d. The other parties involved in the claim;
   e. The injuries claimed in the incident made the basis of this claim
   f. The identity of all medical providers involved in treating any injury claimed in the incident made the basis of the claim
   g. Each insurer and claim number assigned to the claim; and
   h. The disposition of the claim.

## ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

Defendant objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably

calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, none.

10. Pursuant to Texas Rule of Evidence 609(f), identify by stating the date, cause number, offense, and court for each criminal conviction of the Plaintiff and any person designated by any party as having knowledge of facts relevant to this matter pursuant to Texas Rule of Civil Procedure 194.2(e).

ANSWER:

The Defendant is not aware of any at this time.

11. Pursuant to Texas Rules of Civil Procedure 194.2(d) and 192.3(a), if you contend that you are entitled to a credit or offset against judgment, state for each such credit/offset:

a. The dollar amount;
b. Each category(ies) of damages to which you claim the credit/offset applies; and
c. How you arrived at and/or calculated the dollar amount of the credit/offset.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant refers Plaintiff to response to Plaintiff's 194.2.

12. State each and every factor which you now contend or will contend at trial caused or contributed to causing the Plaintiff's damages including but not limited to pre-existing physical or medical conditions of the Plaintiff and, for each such factor, state in general the factual basis for your contention.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant AAA Texas County Mutual Insurance Company does not have personal knowledge of how the accident occurred. Defendant refers Plaintiff to any deposition testimonies obtained in this matter, as well as documents produced by any party.

13. If you contend that the Plaintiff's actions and/or omissions caused or contributed to causing the collision from which Plaintiff's claim for uninsured/underinsured motorist benefits arises, describe in general the factual basis for your contention.

**ANSWER:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant AAA Texas County Mutual Insurance Company does not have personal knowledge of how the accident occurred. Defendant refers Plaintiff to any deposition testimonies obtained in this matter, as well as documents produced by any party. Further, Defendant makes no contentions at this time.

14. If not already contained in documents produced herein, state all procedures followed and each criteria utilized by Defendant in its investigation and evaluation of Plaintiff's claim.

**ANSWER:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Defendant objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

15. List, identify, and describe all documents not already produced herein that support your contention, if any, that:

   a. Plaintiff failed to meet or perform condition(s) precedent to his bringing this lawsuit;
   b. Plaintiff failed to comply with a term or condition of the insurance agreement that is the subject of this lawsuit; and/or
   c. Plaintiff's claim is excluded from uninsured/underinsured motorist coverage pursuant to a term or condition of the insurance agreement that is the subject of this lawsuit.

### ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex.

2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, Defendant is not making those contentions at this time.

16. State every reason for your denial of Plaintiff's uninsured/underinsured motorist claim in excess of your April 28, 2014, offer to pay $20,000.00 (in addition to $5,000.00 in previously paid personal injury protection benefits and $30,000.00 previously paid by Patricia Tompkins' insurance carrier).

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

17. If you used any computer software program to assist in the evaluation of Plaintiff's claim for uninsured/underinsured motorist benefits arising from bodily injury, state for each program:

   a. The name of the program used;
   b. The specific data utilized by the program in evaluating Plaintiff's claims;
   c. All data fields that the program deems relevant to evaluating injury claims
   d. The identity of each person who input data regarding Plaintiff into the program;
   e. The means by which the results of the program's analysis are presented to the program user and/or claims adjuster(s);
   f. The identity of each person who received results regarding Plaintiff's claim; and
   g. The methods by which results of the program's analysis are distributed to each end user of the information other than the program user and claims adjuster(s).

## ANSWER:

Defendant objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery.

Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes trade secrets and other proprietary information. *See* Tex. R. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date.

Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, does not and cannot outweigh harm of disclosure to the Defendant. *See In re Leviton Mfg. Co, Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

18. List all manuals, instructions, directions, and materials providing guidance regarding the use of each computer software program identified in the foregoing interrogatory.

   **ANSWER:**

   Defendant objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery.

   Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

   The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

   The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

   Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

   Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes trade secrets and other proprietary information. *See* Tex. R. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, does not and cannot outweigh harm of disclosure to the Defendant. *See In re Leviton Mfg. Co, Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

19. State every reason for your refusal to pay the $20,000.00 that you offered (in addition to $5,000.00 in previously paid personal injury protection benefits and $30,000.00 previously paid by Patricia Tompkins' insurance carrier) through Fredrick M. Armour, your Claims Service Representative, on April 28, 2014.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

20. If you contend that Plaintiff is obligated to provide you with a release in exchange for the payment of benefits afforded by the uninsured/underinsured motorist coverage contained in the policy at issue herein, identify all policy provisions and other documents on which you base such contention.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

Defendant objects to this Request to the extent that this requests the Defendant to render a legal opinion or legal conclusion.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

CAUSE NO. 201-1365-A

| | | |
|---|---|---|
| THOMAS JACKSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | 188th JUDICIAL DISTRICT |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

## DEFENDANT'S OBJECTIONS and RESPONSES TO PLAINTIFF THOMAS JACKSON'S FIRST REQUEST FOR ADMISSIONS

TO:   Thomas Jackson, Plaintiff, by and through his attorneys of record, M. Raymond Hatcher and Alan J. Robertson, Sloan, Bagley, Hatcher & Perry Law Firm, 101 East Whaley Street, Longview, Texas 75601.

COMES NOW AAA Texas County Mutual Insurance Company, Defendants in the above numbered and styled cause, and serves its Objections and Responses to Plaintiff's First Request for Admissions, in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway,
Dallas, TX 75231
Tel: 214-749-4805
Fax: 214-760-1670
carlos.balido@wbclawfirm.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed, faxed, or hand delivered to all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on December 23, 2014.

*Via First Class U.S. Mail*
M. Raymond Hatcher
Alan J. Robertson
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

CARLOS A. BALIDO

The Defendant objects generally to the Definitions and Instructions set forth at the beginning of this written discovery request for the reason that they are overly broad, unduly burdensome, and harassing. Further, the Defendant objects to these Definitions and Instructions for the reason that there is no provision in the Texas Rules of Civil Procedure requiring a party to abide by such definitions and instructions. The Defendant also objects to the Definitions and Instructions to the extent that they seek to impose a greater burden and obligation on the Defendant than is permissible under the Texas Rules of Civil Procedure.

Without waiving or limiting the foregoing general objection, the Defendant specifically objects to Plaintiff's discovery as follows:

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR ADMISSIONS

1. Plaintiff sued Defendant AAA Texas County Mutual Insurance Company in its proper name.

   **RESPONSE:**

   Admit.

2. On June 12, 2013, Plaintiff was insured by a personal automobile policy bearing policy number TPA016443353 issued by Defendant.

   **RESPONSE:**

   Admit.

3. Prior to June 12, 2013, Defendant entered into a contractual agreement with Plaintiff to provide uninsured/underinsured motorist coverage to Plaintiff in the event that he was involved in a motor vehicle collision caused by an uninsured/underinsured motorist.

   **RESPONSE:**

   Admit.

4. Your policy number TPA016443353 provided uninsured/underinsured motorist coverage to Plaintiff on June 12, 2013.

   **RESPONSE:**

   Admit.

5. Your policy number TPA016443353 was in force and effect on June 12, 2013.

RESPONSE:

Admit.

6. All premiums due on your policy number TPA016443353 on or before June 12, 2013, had been timely paid by or on behalf of Plaintiff.

RESPONSE:

Admit.

7. One June 12, 2013, a collision occurred in Gregg County, Texas, between a motor vehicle operated by Plaintiff and a motor vehicle operated by Patricia Tompkins.

RESPONSE:

Admit.

8. Plaintiff timely notified Defendant of a potential uninsured/underinsured motorist claim following the June 12, 2013, motor vehicle collision that is the basis of this suit.

RESPONSE:

Admit.

9. Defendant has not issued a reservation of rights letter to Plaintiff pertaining to the uninsured/underinsured motorist claim Plaintiff made following the June 12, 2013, motor vehicle collision that is the basis of this suit.

RESPONSE:

Admit.

10. Based upon your investigation(s) of the June 12, 2013, motor vehicle collision that is the basis of this suit, you determined that Patricia Tompkins was negligent.

RESPONSE:

Deny.

11. If, based upon your investigation(s) of June 12, 2013, motor vehicle collision that is the basis of this suit, you determined that Patricia Tompkins was negligent, you also determined that Patricia Tompkins' negligence proximately caused the collision in question.

RESPONSE:

Deny.

12. If, based upon your investigation(s) of June 12, 2013, motor vehicle collision that is the basis of this suit, you determined that Patricia Tompkins' negligence proximately caused the collision in question, you also determined that Patricia Tompkins' negligence and the resulting collision caused at least some injury to Plaintiff.

RESPONSE:

Deny.

13. Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, Defendant has determined that Patricia Tompkins was an underinsured motorist, as that term is defined in your policy number TPA016443353.

RESPONSE:

Deny.

14. Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, you have determined that Plaintiff has sustained damage in excess of the sum of (1) Plaintiff's $5,000.00 personal injury protection coverage, and (2) Patricia Tompkins' $30,000.00 limit of liability insurance.

RESPONSE:

Defendant objects to this request as it is a two part question and vague.

Without waiving this objection, deny.

15. On April 28, 2014, you offered $20,000.00 from Plaintiff's uninsured/underinsured motorist coverage in addition to $5,000.00 in personal injury protection coverage that you previously paid to Plaintiff and $30,000.00 previously paid by Ms. Tompkins' liability insurance carrier.

RESPONSE:

Admit.

16. Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, you have determined that Plaintiff has sustained at least $55,000.00 in damages as a result of the June 12, 2013, motor vehicle collision between Plaintiff and Patricia Tompkins.

**RESPONSE:**

Deny.

17. You have failed to pay any portion of the $20,000.00 that you offered Plaintiff on April 28, 2014.

**RESPONSE:**

Defendant objects to this request in that it is vague and argumentative.

Without waiving this objection and subject thereto, Defendant admits that it has not paid the $20,000.00 offered to Plaintiff on April 28, 2014.

18. Plaintiff has complied with all conditions precedent to recovering from the uninsured/underinsured motorist coverage contained in your policy number TPA016443353.

**RESPONSE:**

Defendant objects to this request as it is vague.

Without waiving this objection and subject thereto, Defendant cannot admit or deny. Reasonable inquiry has been made for this information and the information known or easily obtainable is insufficient to enable Defendant to admit or deny.

# AFFIDAVIT OF CARLOS BALIDO

STATE OF TEXAS       §
                          §
COUNTY OF DALLAS   §

BEFORE ME, the undersigned authority, on this day personally appeared Carlos Balido, known to me to be the person whose signature appears below, and upon his oath duly deposed and said:

"My name is Carlos Balido. I am over twenty-one (21) years of age and suffer from no legal disabilities. I have never been convicted of a felony offense, nor a crime involving moral turpitude. I have personal knowledge of the facts stated herein, and they are all true and correct.

"I am licensed to practice law in the State of Texas by the Supreme Court of Texas. My license to practice law has never been suspended or revoked. I am the designated lead trial counsel or attorney of record for AAA Texas County Mutual Insurance Company ("AAA") in cause number 2014-1365-A, styled *Thomas Jackson v. AAA Texas County Mutual Insurance Company*, and pending in 188th Judicial District Court of Gregg County, Texas (the "*UIM* suit"). As counsel for AAA in the *UIM* suit, I certify and aver that the documents comprising the mandamus record are true and

correct copies of the material documents from the UIM suit which were filed with the trial court or are central to AAA's claim the trial court abused its discretion when it failed to both sever and abate Plaintiff Thomas Jackson's ("Jackson") extra-contractual claims. No testimony was adduced or presented to the trial court in relation to the November 6, 2015 hearing on the motion to sever and abate or the October 1, 2015 hearing on the motion to compel. True and correct copies of the material documents filed with the trial court and which are central to the issues are attached hereto.

"With respect to these documents, I am the custodian of said documents on behalf of my law firm and AAA. These attached documents are kept by my law firm in the regular course of business, and it was and is the regular course of business of my law firm for its employees or representatives, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

"Further affiant sayeth not."

_____
Carlos Balido

This instrument was sworn to and acknowledged before me on November 16th, 2015, by Carlos Balido.

_____
NOTARY PUBLIC
State of Texas

VIRGINIA I. VILLAREAL
Notary Public, State of Texas
My Commission Expires
10/28/2017

My Commission expires_____10/28/17_____

**AFFIDAVIT OF CARLOS BALIDO**                                    **PAGE - 3**



AAA Texas County Mutual Insurance Company
6555 North State Highway 161
Irving, Texas 75039-2402

April 28, 2014

M. Raymond Hatcher, Esq.
Sloan, Bagley, Hatcher & Perry
101 East Whaley St.
Longview, TX 75601

|      | RE: | Insured:   | Thomas Jackson |
|------|-----|------------|----------------|
|      |     | Client(s): | Thomas Jackson |
|      |     | Claim#:    | **011157387**  |
|      |     | Loss Date: | 6/12/13        |

Dear Mr. Hatcher:

Thank you for your demand letter and compact disk dated March 26, 2014 and received in our offices on March 31, 2014. Per your letter you demand the "per person" Underinsured Motorist (UIM) bodily injury limits in settlement of your client's injury claim. Your disk included medical bills and records alleged to pertain to your client's care.

We have had an opportunity to thoroughly review the facts and circumstances surrounding the referenced loss as well the medical documentation you have provided. Unfortunately, we are unable to accept your demand.

However, in an effort to resolve this matter, we are willing to offer your client $20,000.00 UIM to resolve his claim. This offer is additional to the $30,000.00 paid by the adverse carrier and the $5,000.00 Personal Injury Protection (PIP) benefits previously paid.

Please present our offer to your client and contact me at the telephone number listed below so we may discuss and conclude this matter.

Sincerely,

Fredrick M. Armour
Claims Service Representative

6555 N. State Highway 161
Irving, TX 75039
Ph#: 888.222.9208 x2218379 or 469.221.8379

*NOTE: FOR YOUR INFORMATION AND PROTECTION, TEXAS LAW PROVIDES AS FOLLOWS: ANY PERSON WHO KNOWINGLY PRESENTS A FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF A LOSS IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES AND CONFINEMENT IN STATE PRISON*

Insurance provided to qualified AAA Texas members by the Interinsurance Exchange of the Automobile Club and its affiliates

MR 1



JOHN D. SLOAN JR. *+
LAUREEN F. BAGLEY
M. RAYMOND HATCHER
GLENN A. PERRY *+
*Board Certified Personal Injury Trial Law
+National Board of Trial Advocacy

# SLOAN, BAGLEY,
# HATCHER & PERRY
## LAW FIRM
### LONGVIEW · HOUSTON

J. RYAN FOWLER *
ALAN J. ROBERTSON
CARSON R. RUNGE
JUSTIN A. SMITH
WILLIAM X. KING

May 2, 2014

Mr. Frederick Armour                                      *Via Facsimile No.: (469) 221-6025*
AAA Texas County Mutual Insurance Company
6555 N. State Highway 161
Irving, Texas 75039

Re:    Our Client/Your Insured:     Thomas Jackson
       Date of Incident:            June 12, 2013
       Claim No.:                   011157387

Dear Mr. Armour:

Thank you for contacting our office recently regarding your evaluation of my client and your insured, Thomas Jackson's, underinsured motorist claim.

In your letter of April 28, 2014, you indicate that you are offering $20,000.00 in addition to the $5,000.00 PIP benefits previously paid to Mr. Jackson by AAA for his injuries, as settlement of his claims (over and above of the $30,000.00 third-party policy limits received by Mr. Jackson). By offering this amount, it is clear that AAA has performed its evaluation of Mr. Jackson's UIM claim and determined that the UIM claim is worth at least $25,000.00 ($20,000.00 plus $5,000.00 previously paid PIP benefits). As such, there is no reason that AAA should delay payment of this amount that itself acknowledges is due on this first party claim.

This letter is to request that you forward a check in the amount of your evaluation payable to this firm and your insured, Mr. Jackson. Because your insured vehemently disagrees with AAA's evaluation of the value of his claim, the payment of this amount is in no way to be considered "settlement" of Mr. Jackson UIM claim with AAA for the injuries that he sustained in the subject collision.

Please confirm in writing that you will forward the $20,000.00 payment as requested and that your insured may negotiate the check without the negotiation being considered any type of release of her rights to seek additional amounts under the policy in the future.

Thank you for your attention to this matter.

Yours very truly
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

M. RAYMOND HATCHER

MRH/pau
Jackson 3392-001

**MR 3**



AAA Texas County Mutual Insurance Company
6555 North State Highway 161
Irving, Texas 75039-2402

May 22, 2014

M. Raymond Hatcher, Esq.
Sloan, Bagley, Hatcher & Perry
101 East Whaley St.
Longview, TX 75601

RE:    Insured:    Thomas Jackson
        Client(s):   Thomas Jackson
        Claim#:    **011157387**
        Loss Date:  6/12/13

Dear Mr. Hatcher:

Thank you for your letter dated May 2, 2014 confirming receipt of our settlement offer. Per our letter our offer is a total of $25,000.00. This includes $20,000.000 Underinsured Motorist (UIM) and $5,000.00 Persona Injury Protection (PIP).

Your letter advises your client vehemently disagrees with our valuation; however, you demand we tender a check for $20,000.00 UIM. Furthermore, you advise your client will not sign a release, will negotiate the issued check and have the right to pursue additional amounts for this claim in the future.

Unfortunately, we are unable to comply with your request. Our offer was a compromise to resolve this matter fully and finally in exchange for a release. It remains the table if your client wishes to accept.

If this offer is not being accepted and considered full and final we will continue our handling of this matter per Brainard v. Trinity Universal Ins. Co. case law.

Please contact me at the telephone number listed below if you would like to discuss and resolve this case.

**MR 4**



AAA Texas County Mutual Insurance Company
6555 North State Highway 161
Irving, Texas 75039-2402

Sincerely,


Fredrick M. Armour
Claims Service Representative

6555 N. State Highway 161
Irving, TX  75039
Ph#:  888.222.9208 x2218379 or 469.221.8379


*NOTE: FOR YOUR INFORMATION AND PROTECTION, TEXAS LAW PROVIDES AS
FOLLOWS: ANY PERSON WHO KNOWINGLY PRESENTS A FALSE OR FRAUDULENT CLAIM
FOR PAYMENT OF A LOSS IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES AND
CONFINEMENT IN STATE PRISON*

**MR 5**

Insurance provided to qualified AAA Texas members by the Interinsurance Exchange of the Automobile Club and its affiliates

CAUSE NO. 2014 – 1365 – A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | OF GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188ᵗʰ JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE COURT:

Plaintiff Thomas Jackson files this, his Second Amended Petition, and in support thereof respectfully shows the Court the following:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery will be conducted pursuant to a Level 3 discovery control plan. TEX. R. CIV. P. 190.4.

### B. PARTIES

2.      Plaintiff Thomas Jackson, an individual, is a resident of Gregg County, Texas. Plaintiff's Texas driver's license number is XXXXX037. Plaintiff's Social Security number is XXX-XX-X454.

3.      Defendant AAA Texas County Mutual Insurance Company has generally appeared herein and is before the Court for all purposes.

### C. JURISDICTION AND VENUE

4.      The Court has jurisdiction over the controversy because the damages well exceed the Court's jurisdictional minimum. Plaintiff seeks monetary relief in excess of $100,000.00 but not exceeding $200,000.00.

5.      Pursuant to Texas Insurance Code § 1952.110, venue is proper in Gregg County, Texas, which is the county in which the subject wreck occurred.

**MR 6**

## D. AGENCY / RESPONDEAT SUPERIOR

6.      Whenever it is alleged in this petition that Defendant, AAA Texas County Mutual Insurance Company, did any act, omission or thing, it is meant that Defendant's employees, agents, officers, directors, servants, apparent agents, ostensible agents, agents by estoppel and/or representatives did such act, omission or thing and that at the time such act, omission or thing was done it was done with the actual or implied knowledge of Defendant, AAA Texas County Mutual Insurance Company, or was done with the full authorization or ratification of Defendant, AAA Texas County Mutual Insurance Company, or was done in the normal and routine course and scope of agency or employment of Defendant's employees, agents, officers, directors, servants, apparent agents or ostensible agents, agents by estoppel, and/or representatives.

### E.  FACTS

7.      This lawsuit results from a collision that occurred on June 12, 2013, at approximately 8:58 p.m. in Longview, Gregg County, Texas.  Plaintiff Thomas Jackson was operating his vehicle westbound on Pliler Precise Road in a safe, reasonable and lawful manner, when he stopped in obedience to a traffic control device at the intersection of Judson Road and Pliler Precise Road.  After stopping, and in obedience to the traffic control device, Plaintiff proceeded to continue traveling westbound into the intersection of Pliler Precise Road and Judson Road. Patricia Tompkins was traveling northbound on Judson Road when, with complete disregard for the safety and welfare of other persons or property, she disregarded the traffic control device striking the driver's side of the vehicle being driven by Plaintiff and causing the collision made the basis of this lawsuit.

8.      When the collision occurred, Plaintiff's vehicle was covered by a policy of automobile insurance in full force and effect, which is the subject of this lawsuit. The policy of

2

**MR 7**

automobile insurance was issued by Defendant and included uninsured/underinsured motorist coverage as defined under the policy and/or by statute.

9. Plaintiff timely and properly notified Defendant of the motor vehicle collision that is the subject of this suit. Plaintiff has fully complied with all of the conditions of that insurance policy prior to his filing suit against Defendant. All conditions precedent have been performed or have occurred. Further, Plaintiff has complied with requests for provision of information to the Defendant.

10. As a result of the collision caused by Patricia Tompkins, Plaintiff sustained damages that exceed the amount of available and collectible liability insurance coverage issued to Patricia Tompkins and which covered her negligent actions. Defendant refused to consider Plaintiff s injuries, medical billing paid or incurred by or on behalf of Plaintiff and failed, and continues to fail, to fully compensate Plaintiff for the injuries caused by Patricia Tompkins, an underinsured motorist, and give Plaintiff the benefit of the bargain of his uninsured/underinsured motorist coverage present in the insurance policy, in violation of Texas law as described herein below. As a result of their acts and/or omissions, and unlawful conduct as described herein below, Defendant proximately caused Plaintiff injury.

**F. BREACH OF INSURANCE CONTRACT**

11. All of the premiums that were due on the AAA Texas County Mutual Insurance Company policy with Thomas Jackson as the named insured had, at the time of the wreck, been paid and the policy was in full force and effect at the time of the collision. Defendant, AAA Texas County Mutual Insurance Company, kept its insured's premiums and had obligations as described in the insurance policy that was in effect at the time of the incident in question. Defendant to date has failed and refused to pay the money due under the policy, despite demand.

3

**MR 8**

Specifically, Defendant has determined that Plaintiff's underinsured motorist claim is worth at least $55,000.00, as evidenced by its April 28, 2014, offer to pay $20,000.00 in addition to $5,000.00 previously paid by Defendant in personal injury protection benefits and $30,000.00 previously paid by Ms. Tompkins's insurer.[1] However, despite Plaintiff's demand for payment of this undisputed portion of his underinsured motorist coverage[2], Defendant has refused to tender this amount. This failure and refusal to pay constitutes a breach of contract and demonstrates bad faith. Further, Defendant's failure to properly value and fully pay Plaintiff's damages pursuant to its obligations in the policy at issue likewise constitutes a breach of contract and demonstrate bad faith, notwithstanding the Texas Supreme Court's holding in *Brainard v. Trinity Univ. Ins. Co.*, 216 S.W.3d 809 (Tex. 2006).

### G. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

12. Without adequate explanation or justification, Defendant breached its duty of good faith and fair dealing by denying and/or delaying payment of benefits to Plaintiff in accordance with its insurance agreement with Plaintiff when it was reasonably clear that it should pay said benefits to Plaintiff. Specifically, before the filing of this suit, Defendant has determined that Plaintiff's underinsured motorist claim is worth at least $55,000.00, as evidenced by its April 28, 2014, offer to pay $20,000.00 in addition to $5,000.00 previously paid by Defendant in personal injury protection benefits and $30,000.00 previously paid by Ms. Tompkins's insurer. However, despite Plaintiff's demand for Defendant's payment of $20,000.00 — the undisputed portion of the underinsured motorist coverage — Defendant has refused and continues to refuse to tender this amount. Accordingly, Defendant is in violation of Texas Insurance Code, Chapter 541, *et seq.* Further, Defendant has engaged in unfair claim

---

[1] *See* Exhibit A to Plaintiff's Original Petition and Request for Disclosure.
[2] *See* Exhibit B to Plaintiff's Original Petition and Request for Disclosure.

4

**MR 9**

settlement practices in violation of Texas Insurance Code §§ 541.060(a)(2)(A), 542.056, 542.057, and 542.058. As a proximate result of these actions, Plaintiff has suffered damages, which are more fully outlined herein below.

## H. VIOLATION OF THE TEXAS
## DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT

13. Because Defendant violated Texas Insurance Code § 541.060(a)(2)(A) (failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear), Defendant is deemed to have violated the Texas Deceptive Trade Practices – Consumer Protection Act. TEX. BUS. & COM. CODE § 17.50(a)(4). Accordingly, Texas statutory law grants Plaintiff a private right cause of action. *Id.* Defendant's violation of the Texas Deceptive Trade Practices – Consumer Protection Act caused Plaintiff damages as discussed elsewhere herein.

## I. VIOLATION OF TEXAS INSURANCE CODE CHAPTER 541

14. Because Defendant violated Texas Insurance Code § 541.060(a)(2)(A) (failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear), Texas law grants Plaintiff a statutory private right cause of action pursuant to the Texas Insurance Code, in addition to Plaintiff's claims pursuant to the Texas Deceptive Trade Practices – Consumer Protection Act. TEX. INS. CODE § 541.151(1). Defendant's violation of the Texas Insurance Code caused Plaintiff damages as discussed elsewhere herein.

## J. PETITION FOR DECLARATORY RELIEF

15. Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant AAA Texas County Mutual Insurance Company at the time of the wreck, Plaintiff seeks a declaratory judgment pursuant to Chapter 37 of the Texas

5

**MR 10**

Civil Practice and Remedies Code construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract. Specifically, Plaintiff seeks findings that (1) Patricia Tompkins is an underinsured motorist, (2) that Plaintiff is entitled to recover from Defendant Plaintiff's damages resulting from the motor vehicle collision the subject of this suit, (3) that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant, and (4) a finding specifying the amount of damages, attorney's fees, interest, and court costs that Defendant is obligated to pay.

16. Defendant AAA Texas County Mutual Insurance Company's conduct is a proximate and producing cause of damages to Plaintiff. Such damages include, but are not limited to, unpaid benefits, medical expenses, physical impairment, lost earning capacity, and pain and mental anguish. Such damages have occurred in the past and are likely to continue in the future.

17. As a result of Defendant AAA Texas County Mutual Insurance Company's conduct, Plaintiff has incurred attorney's fees through trial and appeal.

### K. DAMAGES

18. As a proximate result of the collision, Plaintiff Thomas Jackson sustained serious personal injuries, specifically including neck, back, and head injuries and injuries to his body generally. Plaintiff believes some of his injuries are permanent in nature and have had a serious effect on his health and well-being. In connection with such injuries, Plaintiff Thomas Jackson has suffered physical pain and mental anguish in the past, is suffering at the present, and, in all reasonable probability, will continue to suffer for the rest of his life. Further, it has been necessary for Plaintiff, Thomas Jackson, to pay or incur reasonable and necessary medical expenses in the past and in all reasonable probability will incur reasonable and necessary medical

6

**MR 11**

expenses for the treatment of his injuries in the future. In addition, he has sustained physical impairment in the past and will in all probability continue to sustain physical impairment in the future. Plaintiff Thomas Jackson sues for the recovery of past and future medical expenses, past and future physical pain and mental anguish, and past and future physical impairment; all in an amount in excess of the minimum jurisdictional limits of this Court. Plaintiff seeks a reasonable amount to be determined by the jury for his injuries.

19. Additionally, because Defendant acted knowingly in failing to pay $20,000.00 in uninsured/underinsured motorist benefits that, by its own evaluation, its duty to pay is reasonably clear in violation of Texas Insurance Code § 541.060(a)(2)(A), Plaintiff is entitled to three times the amount of economic damages. TEX. BUS. & COM. CODE § 17.50(b)(1). Also, Plaintiff is entitled to collect from Defendant mental anguish damages arising from Defendant's failure to pay $20,000.00 in uninsured/underinsured motorist benefits. *Id.*

20. Additionally, because Defendant acted knowingly in failing to pay $20,000.00 in uninsured/underinsured motorist benefits that, by its own evaluation, its duty to pay is reasonably clear in violation of Texas Insurance Code § 541.060(a)(2)(A), Plaintiff is entitled to three times the amount of actual damages. TEX. INS. CODE § 541.152.

21. Additionally, because Defendant acted intentionally in failing to pay $20,000.00 in uninsured/underinsured motorist benefits that, by its own evaluation, its duty to pay is reasonably clear in violation of Texas Insurance Code § 541.060(a)(2)(A), Plaintiff is entitled to three times the amount of economic damages and mental anguish damages arising from Defendant's failure to pay $20,000.00 in uninsured/underinsured motorist benefits. TEX. BUS. & COM. CODE § 17.50(b)(1).

7

**MR 12**

22. Additionally, pursuant to a number of statutes, Plaintiff is entitled to reasonable and necessary attorney's fees from Defendant. *See* TEX. CIV. PRAC. & REM. CODE § 37.009; TEX. CIV. PRAC. & REM. CODE § 38.001(8); TEX. BUS. & COM. CODE § 17.50(d); TEX. INS. CODE § 541.152(a)(1); and TEX. INS. CODE § 542.060(a).

23. Additionally, because Defendant violated Texas Insurance Code §§ 542.056, 542.057, and/or 542.058, Plaintiff is entitled to interest on $20,000.00 – the amount of uninsured/underinsured motorist benefits that, pursuant to Defendant's evaluation, its duty to pay is reasonably clear – at the rate of 18 percent a year. TEX. INS. CODE § 542.060(a).

24. Additionally, the attorney's fees due to Plaintiff pursuant to Texas Insurance Code § 542.060(a) shall be taxed as part of the costs of court.

## L. DOCUMENTS TO BE USED

25. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use all documents exchanged and produced between the parties including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## M. CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiff's recovery from Defendant have been performed and/or have occurred. TEX. R. CIV. P. 54.

## N. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer and that, upon final hearing hereon, Plaintiff recover as follows:

a. Actual damages within the jurisdictional limits of this Court;

b. Prejudgment and post-judgment interest as allowed by law;

8

**MR 13**

c. Declaratory relief as outlined in the petition;

d. Costs of Court and attorney's fees; and

e. All other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

M. RAYMOND HATCHER
State Bar No. 24002243
rhatcher@sloanfirm.com
ALAN J. ROBERTSON
State Bar No. 24067952
arobertson@sloanfirm.com
101 East Whaley Street
Longview, TX 75601
Telephone 903-757-7000
Facsimile 903-757-7574

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2014, a true and correct copy of the foregoing document was sent by certified mail, return receipt requested, facsimile transmission, and/or e-mail in accordance with the Texas Rules of Civil Procedure to the following counsel of record:

Mr. Carlos A. Balido
WALTERS, BALIDO & CRAIN, L.L.P.
Meadow Park Tower, 15th Floor
10440 North Central Expressway
Dallas, TX 75231

M. RAYMOND HATCHER
ALAN J. ROBERTSON

9

**MR 14**

CAUSE NO. 201-1365-A

| THOMAS JACKSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | 188th JUDICIAL DISTRICT |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

## DEFENDANT'S OBJECTIONS and RESPONSES TO
## PLAINTIFF THOMAS JACKSON'S FIRST REQUEST FOR PRODUCTION

TO:  **Thomas Jackson**, Plaintiff, by and through his attorneys of record, M. Raymond Hatcher and Alan J. Robertson, Sloan, Bagley, Hatcher & Perry Law Firm, 101 East Whaley Street, Longview, Texas 75601.

COMES NOW AAA Texas County Mutual Insurance Company, Defendants in the above numbered and styled cause, and serves its Objections and Responses to the Plaintiff's First Request for Production, in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway,
Dallas, TX 75231
Tel: 214-749-4805
Fax: 214-760-1670
carlos.balido@wbclawfirm.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed, faxed, or hand delivered to all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on December 23 2014.

*Via First Class U.S. Mail*
M. Raymond Hatcher
Alan J. Robertson
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

_____
CARLOS A. BALIDO

The Defendant objects generally to the Definitions and Instructions set forth at the beginning of this written discovery request for the reason that they are overly broad, unduly burdensome, and harassing. Further, the Defendant objects to these Definitions and Instructions for the reason that there is no provision in the Texas Rules of Civil Procedure requiring a party to abide by such definitions and instructions. The Defendant also objects to the Definitions and Instructions to the extent that they seek to impose a greater burden and obligation on the Defendant than is permissible under the Texas Rules of Civil Procedure.

Without waiving or limiting the foregoing general objection, the Defendant specifically objects to Plaintiff's discovery as follows:

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1. The entire claims file and/or adjuster logs including, but not limited to, photographs, statements, notes, memoranda, tables, computer-generated information and other written documents contained therein, that were generated in connection with the injury to the Plaintiff that forms the basis of this lawsuit.

### RESPONSE:

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery. *See Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989).

The Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, Defendant refers Plaintiff to photographs produced as Exhibit 1.

Without waiving said objections, Defendant refers Plaintiff to Police Report, produced as Exhibit 2.

2.  All written documentation of any investigation or reconstruction of the collision (other than those conducted by governmental/law enforcement entities or retained experts) from which this lawsuit arises.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

Defendant objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

3.     All photographs, motion pictures, video recordings, maps, drawings, charts, diagrams, measurements, surveys, or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the collision at issue, or the area, persons, or objects involved either made at the time of or since the collision at issue.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

4.     All surveillance movies, photographs, videotapes, electronic or digital images, or other images of Thomas Jackson or of the collision or scene of the collision in Defendant's or Defendant's agents' or attorneys' possession.

RESPONSE:

The Defendant refers Plaintiff to attached police report.

5. All incident reports (other than those created by governmental/law enforcement entities or retained experts) and/or witness statements relating to or discussing the collision made the basis of this lawsuit and/or the injuries that Plaintiff claims resulted from said collision.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

6. All correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications regarding the insurance claim(s) or any aspect of said claim(s) that is the subject of this litigation between Defendant and its (a) adjusters, (b) employees, (c) officers, (d) agents, € representatives, (f) independent adjusters (other than those retained for the purpose of litigation), and/or (g) independent adjusting firms (other than those retained for the purpose of litigation).

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

**MR 20**

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, see documents attached.

7.    All documents regarding every telephone conversation with or regarding Plaintiff.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex.

2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

8.  All documents regarding the amount(s) set aside and/or placed in reserve regarding Plaintiff's claim for uninsured/underinsured motorist coverage benefits herein.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

9. All **non-privileged** investigative reports regarding the collision made the basis of this lawsuit including documents, memoranda, photographs, video recordings, movies, statements, reports, drawings, communications, and tangible things attached to such reports or referred to therein.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, the Defendant refers Plaintiff to documents attached.

10. Complete and legible photocopies or audible recordings of every written or oral statement obtained by you or on your behalf from any person designated by any party as having knowledge of relevant facts pursuant to Texas Rule of Civil Procedure 194.2(e).

**RESPONSE:**

Defendant will supplement response.

11. If already produced herein, a complete copy of every primary, umbrella, and excess insurance policy or agreement, including all declarations page(s), endorsements, amendments, riders, and attachments in effect when the subject collision occurred and providing coverage to Plaintiff for injuries suffered in the subject collision.

RESPONSE:

The Defendant objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant will supplement response.

12. All written documents in Defendant's possession signed by or on behalf of Plaintiff.

RESPONSE:

None.

13. All non-waiver agreements, reservation of rights letters, and other documents or communications regarding any contractual obligation owed to you by Plaintiff or condition precedent to recovery with which Plaintiff must comply.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

14. All documents relating to any initial determination, temporary determination, tentative determination, or final determination regarding whether Plaintiff's claim herein is payable or not payable.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). See also *Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Without waiving said objections, please see attached documents.

15. All documents and testimony regarding Plaintiff, Patricia Tompkins, or any aspect of the collision made the subject of this lawsuit that Defendant has obtained through the use of subpoenas and/or depositions on written questions. (Plaintiff will pay a reasonable fee for photocopies of responsive documents.)

**RESPONSE:**

Plaintiff should be in possession of all medical records and other records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

16. To the extent not already produced by either party herein, all medical and/or billing records regarding Thomas Jackson, whether obtained before or since the filing of this lawsuit. (Plaintiff will pay a reasonable fee for photocopies of responsive documents.)

**RESPONSE:**

Plaintiff should be in possession of all medical records and other records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

17. To the extent not already produced by Defendant herein, all documents obtained by or on behalf of Defendant through the use of an authorization furnished to Defendant by Plaintiff.

**RESPONSE:**

Plaintiff should be in possession of all records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

**MR 26**

18. All documents, records, reports, notations, and/or memoranda regarding the Plaintiff from persons and/or entities that compile information regarding bodily injury claims, health insurance claims, liability/property/casualty insurance claims, worker's compensation claims, and other insurance claims, including but not limited to the Insurance Services Office ("ISO"), Southwest Index Bureau, and all similar persons or entities.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co, Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

19. All peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to or compiled from the medical records that Plaintiff has submitted for payment pursuant to the policy at issue herein and/or injuries that Plaintiff claims were caused by the collision made the basis of this lawsuit.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

20. All liability work-ups or reports relating to Plaintiff's claim for uninsured/underinsured motorist coverage benefits.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

21. All documents relating to your use, if any, of computer software programs in reviewing, analyzing, and/or evaluating claims of injury in motor vehicle collisions during 2013 and 2014.

RESPONSE:

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

22. All documents relating to your use, if any, of computer software programs in reviewing, analyzing, and/or evaluating Plaintiff's claims of injury in the motor vehicle collision that forms the basis of this lawsuit.

RESPONSE:

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

23. All documents containing your policies, procedures, processes, and/or rules used by your employees to assist in their evaluation of uninsured/underinsured motorist claims.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

24. All documents containing your policies, procedures, processes, and/or rules used by your employees to assist in their evaluation of automobile collision bodily injury claims.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff,

and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

25. Pursuant to Texas Rule of Evidence 609(f), all documents supporting each criminal conviction of any person identified by any party herein as having knowledge of relevant facts that you intend to use for impeachment.

**RESPONSE:**

The Defendant does not have any documents in its possession, custody or control responsive to this request.

26. All reports, memoranda, and other documents related to your evaluation of any claim for benefits made by Plaintiff other than the claim at issue herein.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other

motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

27.    All documents relating to every initial determination, temporary determination, tentative determination, or final determination regarding whether any of Plaintiff's claims other than that at issue herein was payable or not payable.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, please see attached documents.

28. All documents regarding and/or discussing your refusal to pay the $20,000.00 that you offered on April 28, 2014.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Without waiving said objections, please see attached documents.

29. All documents reflecting, regarding, and/or discussing premium payments made by Plaintiff for the automobile insurance policy in effect when the collision that is the subject of this lawsuit occurred.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present

lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

30.    All documents necessary to determine the name, address, telephone number, immediate supervisor, and current employer of all of Defendant's adjusters, employees, agents, and/or representatives that have reviewed Plaintiff's claim file from a claims handling or claims review standpoint.

### RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

31.     All documents and/or materials pertaining to any negotiations for settlement or offers of settlement that were compiled or created prior to the time of the filing of this lawsuit.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, please see attached.

32.     All documents, reports, or investigations relied upon by Defendant in denying or delaying payment of any benefits to Plaintiff related to the claim that is the subject of this lawsuit.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

33. All documents regarding any contract that you have with any independent adjuster who performed any service on your behalf related to Plaintiff's claim herein.

**RESPONSE:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

34. All documents described or utilized in responding to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission.

RESPONSE:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, please see attached documents.

CAUSE NO. 201-1365-A

| | | |
|---|---|---|
| THOMAS JACKSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | 188th JUDICIAL DISTRICT |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

## DEFENDANT'S OBJECTIONS and ANSWERS TO
## PLAINTIFF THOMAS JACKSON'S FIRST SET OF INTERROGATORIES

TO: **Thomas Jackson**, Plaintiff, by and through his attorneys of record, M. Raymond Hatcher and Alan J. Robertson, Sloan, Bagley, Hatcher & Perry Law Firm, 101 East Whaley Street, Longview, Texas 75601.

COMES NOW AAA Texas County Mutual Insurance Company, Defendants in the above numbered and styled cause, and serves its Objections and Answers to Plaintiff's First Set of Interrogatories, in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway,
Dallas, TX 75231
Tel: 214-749-4805
Fax: 214-760-1670
carlos.balido@wbclawfirm.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed, faxed, or hand delivered to all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on December 23, 2014.

*Via First Class U.S. Mail*
M. Raymond Hatcher
Alan J. Robertson
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

CARLOS A. BALIDO

The Defendant objects generally to the Definitions and Instructions set forth at the beginning of this written discovery request for the reason that they are overly broad, unduly burdensome, and harassing. Further, the Defendant objects to these Definitions and Instructions for the reason that there is no provision in the Texas Rules of Civil Procedure requiring a party to abide by such definitions and instructions. The Defendant also objects to the Definitions and Instructions to the extent that they seek to impose a greater burden and obligation on the Defendant than is permissible under the Texas Rules of Civil Procedure.

Without waiving or limiting the foregoing general objection, the Defendant specifically objects to Plaintiff's discovery as follows:

## OBJECTIONS AND ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

1. Identify each person answering these interrogatories, supplying information, and/or assisting in any way with the preparation of the answers to these interrogatories and/or the responses to Plaintiff's Requests for Production and/or Requests for Admission.

**ANSWER:**

The Defendant objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Without waiving said objection, the Defendant answers as follows:

> Frederick Armour
> AAA Texas County Mutual Insurance Company

The Defendant was assisted by counsel in the preparation of the Defendant's objections and responses to Plaintiff's written discovery requests.

2. Identify each eyewitness to all or part of the collision made the basis of this lawsuit of whom you are aware and, for each eyewitness, state his/her location when the collision made the basis of this lawsuit occurred.

**ANSWER:**

The Defendant objects to this interrogatory as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant refers Plaintiff to the individuals identified as relevant fact witnesses in response to Plaintiff's Request for Disclosure.

3. To the extent not already produced herein, describe each separate file containing records, documents, and/or information relating to Plaintiff and/or Plaintiff's claims, including in your description for each file, the file's name, the file number, its descriptive title assigned to it in the ordinary course of your business, each custodian of the file, the file's contents, and its current location.

ANSWER:

The Defendant objects to this interrogatory as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, the Defendant refers Plaintiff to documents produced.

4. If you, your attorneys, or anyone acting on your behalf or on your attorneys' behalf took or obtained photographs, videotape, magnetic, digital, or electronic images, or other images of the collision scene, vehicles, or parties involved, please provide the name, address, and telephone number of the person having custody of such images, the date on which the images were taken or made, and the name of the person(s) taking or making such images.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, the Defendant refers the Plaintiff to photographs and documents produced in Defendant's Responses to Plaintiff's Request for Production.

5. Identify by name, employer (if different from Defendant) business address, job title, and telephone number of each individual who will be Defendant's in-court representative.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

Without waiving said objections, Defendant's in-court representative will be Frederick Armour.

6. Identify by name, employer (if different from Defendant) business address, job title, telephone number and role of each of Defendant's employees, agents, representatives, adjusters, independent adjusters, independent adjusting firms, consultants, and any entity or individual acting under any oral or written agreement, **who performed any claims work, participated in the evaluation of Plaintiff's claim, and/or claims services of any type or nature with respect to the insurance claims involved in this litigation.**

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment

establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this Interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Neiman Miller, AAA Texas County Mutual Insurance Company; Frederick Armour, AAA Texas County Mutual Insurance Company; and Clint Smith, Property Damage Appraisers.

7.    Identify every medical doctor, physician, osteopath, physician's assistant, and/or nurse who has reviewed medical records of Thomas Jackson in connection with the claim for uninsured/underinsured motorist benefits that are the subject of this lawsuit.

### ANSWER:

The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and it is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied).

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex.

2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

The Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this Interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Defendant further objects to this Request to the extent that it seeks information that exceeds the scope of discovery. Further, the Texas Rules of Civil Procedure, Rule 195.1 provides that a party may request information concerning testifying expert witnesses only through a request for disclosure and through deposition.

Plaintiff should be in possession of all medical records and other records pertaining to Plaintiff. If and when Defendant obtains such records, Defendant will make these records available to the Plaintiff for inspection upon reasonable notice and will furnish copies to any party who requests copies at that party's expense pursuant to TRCP Rule 205.3(e). Additionally, Plaintiff will be given an equal opportunity to obtain these records at the time they are made available to this Defendant by the records service.

8. Identify each of your employees who played any role in evaluating Plaintiff's claim, authorized any proposed payment to be made to Plaintiff, and/or made decisions regarding any adjuster's authority to pay or deny Plaintiff's claim relating to uninsured/underinsured motorist coverage purchased by Plaintiff.

**ANSWER:**

Defendant objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery. *See Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989).

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Defendant further objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under

the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Without waiving said objections, Neiman Miller, AAA Texas County Mutual Insurance Company and Frederick Armour, AAA Texas County Mutual Insurance Company.

9.   If you have information that has not already been produced herein regarding any other claims for personal injury of any type that were made or may have been made by the Plaintiff or by Patricia Tompkins since the collision made the basis of this suit, please state all information you have regarding each such claim, specifically including but not limited to:

   a.   The date of the claim;
   b.   The type of the claim;
   c.   The name of the person making the claim;
   d.   The other parties involved in the claim;
   e.   The injuries claimed in the incident made the basis of this claim
   f.   The identity of all medical providers involved in treating any injury claimed in the incident made the basis of the claim
   g.   Each insurer and claim number assigned to the claim; and
   h.   The disposition of the claim.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

Defendant objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably

calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, none.

10.  Pursuant to Texas Rule of Evidence 609(f), identify by stating the date, cause number, offense, and court for each criminal conviction of the Plaintiff and any person designated by any party as having knowledge of facts relevant to this matter pursuant to Texas Rule of Civil Procedure 194.2(e).

ANSWER:

The Defendant is not aware of any at this time.

11.  Pursuant to Texas Rules of Civil Procedure 194.2(d) and 192.3(a), if you contend that you are entitled to a credit or offset against judgment, state for each such credit/offset:

a. The dollar amount;
b. Each category(ies) of damages to which you claim the credit/offset applies; and
c. How you arrived at and/or calculated the dollar amount of the credit/offset.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant refers Plaintiff to response to Plaintiff's 194.2.

12.  State each and every factor which you now contend or will contend at trial caused or contributed to causing the Plaintiff's damages including but not limited to pre-existing physical or medical conditions of the Plaintiff and, for each such factor, state in general the factual basis for your contention.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant AAA Texas County Mutual Insurance Company does not have personal knowledge of how the accident occurred. Defendant refers Plaintiff to any deposition testimonies obtained in this matter, as well as documents produced by any party.

13. If you contend that the Plaintiff's actions and/or omissions caused or contributed to causing the collision from which Plaintiff's claim for uninsured/underinsured motorist benefits arises, describe in general the factual basis for your contention.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Without waiving said objections, Defendant AAA Texas County Mutual Insurance Company does not have personal knowledge of how the accident occurred. Defendant refers Plaintiff to any deposition testimonies obtained in this matter, as well as documents produced by any party. Further, Defendant makes no contentions at this time.

14. If not already contained in documents produced herein, state all procedures followed and each criteria utilized by Defendant in its investigation and evaluation of Plaintiff's claim.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Defendant objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied)

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

15. List, identify, and describe all documents not already produced herein that support your contention, if any, that:

    a. Plaintiff failed to meet or perform condition(s) precedent to his bringing this lawsuit;
    b. Plaintiff failed to comply with a term or condition of the insurance agreement that is the subject of this lawsuit; and/or
    c. Plaintiff's claim is excluded from uninsured/underinsured motorist coverage pursuant to a term or condition of the insurance agreement that is the subject of this lawsuit.

**ANSWER:**

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex.

2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company,* 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 457-58 (Tex. 1982).

Without waiving said objections, Defendant is not making those contentions at this time.

16.     State every reason for your denial of Plaintiff's uninsured/underinsured motorist claim in excess of your April 28, 2014, offer to pay $20,000.00 (in addition to $5,000.00 in previously paid personal injury protection benefits and $30,000.00 previously paid by Patricia Tompkins' insurance carrier).

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company,* 216 S.W.3d 809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company,* 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 457-58 (Tex. 1982).

17. If you used any computer software program to assist in the evaluation of Plaintiff's claim for uninsured/underinsured motorist benefits arising from bodily injury, state for each program:

a. The name of the program used;
b. The specific data utilized by the program in evaluating Plaintiff's claims;
c. All data fields that the program deems relevant to evaluating injury claims
d. The identity of each person who input data regarding Plaintiff into the program;
e. The means by which the results of the program's analysis are presented to the program user and/or claims adjuster(s);
f. The identity of each person who received results regarding Plaintiff's claim; and
g. The methods by which results of the program's analysis are distributed to each end user of the information other than the program user and claims adjuster(s).

ANSWER:

Defendant objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery.

Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes trade secrets and other proprietary information. *See* Tex. R. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date.

Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, does not and cannot outweigh harm of disclosure to the Defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

18. List all manuals, instructions, directions, and materials providing guidance regarding the use of each computer software program identified in the foregoing interrogatory.

ANSWER:

Defendant objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery.

Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes trade secrets and other proprietary information. *See* Tex. R. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, does not and cannot outweigh harm of disclosure to the Defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

19. State every reason for your refusal to pay the $20,000.00 that you offered (in addition to $5,000.00 in previously paid personal injury protection benefits and $30,000.00 previously paid by Patricia Tompkins' insurance carrier) through Fredrick M. Armour, your Claims Service Representative, on April 28, 2014.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

20. If you contend that Plaintiff is obligated to provide you with a release in exchange for the payment of benefits afforded by the uninsured/underinsured motorist coverage contained in the policy at issue herein, identify all policy provisions and other documents on which you base such contention.

ANSWER:

The Defendant objects to this request as it is overly broad, vague and unduly burdensome.

Defendant objects to this Request to the extent that this requests the Defendant to render a legal opinion or legal conclusion.

The Defendant further objects to this interrogatory as it calls for a narrative response, and is an attempt by Plaintiff to improperly limit Defendant's testimony.

The Defendant further objects to this interrogatory to the extent that it is outside the scope of discovery as it concerns matters that are not relevant to the subject matter of this present lawsuit, it seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Defendant objects as Plaintiffs are not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

CAUSE NO. 201-1365-A

| | | |
|---|---|---|
| THOMAS JACKSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | 188th JUDICIAL DISTRICT |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

## DEFENDANT'S OBJECTIONS and RESPONSES TO PLAINTIFF THOMAS JACKSON'S FIRST REQUEST FOR ADMISSIONS

TO: **Thomas Jackson**, Plaintiff, by and through his attorneys of record, M. Raymond Hatcher and Alan J. Robertson, Sloan, Bagley, Hatcher & Perry Law Firm, 101 East Whaley Street, Longview, Texas 75601.

COMES NOW AAA Texas County Mutual Insurance Company, Defendants in the above numbered and styled cause, and serves its Objections and Responses to Plaintiff's First Request for Admissions, in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway,
Dallas, TX 75231
Tel: 214-749-4805
Fax: 214-760-1670
carlos.balido@wbclawfirm.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed, faxed, or hand delivered to all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on December 23, 2014.

*Via First Class U.S. Mail*
M. Raymond Hatcher
Alan J. Robertson
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

CARLOS A. BALIDO

The Defendant objects generally to the Definitions and Instructions set forth at the beginning of this written discovery request for the reason that they are overly broad, unduly burdensome, and harassing. Further, the Defendant objects to these Definitions and Instructions for the reason that there is no provision in the Texas Rules of Civil Procedure requiring a party to abide by such definitions and instructions. The Defendant also objects to the Definitions and Instructions to the extent that they seek to impose a greater burden and obligation on the Defendant than is permissible under the Texas Rules of Civil Procedure.

Without waiving or limiting the foregoing general objection, the Defendant specifically objects to Plaintiff's discovery as follows:

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR ADMISSIONS

1. Plaintiff sued Defendant AAA Texas County Mutual Insurance Company in its proper name.

   **RESPONSE:**

   Admit.

2. On June 12, 2013, Plaintiff was insured by a personal automobile policy bearing policy number TPA016443353 issued by Defendant.

   **RESPONSE:**

   Admit.

3. Prior to June 12, 2013, Defendant entered into a contractual agreement with Plaintiff to provide uninsured/underinsured motorist coverage to Plaintiff in the event that he was involved in a motor vehicle collision caused by an uninsured/underinsured motorist.

   **RESPONSE:**

   Admit.

4. Your policy number TPA016443353 provided uninsured/underinsured motorist coverage to Plaintiff on June 12, 2013.

   **RESPONSE:**

   Admit.

5. Your policy number TPA016443353 was in force and effect on June 12, 2013.

RESPONSE:

Admit.

6. All premiums due on your policy number TPA016443353 on or before June 12, 2013, had been timely paid by or on behalf of Plaintiff.

RESPONSE:

Admit.

7. One June 12, 2013, a collision occurred in Gregg County, Texas, between a motor vehicle operated by Plaintiff and a motor vehicle operated by Patricia Tompkins.

RESPONSE:

Admit.

8. Plaintiff timely notified Defendant of a potential uninsured/underinsured motorist claim following the June 12, 2013, motor vehicle collision that is the basis of this suit.

RESPONSE:

Admit.

9. Defendant has not issued a reservation of rights letter to Plaintiff pertaining to the uninsured/underinsured motorist claim Plaintiff made following the June 12, 2013, motor vehicle collision that is the basis of this suit.

RESPONSE:

Admit.

10. Based upon your investigation(s) of the June 12, 2013, motor vehicle collision that is the basis of this suit, you determined that Patricia Tompkins was negligent.

RESPONSE:

Deny.

11. If, based upon your investigation(s) of June 12, 2013, motor vehicle collision that is the basis of this suit, you determined that Patricia Tompkins was negligent, you also determined that Patricia Tompkins' negligence proximately caused the collision in question.

RESPONSE:

Deny.

12. If, based upon your investigation(s) of June 12, 2013, motor vehicle collision that is the basis of this suit, you determined that Patricia Tompkins' negligence proximately caused the collision in question, you also determined that Patricia Tompkins' negligence and the resulting collision caused at least some injury to Plaintiff.

RESPONSE:

Deny.

13. Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, Defendant has determined that Patricia Tompkins was an underinsured motorist, as that term is defined in your policy number TPA016443353.

RESPONSE:

Deny.

14. Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, you have determined that Plaintiff has sustained damage in excess of the sum of (1) Plaintiff's $5,000.00 personal injury protection coverage, and (2) Patricia Tompkins' $30,000.00 limit of liability insurance.

RESPONSE:

Defendant objects to this request as it is a two part question and vague.

Without waiving this objection, deny.

15. On April 28, 2014, you offered $20,000.00 from Plaintiff's uninsured/underinsured motorist coverage in addition to $5,000.00 in personal injury protection coverage that you previously paid to Plaintiff and $30,000.00 previously paid by Ms. Tompkins' liability insurance carrier.

RESPONSE:

Admit.

16. Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, you have determined that Plaintiff has sustained at least $55,000.00 in damages as a result of the June 12, 2013, motor vehicle collision between Plaintiff and Patricia Tompkins.

RESPONSE:

Deny.

17. You have failed to pay any portion of the $20,000.00 that you offered Plaintiff on April 28, 2014.

RESPONSE:

Defendant objects to this request in that it is vague and argumentative.

Without waiving this objection and subject thereto, Defendant admits that it has not paid the $20,000.00 offered to Plaintiff on April 28, 2014.

18. Plaintiff has complied with all conditions precedent to recovering from the uninsured/underinsured motorist coverage contained in your policy number TPA016443353.

RESPONSE:

Defendant objects to this request as it is vague.

Without waiving this objection and subject thereto, Defendant cannot admit or deny. Reasonable inquiry has been made for this information and the information known or easily obtainable is insufficient to enable Defendant to admit or deny.

CAUSE NO. 2014-1365-A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188TH JUDICIAL DISTRICT |

DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

COMES NOW, AAA Texas County Mutual Insurance Company, Defendant in the above styled and numbered cause and files its First Amended Original Answer to the Plaintiff's Second Amended Original Petition and in support thereof would respectfully represent and show unto the Court the following:

I.

Defendant AAA Texas County Mutual Insurance Company denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

II.

Defendant AAA Texas County Mutual Insurance Company demands a trial by jury.

III.

Further answering, if the same be necessary, Defendant contends that the allegations made the basis of the claims and alleged damages, if any, of Plaintiff were caused by acts and/or omissions of persons or third parties over whom this Defendant has no control, and for whom this Defendant is not in law responsible. Such acts and/or omissions were the sole proximate cause or a proximate cause or a producing cause of the occurrence in question and the alleged damages, if any.

**MR 62**

IV.

While denying that Plaintiff sustained injuries and suffered the incapacities as alleged, Defendant would show that the injuries sustained by the Plaintiff prior and/or subsequent to the date of the accident made the basis of this suit, contributed in some part to any current incapacity of the Plaintiff.

V.

Further answering, Defendant specially denies that Plaintiff sustained the injuries alleged and would further show that the injuries, if any, sustained by him were temporary and partial in nature and are no longer existing.

VI.

Further answering, Defendant would show that the Plaintiff's recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of the Plaintiff as mandated by the Texas Civil Practice & Remedies Code § 41.0105.

VII.

Pleading further, Defendant would show that he is entitled to a credit or set-off for any money collected by Plaintiff from any tortfeasor or Co-Defendant as settlement or judgment based on the incident at issue.

VIII.

Defendant would further show by way of affirmative defense that Defendant is entitled to a credit/offset for PIP benefits previously paid to the Plaintiff in the amount of $5,000.00. Defendant pleads entitlement to this credit/offset pursuant to Texas law, and in particular, the Texas Insurance Code.

**MR 63**

IX.

Further, Defendant would show that Plaintiff has failed to mitigate his damages as a reasonable prudent person would have done under the same or similar circumstances and that such failure to mitigate damages is the sole cause, or the proximate cause, of Plaintiff's damages, if any.

WHEREFORE, PREMISES CONSIDERED, Defendant AAA Texas County Mutual Insurance Company prays that upon final trial and hearing hereof, that no recovery be had from Defendant AAA Texas County Mutual Insurance Company, but that Defendant AAA Texas County Mutual Insurance Company go hence without delay and recover its costs, and for such other and further relief to which Defendant AAA Texas County Mutual Insurance Company may be justly entitled and will ever pray.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, TX 75231
Tel: 214-749-4805
Fax: 214-760-1670
carlos.balido@wbclawfirm.com

**MR 64**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been mailed, faxed, or hand delivered to all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on January 19, 2015.

M. Raymond Hatcher
Alan J. Robertson
Sloan, Bagley, Hatcher & Perry law Firm
P. O. Drawer 2909
101 East Whaley Street
Longview, TX 75606
tel: 903-757-7000
fax: 903-757-7574
rhatcher@sloanfirm.com

_____
CARLOS A. BALIDO

**MR 65**

CAUSE NO. 2014-1365-A

| THOMAS JACKSON | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188TH JUDICIAL DISTRICT |

## DEFENDANT AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY'S MOTION FOR SEVERANCE AND/OR PLEA IN ABATEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, AAA Texas County Mutual Insurance Company (hereinafter referred to as "AAA,") and in the above-entitled and numbered cause, and files this its Motion for Severance and/or Plea In Abatement and in support of the same would respectfully represent and show unto the Court the following:

### I.

AAA would show that this lawsuit arises out of an automobile accident that occurred on or about June 12, 2013. Plaintiff alleges that he was turning left when tortfeasor, Patricia Tompkins, struck Plaintiff's vehicle. At the time, AAA provided automobile liability insurance to the Plaintiff, which contained underinsured motorist protection coverage ("UIM"). Plaintiff made a claim under the policy provided by Defendant AAA.

The Plaintiff has filed suit for breach of contract against Defendant seeking to recover the UIM benefits (hereinafter the "contract claims"). However, this action is not limited to contractual claims for UIM benefits. Rather, Plaintiff also asserted extra-contractual allegations against Defendant for alleged breach of its duty of good faith and fair dealing arising from the insurance contract between the parties (hereinafter the "extra-contractual claims").

**MR 66**

## II.

To the extent that Plaintiff has alleged extra-contractual claims, AAA requests that the Court sever all extra-contractual claims from the underlying contract claim in this case. The Plaintiff should first have to prove his damages before AAA be made to defend the extra contractual claims. Numerous Texas courts have concluded it is necessary to sever and abate extra contractual claims from the threshold contract claim because of the cruel and unacceptable dilemma the Defendant would necessarily face if it is forced to try both the fundamental issue of liability in conjunction with claims addressing its evaluation of liability. *In Re Trinity Universal Insurance Company*, No. 64 S.W.3d 463 (Tex. App.—Amarillo 2001, orig. proceeding); *State Farm Mut. Automobile Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding); *Balderama v. Western Casualty Life Ins. Co.*, 794 S.W.2d 84, 89 (Tex. App.—San Antonio 1990), *rev'd on other grounds*, 825 S.W.2d 432 (Tex. 1991); *Northwestern Nat'l Llyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46-47 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assoc. v. Millard*, 856 S.W.2d 765, 767 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); *Millard*, 847 S.W.2d at 668; *Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752-53 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

The compelling rationale of these cases is that privileged material (such as counsel's evaluation and insurance investigative claim files) and settlement negotiations are inadmissible on the contract claims with regard to liability and damages. Nevertheless, this evidence would be admissible regarding a tort or other extra-contractual claims to show whether the insurer acted properly or not. The paradox created by the failure to sever is readily apparent. Without severance of the extra-contractual claims, a defendant must choose between protecting its

**MR 67**

evidentiary privileges (*e.g.*, attorney-client communications and offers of settlement) and forego demonstrating that its actions did not violate the statute or waive its privileges and inject into the case issues of settlement, consultation with counsel, and investigative procedures and findings in an effort to demonstrate it complied with the applicable statute. Faced with these conflicting options, the *Wilborn* court concluded:

> [T]he resolution of this conflict leaves but one decision to protect all interests involved and that is to order severance of the two causes of action and to abate the proceedings on the bad faith claim until final disposition of the uninsured motorist claim.

*Id.* at 262. *See also, Millard, supra,* 847 S.W.2d at 668.

The case law is clear that the extra-contractual claims are to be severed from contract claims because to try the two distinct types of claims together is (1) highly prejudicial to the insurer because of the inherent problems which inevitably arise when trying an underinsured/uninsured motorist claim jointly with extra-contractual claims requiring the injection of insurance, settlement negotiations, settlement offers, and of privileged matters (such as advice of counsel and investigative claim files) and (2) potentially a waste of limited judicial and party resources because the extra-contractual claims are necessarily dependent on the resolution of the underinsured/uninsured motorist claim and, therefore, can be rendered moot by the first proceeding. *Id.*

The Amarillo Court of Appeals ordered severance of an underinsured contract claim from the plaintiffs' extra-contractual claims. *See In Re Trinity Universal Insurance Company* at 467. There, the Amarillo Court of Appeals laid a framework for determining that the plaintiffs' claim for damages under Article 21.55 should be severed where (1) the claim for underinsured/uninsured motorist benefits is contractual and the claim for penalty under Article

MR 68

21.55 involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the Article 21.55 claim is not so interwoven with the tort action and contract action that they involve the same facts and issues. *Id.*

Defendant would show that *In Re Trinity Universal Insurance Company* is similar to the case at bar. Here, the (1) Plaintiff's claim for UIM benefits is contractual and the extra-contractual claims involve more than one cause of action, (2) the severed claims would be the proper subject of a lawsuit if independently asserted, and (3) the extra-contractual claims are not so interwoven with the contract action that they involve the same facts and issues: the unresolved questions of liability and medically necessary treatment are factually and legally distinct from the questions of alleged breach of duty of good faith and fair dealing. Once a trier of fact has determined that Plaintiff's alleged injuries and treatment were the proximate result of said accident; then and only then, is it appropriate to consider whether the Defendant violated their duty of good faith and fair dealing in the handling of the UIM claim.

### III.

Defendant AAA would further request that Plaintiff's extra-contractual claims be abated until Plaintiff's contract claim has been finally resolved. *United States Fire Insurance Co. v. Millard,* 847 S.W.2d 688 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Texas Farmers Insurance Company v. Stem,* 927 S.W.2d 77 (Tex. App.—Waco 1996); *Mid-Century Insurance Company of Texas v. Lerner,* 901 S.W.2d 749 (Tex. App.—Houston [14th Dist.] 1995). The issue of discovery regarding the extra-contractual claims necessitates the abatement of these claims. It is well settled under Texas law that where litigation is initiated regarding an insurance claim on the contract and for extra-contractual claims, evidence regarding the extra-contractual

**DEFENDANT AAA'S MOTION FOR SEVERANCE AND/OR PLEA IN ABATEMENT**
#1334490/77325                                                                                    **PAGE 4**

claims remains privileged and undiscoverable during the pendency of the contract claim. In

*Maryland American General Insurance Co. v. Blackmon*, 639 S.W.2d 455 (Tex. 1982), the court

found that the plaintiff was not entitled to discovery of otherwise privileged information

regarding bad-faith claims as long as the liability on the contract action remained undetermined

as it would be prejudicial to the insurance company's right to the defense of the contract. In

holding that the insurance company could assert its privileges on the contract claim, the Supreme

Court pointed out the following:

> In order to recover under its contract cause of action, the [Plaintiff Bank] must prove its president was dishonest and that such dishonesty caused losses within the terms of the bond. [The insurance company] . . is entitled to defend itself by requiring the [Bank] . . . prove its cause of action and assert whatever defenses it may have. The protection of the party's right to defend a suit brought against him is the essence of the proviso in Rule 186a [now Rule 166b, the attorney-client, work product, and investigative privileges], and the privilege exists so long as that right exists. Regardless of the other reasons which might justify the use of this information, it would be impossible to limit the prejudicial effect of disclosure on [the insurance company's] . . . right to defend the contract cause of action. Moreover, if a plaintiff attempting to prove the validity of a claim against an insurer could obtain the insurer's investigative files merely by alleging the insurer acted in bad faith, all insurance claims would contain such allegations. We hold that [the insurance company] . . . is entitled to assert the privilege so long as its liability on the bond remains undetermined.

*Blackmon*, 639 S.W.2d at 457-58.

In further support of said motion, the San Antonio Court of Appeals in *In Re United Fire

Lloyds* held extra-contractual claims should be severed and abated from the contract action. In

that case, in his amended petition, the Plaintiff filed contractual claims for UIM benefits as well

as extra-contractual claims against the insurer. The Court found severance and abatement of the

extra-contractual claims, and not bifurcation, is the proper procedure in a UIM claim. The Court

found when an action is brought against the insurer for both breach of contract and

extra-contractual claims the extra-contractual claims should be severed and abated until such

MR 70

time as the Plaintiff has obtained a judgment as to liability against the tortfeasor and established Plaintiff's underinsured status. As the Court states, *the insurer "should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits*. To require such would not do justice, avoid prejudice, and further convenience." *In re United Fire Lloyds,* 327 S.W. 3d 250, 256 (Tex. App.—San Antonio, 2010, no pet.) (attached as Exhibit "A).

Defendant should not be required to undergo the expense of discovery with respect to extra-contractual claims, when there exists a substantial possibility that damages are not awarded in the contract claim, and, thus, will not even trigger the duty to pay under the UIM provisions of the policy. Such a finding on the contract claim would preclude any necessity to discovery or to try the extra-contractual claims.

WHEREFORE, PREMISES CONSIDERED, Defendant AAA prays that the Court sever Plaintiff's extra-contractual claims against Defendant pursuant to Rule 41 and/or Rule 174(b) of the Texas Rules of Civil Procedure. Defendant AAA further moves for an abatement of such actions until such time that the action against Defendant for UIM benefits is resolved by judgment or settlement. Defendant AAA further requests such other relief to which it may show itself entitled.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214-749-4805
214-760-1670 - Fax
E-mail: balidovfax@wbclawfirm.com

ATTORNEY FOR DEFENDANT
AAA Texas County Mutual Insurance Company

## CERTIFICATE OF CONFERENCE

On January 16, 2015, counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the court in this motion, and despite best efforts, the counsel have not been able to resolve the matters presented. Therefore, a hearing is requested in this matter.

Certified to the ___19___ day of ___January___, 2015.

Carlos A. Balido

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of January, 2015, a true and correct copy of the foregoing document was forwarded to all counsel of record.

Carlos A. Balido

# Exhibit "A"

MR 73

327 S.W.3d 250
Court of Appeals of Texas,
San Antonio.

In re UNITED FIRE LLOYDS.

No. 04–10–00094–CV. | July 14, 2010.

**Synopsis**
**Background:** Employee who had been involved in motor vehicle accident with other motorist filed suit against employer's automobile insurer, asserting claim for underinsured motorist (UIM) benefits, as well as bad faith claims. Insurer filed motion to sever and abate UIM claim from bad faith claims. Employee filed motion for a bifurcated trial. The 49th Judicial District Court, Webb County, Jose A. Lopez, J., denied insurer's motion and granted employee's motion. Insurer filed petition for writ of mandamus.

**Holdings:** The Court of Appeals, Rebecca Simmons, J., held that:

[1] trial court was required to sever and abate UIM claim from bad faith claims, and

[2] insurer had no adequate remedy by appeal with respect to trial court's abuse of discretion in denying its motion to sever and abate.

Writ conditionally granted.

West Headnotes (14)

[1] **Mandamus**
☞Remedy at Law
**Mandamus**
☞Nature of acts to be commanded

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law.

1 Cases that cite this headnote

[2] **Appeal and Error**
☞Nature and Extent of Discretionary Power
**Mandamus**
☞Matters of discretion

A trial court has no discretion in determining what the law is or applying the law to the facts, and a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion for mandamus purposes.

[3] **Mandamus**
☞Matters of discretion

To satisfy the clear abuse of discretion standard for issuance of a writ of mandamus, the relator must show that the trial court could reasonably have reached only one decision.

[4] **Mandamus**
☞Remedy at Law

Appellate court will not issue a writ of mandamus if there is a clear and adequate remedy at law.

[5] **Mandamus**
☞Nature and existence of rights to be protected or enforced

Since mandamus is intended as an extraordinary remedy, such interference is justified only when parties stand to lose their substantial rights.

**MR 74**

[6] **Action**
⟶Severance of actions
**Action**
⟶Nature and subject matter of actions in general

Trial court was required to sever and abate claim for underinsured motorist (UIM) benefits brought by employee involved in motor vehicle accident with other motorist against employer's automobile insurer from employee's bad faith claims against insurer, as insurer was under no contractual duty to pay UIM benefits until employee established the liability and underinsured status of the other motorist, and, thus, insurer should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits, in that to require such would not do justice, avoid prejudice, and further convenience.

4 Cases that cite this headnote

[7] **Action**
⟶Severance of actions
**Trial**
⟶Separate Trials in Same Cause

Severance and bifurcation are distinct trial procedures; a "severance" divides the lawsuit into two or more separate and independent causes, but the "bifurcation" of a trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time.

2 Cases that cite this headnote

[8] **Action**
⟶Severance of actions

Claims are properly severable if: (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.

[9] **Action**
⟶Severance of actions

The controlling reasons for a severance of claims are to do justice, avoid prejudice, and further convenience.

1 Cases that cite this headnote

[10] **Insurance**
⟶Prerequisites for Claim of Breach or Bad Faith
**Insurance**
⟶Bad faith in general

Contractual claims based on an insurance policy and bad faith claims against an insurer are by their nature independent, but, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract.

1 Cases that cite this headnote

[11] **Insurance**
⟶Necessity of Tort Liability

In a case in which underinsured motorist (UIM) benefits are sought from an automobile insurer, the UIM insurer is obligated to pay damages which the insured is legally entitled to recover from the underinsured motorist. V.A.T.S. Insurance Code, art. 5.06–1(5) (Repealed).

2 Cases that cite this headnote

**MR 75**

[12]    **Insurance**
 ⟜Necessity of Tort Liability
 **Insurance**
 ⟜Underinsurance: exhausted coverage
 **Insurance**
 ⟜Determination of Tort Liability; Actions and
 Settlements

An underinsured motorist (UIM) insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist; neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay.

 1 Cases that cite this headnote

[13]    **Insurance**
 ⟜Uninsured or Underinsured Motorist
 Coverage
 **Insurance**
 ⟜Necessity of Tort Liability
 **Insurance**
 ⟜Claims and Settlement Practices

For an insured to recover for underinsured motorist (UIM) benefits under an automobile insurance policy, he must prove not only that the purported underinsured motorist negligently caused the accident that resulted in the covered damages, but also that all applicable policy provisions have been satisfied.

[14]    **Mandamus**
 ⟜Modification or vacation of judgment or order

Employer's automobile insurer, against which employee had brought claim for underinsured motorist (UIM) benefits as well as bad faith claims, had no adequate remedy by appeal with respect to trial court's abuse of discretion in denying its motion to sever and abate UIM claim from bad faith claims, and, thus, mandamus relief was appropriate, as if mandamus was not granted, insurer stood to lose

substantial rights by being required to prepare for claims that might be rendered moot and might have not even yet accrued.

 1 Cases that cite this headnote

**\*252** Original Mandamus Proceeding.[1]

**Attorneys and Law Firms**

Clay E. Coalson, Donnell, Abernethy & Kieschnick, Corpus Christi, TX, Jose L. Gamez, Donnell, Abernethy & Kieschnick, Edinburg, TX, for Appellant.

Ronald A. Ramos, Nadine Nieto, Law Offices of Ronald A. Ramos, P.C., Adam Poncio, Poncio Law Offices, P.C., San Antonio, TX, Bryan W. Jones, Texas Mutual Insurance Company, Austin, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice, MARIALYN BARNARD, Justice.

**Opinion**

## OPINION

Opinion by: REBECCA SIMMONS, Justice.

On February 8, 2010, relator United Fire Lloyds filed a petition for writ of mandamus, seeking to compel the trial court to (1) vacate the October 7, 2009 Order Granting Plaintiff's Motion for a Bifurcated Trial, (2) vacate the October 13, 2009 Order Denying Defendant United Fire Lloyd's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims, and (3) grant United Fire's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims. We conditionally grant mandamus relief.

## BACKGROUND

The underlying suit arose from a motor vehicle accident involving Juan Garcia and Ramon Valverde. Garcia filed suit against United Fire for underinsured motorist ("UIM") benefits under his employer's insurance policy. The original petition only alleged a claim for UIM benefits, but subsequently filed petitions added extra-contractual (bad faith) claims. The Fourth **\*253**

**MR 76**

Amended Petition[2] alleged the following bad faith claims in violation of the Texas Insurance Code: (1) failing to commence an investigation of Garcia's claim and failing to request from the claimant all items, statements, and forms in order to properly evaluate Garcia's claim in violation of section 542.055; and (2) engaging in unfair settlement practices in violation of section 541.060.[3]

United Fire contends it made a settlement offer in the amount of $100,000 during mediation. However, no settlement agreement was ever reached. Later, United Fire filed a motion to sever and abate Garcia's UIM claim from the bad faith claims. As the basis for the motion, United Fire asserted a severance was necessary because the introduction of the settlement offer, the policy limits, and the facts concerning United Fire's handling of the claim, as they relate to the bad faith claims, would prejudice United Fire in the trial of the UIM claim, and would confuse, complicate, and considerably lengthen the trial. Garcia then filed a motion for a bifurcated trial as an alternative to the severance and abatement. As authority for his motion, Garcia relied on this court's opinion in *In re Travelers Lloyds of Tex. Ins. Co.*, in which we concluded the trial court did not abuse its discretion in bifurcating over severing the contractual claims from the bad faith claims. *See* 273 S.W.3d 368, 373–75 (Tex.App.-San Antonio 2008, orig. proceeding). Garcia contended a severance would be judicially wasteful, would unduly prejudice him, and the disposition of the trial on the UIM claim would not eliminate the trial on the bad faith claims. In response to the motion for a bifurcated trial, United Fire asserted that a UIM claim is different from other types of contractual insurance claims because there is no contractual duty to pay benefits until the insured obtains a judgment establishing liability and the underinsured status of the other motorist. Therefore, United Fire claimed no bad faith claims had yet accrued, and the trial on the UIM claim would control the outcome of the bad faith claims. After a hearing, the trial court granted Garcia's motion for a bifurcated trial and denied United Fire Lloyd's motion to sever and abate. This petition for writ of mandamus ensued.

## ANALYSIS

### I. Standard of Review

[1] [2] [3] [4] [5] [6] Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992)

(orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion" *254 *Walker*, 827 S.W.2d at 840. "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex.1996) (quoting *Walker*, 827 S.W.2d at 840). However, this court will not issue a writ of mandamus if there is a clear and adequate remedy at law. *See Walker*, 827 S.W.2d at 840. Since mandamus is intended as an extraordinary remedy, such interference is justified only when parties stand to lose their substantial rights. *Id.* at 842.

### II. Severance or Bifurcation?

[7] [8] [9] Severance and bifurcation are distinct trial procedures. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex.1970). A severance divides the lawsuit into two or more separate and independent causes. *Id.* However, the bifurcation of a trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time. *Id.* Claims are properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990). "The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience." *Id.*

[10] Contractual claims based on an insurance policy and bad faith claims are by their nature independent. *Akin*, 927 S.W.2d at 629. "But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Id.* In *Akin*, the Texas Supreme Court concluded that a severance may be necessary in some bad faith cases. *Id.* at 630. For instance, when evidence is admissible only with regard to the bad faith claim and would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.*

Following *Akin*, numerous intermediate courts of appeals have considered whether it is an abuse of discretion for a trial court to refuse to order a severance of contractual claims from bad faith claims when a settlement offer has been made. *See, e.g., In re Miller*, 202 S.W.3d 922, 925–26 (Tex.App.-Tyler 2006, orig. proceeding [mand.

**MR 77**

denied] ); *In re Allstate Tex. Lloyds*, No. 14-05-00762-CV, 2005 WL 2277134, at *4 (Tex.App.-Houston [14th Dist] Sept. 2, 2005, orig. proceeding) (mem. op.); *In re Allstate Indem. Co.*, 05-03-01496-CV, 2003 WL 22456345, at *1 (Tex.App.-Dallas Oct. 30, 2003, orig. proceeding) (mem. op.); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex.App.-Amarillo 2001, orig. proceeding [mand. denied] ). Eventually, parties began seeking bifurcation of the contractual claims from the bad faith claims as an alternative to severance. *See In re Travelers*, 273 S.W.3d at 373-75; *In re Allstate Tex. Lloyds*, 202 S.W.3d 895, 900 (Tex.App.-Corpus Christi 2006, orig. proceeding [mand. denied] ) (concluding plaintiffs failed to meet their burden that they would be prejudiced by the bifurcation of contractual claims under a homeowner's insurance policy and bad faith claims instead of severing and abating the claims). But we are only aware of a few cases in the context of a UIM claim that have considered whether severance and abatement is necessary over bifurcation. *See In re Allstate Prop. and Cas. Ins. Co.*, No. 02-07-00141-CV, 2007 WL 1574964, at *1 (Tex.App.-Fort Worth May 30, 2007, orig. proceeding) (mem. op.) (holding it was an abuse of discretion to bifurcate *255 instead of severing and abating the UIM claim from the bad faith claims); *In re Allstate County Mut. Ins. Co.*, 209 S.W.3d 742, 746-47 (Tex.App.-Tyler 2006, orig. proceeding) (concluding it was an abuse of discretion to bifurcate instead of severing the UIM claim from the bad faith claims). However, these cases fail to discuss the necessity of severance and abatement rather than bifurcation in the context of a UIM claim.

[11] [12] In a UIM case, "[t]he UIM insurer is obligated to pay damages which the insured is 'legally entitled to recover' from the underinsured motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex.2006) (citing TEX. INS.CODE art. 5.06-1(5)). In *Brainard*, the Texas Supreme Court expounded on the uniqueness of a UIM case as follows:

> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are

determined.

*See Brainard*, 216 S.W.3d at 818 (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex.2000)).[4] Therefore, "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist.... Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id.*

[13] Therefore, in order for Garcia to recover under his UIM claim, he must prove not only that the purported underinsured motorist negligently caused the accident that resulted in the covered damages, but also that all applicable policy provisions have been satisfied. *See Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied) (holding that because an insurer is not obligated to pay UIM benefits until the insured becomes legally entitled to those benefits, an insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is established). As a result, United Fire contends the trial court abused its discretion in bifurcating rather than severing and abating because it is disputed whether there is a covered loss. United Fire argues it should not be required to prepare for a trial on bad faith claims when it has no contractual duty to pay the UIM claim until Garcia obtains a judgment establishing the underinsured motorist's liability and underinsured status.

Garcia responds that it is not disputed that he has a covered loss and the bad faith claims will not be mooted by a trial on the UIM claim; therefore, this court should hold the trial court did not abuse its discretion in bifurcating the trial rather than severing and abating.[5] Garcia relies *256 primarily on *In re Travelers* to support his argument. *See* 273 S.W.3d at 373-75. However, we do not find *In re Travelers* controlling because it was not a UIM case. *Id. In re Travelers* involved a suit filed by homeowners against their homeowners' insurance carrier for breach of contract and bad faith for mishandling their claim. *Id.* at 370. This court concluded that "[b]ecause the trial of the [plaintiffs'] extra-contractual claims is unaffected by the outcome of their contractual claim, a single bifurcated trial preceded by unified discovery and pretrial proceedings promotes judicial economy better than severance and abatement." *Id.* at 374. As a result, this court determined the trial court did not abuse its discretion in bifurcating the case because "[u]nder these circumstances, the primary justification for abatement of the extra-contractual claims—avoiding the effort and expense of conducting discovery on claims that may be rendered moot in a previous trial—is non-existent because

**MR 78**

the disposition of the contractual claim will not moot the extra-contractual claims." *Id.*

This court's determination that bifurcation is an appropriate alternative to severance is not applicable to the present case because a UIM claim that involves a dispute as to whether there is a covered loss is distinguishable from a homeowners' insurance claim where the existence of a covered loss is not disputed. Unlike the situation presented in *In re Travelers,* United Fire disputes whether Garcia has a covered loss. As a result, a determination of Garcia's UIM claim may negate his bad faith claims. *See Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex.2005) (recognizing bad faith claims are generally negated by a lack of coverage under the insurance policy); *Akin,* 927 S.W.2d at 630–31 (recognizing that judgment for the insurer on the coverage claim prohibits recovery premised only on the bad faith denial of a claim, but does not necessarily bar all claims for bad faith); *In re Miller,* 202 S.W.3d at 925 (concluding that bad faith claims are negated by a lack of coverage under the insurance policy).

As a result of the foregoing, we are constrained by the clear holding in *Brainard,* and hold that United Fire is under no contractual duty to pay UIM benefits until Garcia establishes the liability and underinsured status of the other motorist. *See Brainard,* 216 S.W.3d at 818. Therefore, United Fire should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. To require such would not do justice, avoid prejudice, and further convenience. *See Guar. Fed. Sav. Bank,* 793 S.W.2d at 658. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims.

[14] We further conclude United Fire does not have an adequate remedy by appeal because if mandamus is not granted it stands to lose substantial rights by being required to prepare for claims that may be rendered moot and may have not even yet accrued. *See U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 675 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); *In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 468 (Tex.App.-Amarillo 2001, orig. proceeding [mand. denied] ).

Finally, we address Garcia's contention that United Fire waived any complaint as to the wording or form of the order. Typically in a mandamus situation, a party preserves its complaint by requesting an order and the trial court either grants or \*257 does not grant the request to enter an order. *See Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 556 (Tex.1990). It is unclear what Garcia contends United Fire waived since United Fire's complaint is that the trial court improperly granted a bifurcated trial over severing and abating the UIM claim from the bad faith claims. United Fire does not appear to complain about the form or contents of the bifurcation order. Therefore, we do not find United Fire waived any complaints.

## CONCLUSION

We conclude the trial court abused its discretion in granting Juan Garcia's motion for a bifurcated trial and denying United Fire's motion to sever and abate. Accordingly, we conditionally grant the writ of mandamus. The trial court is ordered to (1) vacate the October 7, 2009 Order Granting Plaintiff's Motion for a Bifurcated Trial, (2) vacate the October 13, 2009 Order Denying Defendant United Fire Lloyd's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims, and (3) grant United Fire's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims. The writ will issue only if the trial court fails to comply within fourteen days.

Footnotes

1    This proceeding arises out of Cause No. 2008–CVE000521–D1, *Juan Garcia, Plaintiff, Texas Mutual Insurance Co., As Subrogee of Juan Garcia, Intervenor v. United Fire Lloyds,* pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Jose A. Lopez presiding.

2    The live petition is the Fifth Amended Petition. However, it was filed after the trial court granted the motion to bifurcate. In considering whether the trial court abused its discretion in denying United Fire's motion to sever and abate, we limit our review to the record that was before the trial court at the time the "decision was made." *In re Bristol–Myers Squibb Co.,* 975 S.W.2d 601, 605 (Tex.1998).

3    Specifically, Garcia contends United Fire engaged in unfair settlement practices by: (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Garcia's claim after liability had become reasonably clear, (2) refusing, failing or unreasonably delaying a settlement offer on the basis that other coverage may be available, and (3) delaying or refusing settlement

**MR 79**

of a claim solely because there is other insurance of a different kind available to satisfy part of the loss.

4   We acknowledge *Brainard* involved a different issue than the case at hand: a determination as to when presentment of a contract claim was made in order to determine whether a party was entitled to attorney's fees in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code. *Id.*

5   We note that in Garcia's Sur–Reply he provides, "The truth of the matter is the primary claims will be decided and then, if warranted, extra-contracial [sic] claims will be determined in the bifurcated portion of the trial." However, later Garcia again contends that the extra-contractual claims will not be rendered moot by judgment in the first phase of the trial due to bifurcation.

---

End of Document

© 2013 Thomson Reuters. No claim to original U.S. Government Works.

**MR 80**

Electronically Submitted
1/19/2015 9:04:44 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. 2014-1365-A

| THOMAS JACKSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188TH JUDICIAL DISTRICT |

## DEFENDANT AAA COUNTY MUTIAL INSURANCE COMPANY'S SPECIAL EXCEPTIONS TO PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, AAA Texas County Mutual Insurance Company, (hereinafter referred to as "Defendant" or "AAA"), and files this its Special Exceptions to Plaintiff's Second Amended Petition and in support thereof would respectfully represent and show unto the Court the following:

### I. SPECIAL EXCEPTION TO DECLARATORY JUDGMENT

Defendant would show that Plaintiff has alleged a claim against Defendant which may not be alleged pursuant to the facts of the case at bar. Defendant specially excepts to Paragraph J, because Plaintiff alleges claims against Defendant pursuant to the Uniform Declaratory Act found in Chapter 37 of the Texas Civil Practice and Remedies Code.

This case arises out of a claim for underinsured motorist coverage. On or about June 12, 2013, Plaintiff was involved in a motor vehicle accident. At the time of the accident, Plaintiff was covered by a liability insurance policy with Defendant AAA. Plaintiff alleges that a vehicle driven by Patricia Tompkins collided with the Plaintiff's vehicle. Ms. Tompkins' liability insurance company paid its policy limits for $30,000. At the time, AAA provided automobile liability insurance to the Plaintiff, which contained underinsured motorist protection coverage ("UIM").

Plaintiff is not seeking to obtain a declaration of rights, status, or other legal relations relating to the construction or validity of a written contract as required by the Uniform Declaratory Judgment Act, but is instead attempting to circumvent the Texas Supreme Court's ruling in *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006) by having the Court declare that Plaintiff's injuries and damages fall within the coverage of her insurance policy, and that, in turn, Plaintiff is entitled to recover her insurance proceeds. Such allegations and claims are invalid and fail to state a claim under Texas law.

The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Moreover, the Court held that there can be no award of attorney's fees to the claimant without such a finding of liability and damages. *Id.*

The Uniform Declaratory Judgment Act is found in Chapter 37 of the Texas Civil Practice & Remedies Code. The stated purpose of the Act is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE § 37.002. A person interested under a written contract, *i.e.* an insurance contract, whose rights, status, or other legal relations are affected by the contract, may have determined any question of *construction* or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE § 37.004(a) (*emphasis added*).

The Uniform Declaratory Judgment Act operates to provide an individual whose rights and legal relations are at issue in a contractual dispute as a vehicle by which he can solicit the Court to resolve questions of construction or validity under the contract. *Nat'l County Mut. Fire Ins. Co. v. Johnson*, 829 S.W.2d 322, 324 (Tex.App.–Austin 1992, writ granted). However, the Uniform Declaratory Judgment Act does not empower the courts to render advisory opinions.

**MR 82**

*Foust v. Ranger Ins. Co.*, 975 S.W.2d 329, 331-32 (Tex.App.–San Antonio 1998, writ denied). "Any judgment attempting to declare the liability of an insurance company relating to damages that *might* be assessed in an underlying case is advisory and beyond power and jurisdiction of the trial court under the Uniform Declaratory Judgment Act." *Id.*

In the case at bar, Plaintiff has asserted a typical UIM claim against Defendant, but has couched the claim as a declaratory judgment action pursuant to the Uniform Declaratory Judgment Act contained within Chapter 37 of the Texas Civil Practice & Remedies Code. Specifically, Plaintiff has requested that the Court declare that Plaintiff's injuries and damages fall within the coverage of her insurance policy, and that, in turn, Plaintiff is entitled to recover her insurance proceeds.

Plaintiff is simply trying to circumvent the Texas Supreme Court's ruling in *Brainard*, which requires her to obtain an adjudication of liability and damages before Defendant is obligated to pay benefits and/or attorney's fees, by asking the Court to issue an impermissible advisory opinion. Asking the Court for such declarations in a UIM case such as this does not serve the purpose of the Uniform Declaratory Judgment Act to determine the construction or validity of the insurance contract at issue and goes against established Texas Supreme Court precedent requiring the Plaintiff to obtain an adjudication of liability and damages before a UIM carrier (such as Defendant) is obligated to pay benefits and/or attorney's fees. Until such time as the Plaintiff has established that he is legally entitled to recover UIM benefits, AAA has no contractual obligation under their UIM motorist policy to pay the benefits. Hence, the declaratory judgment brought by Plaintiff is not ripe for judicial consideration.

Accordingly, Plaintiff has made allegations and claims in this case which are invalid and fail to state a claim under Texas law. Defendant specially excepts to Plaintiff's claims in Paragraph J for these reasons. Defendant requests that the Court sustain its Special Exception

**MR 83**

and order Plaintiff to replead and cure the pleading defects. If the Plaintiff does not cure this defect, Defendant requests that the Court strike the Plaintiff's claims.

## II. SPECIAL EXCEPTION AS TO ATTORNEY'S FEES

Defendant specially excepts to Paragraphs J(17) and Prayer for Relief (d) of the Plaintiff's Second Amended Original Petition as the Supreme Court of Texas has held that attorneys' fees are not recoverable in conjunction with an underinsured/uninsured motorist claim. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d. 809 (Tex. 2006).

In *Brainard*, the plaintiff contended that the appellate court erred in reversing the trial court's ruling which held that she was entitled to recover attorneys' fees because her insurer failed to timely pay underinsured motorists benefits after she presented her claim. 216 S.W.3d at 817; *see* TEX. CIV. PRAC. & REM. CODE § 38.002. To be entitled to attorneys' fees, the claimant must: 1) be represented by an attorney; 2) present the claim to the opposing party or to a duly authorized agent of the opposing party; and 3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented. *Id.* at § 38.002. While the Court recognized that a UIM insurer is obligated to pay damages which the insured is "legally entitled to recover" from the underinsured motorist, under Chapter 38, the contractual duty to pay does not arise until a judgment is obtained establishing the liability and underinsured/uninsured status of the other motorist. *Id.* (citing *Henson v. S. Farm Bureau Cas. Ins. Co.,* 17 S.W.3d 652, 653-54 (Tex. 2000)). Therefore, the Court determined that a claim for benefits is not presented until after the judgment is signed, and, consequently, upheld the appellate court's determination that the plaintiff was not entitled to recover attorney's fees.

In the present case, because the insurance contract does not require AAA to pay UIM benefits before the tortfeasor is found negligent and the UIM status is determined, Plaintiff has no contract claim prior to this Court issuing its judgment. Therefore, Plaintiff is not entitled to recover attorneys' fees. For these reasons, Defendant requests that the Court sustain its Special

**MR 84**

Exceptions and order Plaintiff to replead and cure the pleading defects. If the Plaintiff does not cure this defect, Defendant requests that the Court strike the Plaintiff's claims.

**WHEREFORE, PREMISES CONSIDERED,** Defendant AAA prays that the Court grant this its Special Exceptions and for such other and further relief to which Defendant AAA may be justly entitled and will ever pray.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214-749-4805
214-760-1670 - Fax
E-mail: carlos.balido@wbclawfirm.com

## CERTIFICATE OF CONFERENCE

On January 16, 2015, counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the court in this motion, and despite best efforts, the counsel have not been able to resolve the matters presented. Therefore, a hearing is requested in this matter.

Certified to the 19th day of January, 2015.

Carlos A. Balido

## CERTIFICATE OF SERVICE

This is to certify that on this the 19th day of January, 2015, a true and correct copy of the above document has been forwarded to all counsel of record.

CARLOS A. BALIDO

CAUSE NO. 2014 – 1365 – A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | OF GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

TO THE HONORABLE COURT:

Plaintiff Thomas Jackson files this, his Motion to Compel Discovery. Plaintiff requests that this Court sign an order compelling Defendant AAA Texas County Mutual Insurance Company ("AAA") to fully answer/respond to Plaintiff Thomas Jackson's First Request for Admissions, First Set of Interrogatories, and First Request for Production. In support thereof, Plaintiff respectfully shows the Court the following:

## I. INTRODUCTION

This lawsuit results from a motor vehicle collision occurring on or about June 12, 2013, in Gregg County, Texas. The collision occurred at the intersection of Pliler Precise Road and Judson Road in Longview, Texas. At that time, Plaintiff Thomas Jackson was the driver of a vehicle lawfully and safely traveling westbound on Pliler Precise Road. Jackson stopped in obedience to a traffic light at the intersection of Judson Road and Pliler Precise Road. After stopping, and in obedience to the traffic light, Jackson continued traveling westbound into the intersection of Pliler Precise Road and Judson Road. Patricia Tompkins was traveling northbound on Judson Road when, with complete disregard for the safety and welfare of other persons or property, she disregarded the red light, struck the driver's side of Jackson's vehicle, and caused the collision made the basis of this lawsuit.

*Plaintiff's Motion to Compel Discovery* *Page* 1

**MR 87**

When the collision occurred, AAA covered Jackson with a personal automobile insurance policy. AAA's policy included underinsured motorist coverage. Jackson's injuries and damages exhausted the limits of Ms. Tompkins's liability insurance coverage, so Jackson now seeks to enforce against AAA the insurance policy for which both he and AAA bargained and for which Jackson paid premiums.

AAA has already determined that Mr. Jackson was entitled at least $20,000.00 of its $100,000.00 underinsured motorist coverage, in addition to the $5,000.00 personal injury protection coverage it previously paid and the $30,000.00 of liability insurance paid by Ms. Tompkins's insurer. Despite Jackson's demand that AAA pay this amount (and the parties continue to litigate the amount(s) about which they disagree), AAA refuses to pay the $20,000.00 which it has already determined Mr. Jackson is entitled to and which AAA offered.

Discovery in this matter is governed by a Level 3 discovery control plan. This matter has been set for trial on February 8, 2016.

## II. DEFICIENCIES IN DEFENDANT'S DISCOVERY RESPONSES

No party to this lawsuit disputes that the events listed below occurred on the corresponding dates listed:

- **October 17, 2014**: Jackson's counsel serves AAA with Jackson's First Request for Admissions, First Request for Production, and First Set of interrogatories.

- **November 17, 2014**: AAA's counsel requests (and Jackson's counsel grants) the first of four extensions of AAA's deadline to respond to Jackson's written discovery. The parties agree to extend AAA's deadline to **November 25, 2014**. Exhibit A.

- **November 25, 2014**: AAA's counsel obtains its second extension. The deadline to object/respond/answer is now **December 10, 2014**. Exhibit B.

- **December 10, 2014**: AAA's counsel obtains its third extension. The deadline to object/respond/answer is now **December 17, 2014**. Exhibit C.

- **December 17, 2014**: AAA's counsel obtains its fourth and final extension. The deadline to object/respond/answer is now **December 24, 2014**. Exhibit D.

- **December 23, 2014**: AAA serves its Objections and Responses to Plaintiff's First Request for Admission, its Objections and Responses to Plaintiff's First Request for Production, and its Objections and Answers to Plaintiff's First Set of Interrogatories.

Although AAA purports to answer Jackson's discovery, it wholly failed to provide meaningful responses/answers, despite having over two months and four extensions of its deadline to respond. For example:

- In response to Jackson's 34 requests for production, AAA objected to **all but 7** requests and produced:

  - The Texas Peace Officer's Crash Report regarding the subject collision (previously produced by Jackson in discovery); and

  - Black-and-white photocopies of two digital photographs, presumably of the car driven by Jackson when the subject collision occurred.

- In response to Jackson's 20 interrogatories, AAA objected to **all but 1** interrogatory and provided substantive answers subject to its objections to only 6 interrogatories.

- AAA objected that Jackson's Request for Admission 14, which states "Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, you have determined that Plaintiff has sustained damage in excess of the sum of (1) Plaintiff's $5,000.00 personal injury protection coverage and (2) Patricia Tompkins' $30,000.00 limit of liability insurance," is a two-part question and is vague.

- AAA objected that Jackson's Request for Admission 17, which states that, "[AAA has] failed to pay any portion of the $20,000.00 that you offered Plaintiff on April 28, 2014," is vague and argumentative.

- AAA objected that Jackson's Request for Admission 18, which states that, "Plaintiff has complied with all conditions precedent to recovering from the uninsured/underinsured motorist coverage contained in your policy number TPA016443353,"is vague. Further, AAA responds that, "[w]ithout waiving this objection and subject thereto, Defendant cannot admit or deny. Reasonable inquiry has been made for this information and the information known or easily obtainable is insufficient to enable Defendant to admit or deny."

  Such lackadaisical efforts to respond to written discovery can hardly be considered to be

**MR 89**

in the good faith required by Texas Rule of Civil Procedure 193.2(c). *See also In re Park Cities Bank,* 409 S.W.3d 859, 877 (Tex. App.—Tyler 2013, no pet.). Consequently, the Court should overrule all of Defendant's objections and compel AAA to provide full and complete responses/answers. *See* TEX. R. CIV. P. 193.2(e) ("An objection…that is obscured by numerous unfounded objections…is waived unless the [C]ourt excuses the waiver for good cause shown.").

## III. FACTS NOT APPARENT FROM THE RECORD

Jackson attaches the following exhibits to his Motion for the Court's reference and incorporates them herein as though they were set forth verbatim:

| | |
|---|---|
| Exhibit A | - November 17, 2014, Rule 11 Agreement extending AAA's deadline to object/respond/answer Jackson's written discovery requests until November 25, 2014. |
| Exhibit B | - November 25, 2014, Rule 11 Agreement extending AAA's deadline to object/respond/answer Jackson's written discovery requests until December 10, 2014. |
| Exhibit C | - December 10, 2014, Rule 11 Agreement extending AAA's deadline to object/respond/answer Jackson's written discovery requests until December 17, 2014. |
| Exhibit D | - December 17, 2014, Rule 11 Agreement extending AAA's deadline to object/respond/answer Jackson's written discovery requests until December 24, 2014. |
| Exhibit E | - Defendant AAA Texas County Mutual Insurance Company's Objections and Responses to Plaintiff Thomas Jackson's First Request for Production |
| Exhibit F | - Defendant AAA Texas County Mutual Insurance Company's Objections and Answers to Plaintiff Thomas Jackson's First Set of Interrogatories |
| Exhibit G | - Defendant AAA Texas County Mutual Insurance Company's Objections and Responses to Plaintiff Thomas Jackson's First Request for Admissions |

**MR 90**

## V. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff Thomas Jackson requests that the Court hear and overrule Defendant AAA Texas County Mutual Insurance Company's objections to Jackson's First Request for Production, First Set of Interrogatories, and First Request for Admissions, compel AAA to provide full and complete answers/responses to same, and grant all such other and further relief to which Jackson may show himself justly entitled.

Respectfully submitted,
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM


/s/ Justin A. Smith
GLENN A. PERRY
State Bar No. 15801500
gperry@sloanfirm.com
JUSTIN A. SMITH
State Bar No. 24068415
jsmith@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone      903-757-7000
Facsimile      903-757-7574

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF CONFERECE

I hereby certify that on the 17th day of July, 2015, a sent a letter to opposing counsel attaching this motion to compel and seeking to conference in accordance with the Texas Rules of Civil Procedure. I called opposing counsel on the 30th of July, 2015, the 31st of July, 2015, and the 3rd of August, 2015, but have been unable to conference with opposing counsel regarding the discovery disputes herein, necessitating the filing of this motion.

/s/ Justin A. Smith
JUSTIN A. SMITH


*Plaintiff's Motion to Compel Discovery*                                                      *Page 5*

**MR 91**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of August, 2015 a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure on the following counsel of record:

Mr. Carlos A. Balido
WALTERS, BALIDO & CRAIN, L.L.P.
10440 North Central Expressway, Suite 1500
Dallas, Texas 75231

/s/ Justin A. Smith
GLENN A. PERRY
JUSTIN A. SMITH

**MR 92**

CAUSE NO. 2014-1365-A

| THOMAS JACKSON | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188TH JUDICIAL DISTRICT |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT, AAA Texas County Mutual Insurance Company (hereinafter "Defendant") and files this its Response to Plaintiff's Motion to Compel and as grounds therefore would respectfully show unto the Court as follows:

### I. Background

Defendant would show that this lawsuit arises out of an incident that occurred on or about June 12, 2013 in Longview, Gregg County, Texas. Plaintiff has brought claims of breach of contract; breach of good faith and fair dealing; violations of the Texas Insurance Code §541; Deceptive Trade Practices Tex. Bus. & Com Code §17.50(a) (4); and a petition for declaratory relief against the Defendant.[1] Plaintiff served his initial discovery requests to Defendant, including Request for Disclosures, First Requests for Admissions, First Set of Interrogatories, and First Request for Production. On December 23, 2014, Defendant served its objections and responses to Plaintiff's discovery requests. *See* Exhibit "A." On January 19, 2015, Defendant filed its Motion for Severance and/or Plea in Abatement. *See* Exhibit "B." On June 24, 2015, the parties discussed and confirmed the scheduling of mediation for September 29, 2015. *See* Exhibit

---

[1] *See* Plaintiff's Second Amended Petition, on file with the Court herein.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**       **PAGE 1**
#1468054/77325

**MR 93**

"C." On August 10, 2015, Plaintiff filed his Motion to Compel. *See* Exhibit "D." Counsel for defense would show that on July 27, 2015, an email message was sent to counsel for Plaintiff regarding the Motion to Compel. *See* Exhibit "E." No further discussions were held regarding the Motion to Compel or the scheduling of the hearing. It was anticipated that if the case did not settle at mediation, the pending motions would then brought before the court for consideration.

The parties attended mediation on September 29, 2015. During mediation, counsel for the Defendant was informed by the mediator that Plaintiff's Motion to Compel was set for a hearing on October 1, 2015. Counsel for the Defendant explained to Plaintiff's counsel that defense counsel did not receive notice of the hearing. Defense counsel contacted the court and received a copy of the notice letter dated September 10, 2015 from Plaintiff's counsel indicating the letter was e-filed and faxed on the same date. *See* Exhibit "F." The court also confirmed there was no indication in the system to reflect that the letter was e-filed to defense counsel. At the mediation, Plaintiff's counsel produced a copy of the September 10, 2015 letter regarding the Notice of Hearing. The letter included a fax cover sheet that indicated the fax to defense counsel was "incomplete," "transaction ok," and "error." *See* Exhibit "G." Counsel for the defense did not receive the Notice of Hearing letter until the copy was produced by Plaintiff's counsel at the mediation on September 29, 2015.

On September 29, 2015, counsel for defense requested that Plaintiff's counsel reschedule the Motion to Compel to allow defense counsel adequate time to prepare for the hearing and an opportunity to confer with the adjuster assigned to the claim. Defense counsel explained to counsel for Plaintiff that the assigned adjuster had recently been hospitalized for a pulmonary embolism. He was continuing treatment under a doctors' care, but he was not released to travel

**MR 94**

or work. On September 30, 2015, defense counsel sent a letter to Plaintiff's counsel to request a two-week continuance of the Motion to Compel hearing to permit defense counsel the opportunity to respond to the Motion to Compel, and to confer with the adjuster regarding any additional information that had not already been produced that may be relevant to the Plaintiff's claim, and to confer on the anticipated date of litigation.

In an attempt to promote judicial economy, counsel for defense contends it would be in the best interest of the court's time and resources to have the court hear Defendant's Motion for Severance and/or Plea in Abatement at the time as Plaintiff's Motion to Compel. Plaintiff's counsel did not agree as indicated by their failure to res-set the hearing or confer with defense counsel.

## II. Argument

In the Motion to Compel, Plaintiff is attempting to compel the Defendant to produce documents that are not relevant to Plaintiff's claim for damages. Plaintiff failed to list any specific complaints or deficiencies, other than to state Defendant's discovery responses "wholly failed to provide meaningful responses/answers." Plaintiff's motion made a production of providing a timeline of extensions and due dates; however, Plaintiff's Motion to Compel is *not* based on the timeliness of Defendant's responses, but only that Plaintiff does not agree with Defendant's responses.

The Plaintiff has filed suit for breach of contract against Defendant seeking to recover the underinsured motorist ("UIM") benefits (hereinafter the "contract claims"). However, this action is not limited to contractual claims for UIM benefits. Rather, Plaintiff also asserted extra-contractual allegations against Defendant for alleged breach of its duty of good faith and fair

**MR 95**

dealing arising from the insurance contract between the parties (hereinafter the "extra-contractual claims").

To the extent that Plaintiff has alleged extra-contractual claims, Defendant contends the proper procedure is for the Court to sever all extra-contractual claims from the underlying contract claim in this case, and to deny Plaintiff's discovery requests related to the extra-contractual claims. The Plaintiff should first have to prove his damages before Defendant be made to defend the extra contractual claims. Numerous Texas courts have concluded it is necessary to sever and abate extra contractual claims from the threshold contract claim because of the cruel and unacceptable dilemma the Defendant would necessarily face if it is forced to try both the fundamental issue of liability in conjunction with claims addressing its evaluation of liability. *In Re Trinity Universal Insurance Company*, No. 64 S.W.3d 463 (Tex. App.—Amarillo 2001, orig. proceeding); *State Farm Mut. Automobile Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding); *Balderama v. Western Casualty Life Ins. Co.*, 794 S.W.2d 84, 89 (Tex. App.—San Antonio 1990), *rev'd on other grounds*, 825 S.W.2d 432 (Tex. 1991); *Northwestern Nat'l Llyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46-47 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assoc. v. Millard*, 856 S.W.2d 765, 767 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); *Millard*, 847 S.W.2d at 668; *Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752-53 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

The compelling rationale of these cases is that privileged material (such as counsel's evaluation and insurance investigative claim files) and settlement negotiations are inadmissible on the contract claims with regard to liability and damages. Nevertheless, this evidence would

**MR 96**

be admissible regarding a tort or other extra-contractual claims to show whether the insurer acted properly or not. The paradox created by the failure to sever is readily apparent. Without severance of the extra-contractual claims, a defendant must choose between protecting its evidentiary privileges (*e.g.*, attorney-client communications and offers of settlement) and forego demonstrating that its actions did not violate the statute or waive its privileges and inject into the case issues of settlement, consultation with counsel, and investigative procedures and findings in an effort to demonstrate it complied with the applicable statute. Faced with these conflicting options, the *Wilborn* court concluded:

> [T]he resolution of this conflict leaves but one decision to protect all interests involved and that is to order severance of the two causes of action and to abate the proceedings on the bad faith claim until final disposition of the uninsured motorist claim.

*Id.* at 262. *See also, Millard, supra*, 847 S.W.2d at 668.

The case law is clear that the extra-contractual claims are to be severed from contract claims because to try the two distinct types of claims together is (1) highly prejudicial to the insurer because of the inherent problems which inevitably arise when trying an underinsured/uninsured motorist claim jointly with extra-contractual claims requiring the injection of insurance, settlement negotiations, settlement offers, and of privileged matters (such as advice of counsel and investigative claim files) and (2) potentially a waste of limited judicial and party resources because the extra-contractual claims are necessarily dependent on the resolution of the underinsured/uninsured motorist claim and, therefore, can be rendered moot by the first proceeding. *Id.*

**MR 97**

## A. Defendant's Objections and Responses to Request for Production

To the extent that Plaintiff is seeking responses and documents for alleged extra-contractual claims, Defendant contends the proper procedure is for the Court to sever all extra-contractual claims from the underlying contract claim in this case, and to deny Plaintiff's discovery requests related to the extra-contractual claims. The Plaintiff should first have to prove his damages before Defendant be made to defend the extra contractual claims. Plaintiff has made the following inappropriate and irrelevant requests for extra-contractual information for the following request for production: 1, 6, 8, 9, 13, 14, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 1, 32, 33, and 34.

After careful review and consideration, Defendant has considered Plaintiff's Motion to Compel to the following requests for productions, and stands by and asserts the objections previously submitted to the following requests: 2, 3, 5, and 7.

1. The entire claims file and/or adjuster logs including, but not limited to, photographs, statements, notes, memoranda, tables, computer-generated information and other written documents contained therein, that were generated in connection with the injury to the Plaintiff that forms the basis of this lawsuit.

**RESPONSE:**
The Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. The Defendant further objects to this Request as being over broad, vague, ambiguous and outside the scope of proper discovery. *See Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989). The Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. The Defendant further objects to this request in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92

**MR 98**

(Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied). The Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's very first Request for Production question is to request documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 1 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

> 2.      All written documentation of any investigation or reconstruction of the collision (other than those conducted by governmental/law enforcement entities or retained experts) from which this lawsuit arises.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. The Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex.

**MR 99**

2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company,* 17 S.W.3d 652, 653-54 (Tex. 2000). The Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. Defendant was not a party or witness to the motor vehicle collision. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard,* 216 S.W.3d at 818. Because Request for Production No. 2 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

> 3. All photographs, motion pictures, video recordings, maps, drawings, charts, diagrams, measurements, surveys, or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the collision at issue, or the area, persons, or objects involved either made at the time of or since the collision at issue.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company,* 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company,* 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 457-58 (Tex. 1982).

**MR 100**

Defendant previously produced documents in response to the request for photographs, maps, drawings, diagrams, the vehicles in question, the scene of the collision. To the extent, the request calls for "or other documents concerning the events and happenings made the basis of this lawsuit," Defendant contends Request for Production No. 3 is overly broad, vague, and unduly burdensome, in that it is unclear what "other documents" Plaintiff requests. The unknown documents requested by Plaintiff may be or likely to be privileged, work product, and not relevant; therefore, Defendant has objected and reasserts its objections.

4.      Answered without objections.

5.      All incident reports (other than those created by governmental/law enforcement entities or retained experts) and/or witness statements relating to or discussing the collision made the basis of this lawsuit and/or the injuries that Plaintiff claims resulted from said collision.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this Request as being outside the scope of discovery as it concerns matters that are not relevant to the instant litigation nor is the request reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. Defendant was not a party or witness to the motor vehicle collision. Because Request for

**MR 101**

Production No. 5 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

6.    All correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications regarding the insurance claim(s) or any aspect of said claim(s) that is the subject of this litigation between Defendant and its (a) adjusters, (b) employees, (c) officers, (d) agents, (e) representatives, (f) independent adjusters (other than those retained for the purpose of litigation), and/or (g) independent adjusting firms (other than those retained for the purpose of litigation).

RESPONSE:
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request for documents are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 6 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

MR 102

7.   All documents regarding every telephone conversation with or regarding Plaintiff.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. Defendant was not a party or witness to the motor vehicle collision. Because Request for Production No. 7 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

8.   All documents regarding the amount(s) set aside and/or placed in reserve regarding Plaintiff's claim for uninsured/underinsured motorist coverage benefits herein.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the

extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982). Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 8 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

9.      All **non-privileged** investigative reports regarding the collision made the basis of this lawsuit including documents, memoranda, photographs, video recordings, movies, statements, reports, drawings, communications, and tangible things attached to such reports or referred to therein.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance*

MR 104

*Company,* 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. Defendant was not a party or a witness to the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard,* 216 S.W.3d at 818. Because Request for Production No. 9 is inappropriate, outside the scope of proper discovery, and is duplicitous of request numbers 2, 3, 4, and 5, Defendant has objected and reasserts its objections.

10.     Complete and legible photocopies or audible recordings of every written or oral statement obtained by you or on your behalf from any person designated by any party as having knowledge of relevant facts pursuant to Texas Rule of Civil Procedure 194.2(e).

**RESPONSE:**
Defendant will supplement response.

11.     If already produced herein, a complete copy of every primary, umbrella, and excess insurance policy or agreement, including all declarations page(s), endorsements, amendments, riders, and attachments in effect when the subject collision occurred and providing coverage to Plaintiff for injuries suffered in the subject collision.

**RESPONSE:**
The Defendant objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant will supplement response.

**MR 105**

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. Therefore, Defendant maintains its objection, but agrees to produce a certified copy of Plaintiff's policy.

12.    Answered with no objections.

13.    All non-waiver agreements, reservation of rights letters, and other documents or communications regarding any contractual obligation owed to you by Plaintiff or condition precedent to recovery with which Plaintiff must comply.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982). Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges.

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 13 is

**MR 106**

inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

14. All documents relating to any initial determination, temporary determination, tentative determination, or final determination regarding whether Plaintiff's claim herein is payable or not payable.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied). Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 14 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

**MR 107**

15.     Answered without objections.

16.     Answered without objections.

17.     Answered without objections.

18.     All documents, records, reports, notations, and/or memoranda regarding the Plaintiff from persons and/or entities that compile information regarding bodily injury claims, health insurance claims, liability/property/casualty insurance claims, worker's compensation claims, and other insurance claims, including but not limited to the Insurance Services Office ("ISO"), Southwest Index Bureau, and all similar persons or entities.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 18 is

inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

19.     All peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to or compiled from the medical records that Plaintiff has submitted for payment pursuant to the policy at issue herein and/or injuries that Plaintiff claims were caused by the collision made the basis of this lawsuit.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 19 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

**MR 109**

20.   All liability work-ups or reports relating to Plaintiff's claim for uninsured/underinsured motorist coverage benefits.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 20 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

21.   All documents relating to your use, if any, of computer software programs in reviewing, analyzing, and/or evaluating claims of injury in motor vehicle collisions during 2013 and 2014.

**RESPONSE:**

Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.--Waco 1999, orig. proceeding). Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 21 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

**MR 111**

22.    All documents relating to your use, if any, of computer software programs in reviewing, analyzing, and/or evaluating Plaintiff's claims of injury in the motor vehicle collision that forms the basis of this lawsuit.

<u>RESPONSE:</u>
Defendant objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant asserts its privileges relating to computer programs, manuals, and database information to the extent that it constitutes Trade Secrets and other proprietary information. See Tex. R. Civ. Evidence 507; Tex. R. Civ. P. 76(a)(2)(c); *Computer Assoc. Int. 7 v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), RESTATEMENT (213) OF TORTS - 757, comment (b). Plaintiff has the burden of establishing the information requested herein is necessary for a fair adjudication of this claim which has not been established to date. Defendant asserts that the benefit that Plaintiff might obtain from this information, if any, doe s not and cannot outweigh harm of disclosure to the defendant. *See In re Leviton Mfg. Co. Inc.*, 1 S.W.3d 898, 902 (Tex. App.–Waco 1999, orig. proceeding). Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 22 is

**MR 112**

inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

23. All documents containing your policies, procedures, processes, and/or rules used by your employees to assist in their evaluation of uninsured/underinsured motorist claims.

   **RESPONSE:**
   Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company,* 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company,* 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 457-58 (Tex. 1982).

   Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard,* 216 S.W.3d at 818. Because Request for Production No. 23 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

24. All documents containing your policies, procedures, processes, and/or rules used by your employees to assist in their evaluation of automobile collision bodily injury claims.

**MR 113**

## RESPONSE:

Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 24 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

25. Answered without objections.

26. All reports, memoranda, and other documents related to your evaluation of any claim for benefits made by Plaintiff other than the claim at issue herein.

## RESPONSE:

Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client,

**MR 114**

attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 26 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

27. All documents relating to every initial determination, temporary determination, tentative determination, or final determination regarding whether any of Plaintiff's claims other than that at issue herein was payable or not payable.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not

reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 27 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

28. All documents regarding and/or discussing your refusal to pay the $20,000.00 that you offered on April 28, 2014.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v.*

**MR 116**

*Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982). Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure.

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 28 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

29. All documents reflecting, regarding, and/or discussing premium payments made by Plaintiff for the automobile insurance policy in effect when the collision that is the subject of this lawsuit occurred.

**RESPONSE:**

Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains

**MR 117**

undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 29 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

30. All documents necessary to determine the name, address, telephone number, immediate supervisor, and current employer of all of Defendant's adjusters, employees, agents, and/or representatives that have reviewed Plaintiff's claim file from a claims handling or claims review standpoint.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

**MR 118**

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 30 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

31. All documents and/or materials pertaining to any negotiations for settlement or offers of settlement that were compiled or created prior to the time of the filing of this lawsuit.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay

**MR 119**

benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 31 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

32. All documents, reports, or investigations relied upon by Defendant in denying or delaying payment of any benefits to Plaintiff related to the claim that is the subject of this lawsuit.

<u>RESPONSE:</u>
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this interrogatory in that the Plaintiff has the burden of proof to evince that relevant to any issue in this cause. In order for the Plaintiff to recover under their UIM claim, they must prove that the purported underinsured/uninsured motorist negligently caused the accident that resulted in their purported damages. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied). Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay

benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 32 is inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

33.    All documents regarding any contract that you have with any independent adjuster who performed any service on your behalf related to Plaintiff's claim herein.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Because Request for Production No. 33 is

**MR 121**

inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

34.     All documents described or utilized in responding to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission.

**RESPONSE:**
Defendant objects to this request as it is overly broad, vague and unduly burdensome. Defendant further objects to this request on the grounds it violates the attorney client, attorney work product, witness statement and party communication privileges. Defendant further objects to this request to the extent that it is outside the scope of discovery as it regards matters that are not relevant to the subject matter of this present lawsuit, seeks information which is not relevant to the claims asserted by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to the Texas Rules of Civil Procedure. Defendant further objects to this request to the extent that the documents called for therein is not relevant to any issue in this cause. The Plaintiff has yet to obtain judgment establishing the liability and underinsured/uninsured status of the other motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d.809 (Tex. 2006). *See also Henson v. Southern Farm Bureau Casualty Insurance Company*, 17 S.W.3d 652, 653-54 (Tex. 2000). Defendant further objects as Plaintiff is not entitled to discovery of privileged information regarding bad-faith claims so long as the insurance company's liability under the underlying liability claim remains undetermined. *See Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457-58 (Tex. 1982).

Plaintiff's request is for documents that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. *Brainard*, 216 S.W.3d at 818. Defendant further objects to this request as it is an inappropriate discovery request. See *Texas Tech. Univ. Health Sci. Ctr. v. Schild*, 828 S.W.2d 502 (Tex.App.-El Paso, 1992, orig. prec.). Because Request for Production No. 34 is

**MR 122**

inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

## B. Defendant's Objections and Answers to Interrogatories

As previously stated and as it is obvious to the Court, Plaintiff is attempting to compel the Defendant to produce responses that are not relevant to Plaintiff's claim for damages. To the extent that Plaintiff is seeking responses for alleged extra-contractual claims, Defendant AAA contends the proper procedure is for the Court to sever all extra-contractual claims from the underlying contract claim in this case, and to deny Plaintiff's discovery requests related to the extra-contractual claims. The Plaintiff should first have to prove his damages before Defendant AAA be made to defend the extra contractual claims. Plaintiff has made the following inappropriate and irrelevant requests for extra-contractual information for the following interrogatories:

Interrogatory No. 3: (claim files);
Interrogatory No. 6: (individuals who performed claim work);
Interrogatory No. 8: (employees evaluating claim/authorizing payment);
Interrogatory No. 14: (procedures investigating/evaluating Plaintiff's claim);
Interrogatory No. 15: (identify documents regarding Plaintiff's failure to meet conditions precedent; insurance agreement; coverage)
Interrogatory No. 16: (reasons for denial of Plaintiff's claim);
Interrogatory No. 17: (computer software program for evaluating claims);
Interrogatory No. 18: (manuals/guidelines associated with No. 17);
Interrogatory No. 19: (refusal to pay) and
Interrogatory No. 20: (release and policy provisions).

Plaintiff's request is for responses that are neither relevant nor likely to lead to admissible evidence to prove Plaintiff's damages in the subject motor vehicle accident. The Texas Supreme Court has held that a UM/UIM carrier is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other

**MR 123**

motorist. *Brainard*, 216 S.W.3d at 818. Because Interrogatories Numbers 3, 6, 8, 14, 15, 16, 17, 18, 19, and 20 are inappropriate and outside the scope of proper discovery, Defendant has objected and reasserts its objections.

After careful review and consideration, Defendant has considered Plaintiff's Motion to Compel to the following interrogatories, and stands by and asserts the objections previously submitted to the following requests:

Interrogatory No. 9: (personal injury information regarding Plaintiff and tortfeasor);
Interrogatory No. 12: (factors that are the cause of Plaintiff's damages); and
Interrogatory No. 13: (Plaintiff's actions or omission that caused or contributed to the collision).

## C. Defendant's Objections and Answers to Admissions

Of Plaintiff's 18 Requests for Admissions, all but the following three requests were answered.

14.    Based upon your investigation(s) and/or evaluation(s) of Plaintiff's uninsured/underinsured motorist claim, you have determined that Plaintiff has sustained damage in excess of the sum of (1) Plaintiff's $5,000.00 personal injury protection coverage, and (2) Patricia Tompkins' $30,000.00 limit of liability insurance.

**RESPONSE:**
Defendant objects to this request as it is a two part question and vague. Without waiving this objection, deny.

To the best of Defendant's ability, Defendant has responded to Plaintiff's request. Further and to the extent, Plaintiff has requested Defendant to admit or confirm the amount of Plaintiff's damages, the request calls for a hearsay response.

17.    You have failed to pay any portion of the $20,000.00 that you offered Plaintiff on April 28, 2014.

**MR 124**

<u>RESPONSE:</u>

Defendant objects to this request in that it is vague and argumentative. Without waiving this objection and subject thereto, Defendant admits that it has not paid the $20,000.00 offered to Plaintiff on April 28, 2014.

To the best of Defendant's ability, Defendant has responded to Plaintiff's request.

Plaintiff's request was a mischaracterization that Defendant "failed" to pay in that Plaintiff's failed to agree to accept payment as a release of any and all claims presented.

18. Plaintiff has complied with all conditions precedent to recovering from the uninsured/underinsured motorist coverage contained in your policy number TPA016443353.

<u>RESPONSE:</u>

Defendant objects to this request as it is vague. Without waiving this objection and subject thereto, Defendant cannot admit or deny. Reasonable inquiry has been made for this information and the information known or easily obtainable is insufficient to enable Defendant to admit or deny.

To the best of Defendant's ability, Defendant has responded to Plaintiff's request.

**III. Conclusion**

Plaintiff's inappropriate discovery requests are an attempt to circumvent the Texas Supreme Court's ruling in *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006) by seeking discovery to attempt to show that Plaintiff's injuries and damages fall within the coverage of his insurance policy, and that, in turn, Plaintiff is entitled to recover his insurance proceeds. Such requests are confidential and privileged information that is not relevant to Plaintiff's claim and proof of damages. Accordingly, the Defendant has made appropriate objections and fully answered all of Plaintiff's discovery requests to the best of Defendant's ability at this time. Defendant reasserts its objections to those requests Plaintiff finds objectionable. Defendant requests that this court deny Plaintiff's Motion to Compel in its entirety.

<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL</u>                    PAGE 33
#1468054/77325

**MR 125**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court deny Plaintiff's Motion to Compel and for any and all other and further relief to which this Defendant may show itself to be justly entitled.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.


___s/s Carlos A. Balido_____
CARLOS A. BALIDO
State Bar No. 01631230
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214-749-4805
214-760-1670 - Fax
BalidoEDocsNotifications@wbclawfirm.com


## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of October, 2015, a true and correct copy of the foregoing document was forwarded to all counsel of record.

M. Raymond Hatcher
Alan J. Robertson
Justin A. Smith
Sloan, Bagley, Hatcher & Perry Law Firm
P. O. Drawer 2909
101 East Whaley Street
Longview, TX 75606


___s/s Carlos A. Balido_____
Carlos A. Balido

MR 126



**AUSTIN ★ DALLAS ★ DECATUR ★ HOUSTON**

CARLOS A. BALIDO
Partner
carlos.balido@wbclawfirm.com
**Service of Documents:**
BalidoEDocsNotifications@wbclawfirm.com
(214) 347-8320 - Direct Line
(214) 347-8321 - Direct Facsimile

2014-1365-A

October 6, 2015

***Via Fax: 903-757-7574***
Mr. Raymond Hatcher
Mr. Alan Robertson
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
Longview, Texas 75601

RE: Cause No. 201-1365-A; *Thomas Jackson vs. AAA Texas County Mutual Insurance Company*, In the 188th Judicial District, Gregg County, Texas.
Our File No. 1493-77325

Dear Counsel:

Please be advised that Defendant's Motion to Sever and Abate and Defendant's Special Exceptions have been set for hearing on **November 6, 2015 at 10:30 a.m.** in the above-referenced case.

Thank you for your attention to this matter.

Very Truly Yours,

*/s/ Carlos A. Balido*

CARLOS A. BALIDO

CAB/NLR/sw

cc:     ***Via EFile***
Court Clerk
188th District Court
101 E. Methvin, Suite 408
Longview, TX 75601

WALTERS BALIDO & CRAIN L.L.P.
MEADOW PARK TOWER  10440 NORTH CENTRAL EXPRESSWAY  SUITE 1500  DALLAS, TEXAS 75231
FAX: 214.760.1670  TELEPHONE: 214.749.4805
www.wbclawfirm.com                                                          **MR 127**

CAUSE NO. 2014 – 1365 – A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | OF GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188th JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SEVERANCE AND/OR PLEA IN ABATEMENT

TO THE HONORABLE COURT:

Plaintiff, Thomas Jackson, files this his Response to Defendant's Motion for Severance and/or Plea in Abatement and, in support thereof, would respectfully show the Court as follows:

### I. FACTS

On the morning of June 12, 2013, Thomas Jackson was driving west on Pliler Precise Road. Mr. Jackson approached a traffic control signal and, in obedience to the laws of Texas, came to a stop. When it was lawful for him to do so, he continued to drive west, across the intersection of Pliler Precise Road and Judson Road. At the same time, Patricia Tompkins was traveling north on Judson Road when, with complete disregard for the safety and welfare of other persons or property, she disregarded the traffic control device on Judson Road, entered the intersection where Mr. Jackson was traveling and struck the driver's side of Mr. Jackson's vehicle.

When this collision occurred, Mr. Jackson was covered by a policy of automobile insurance, which included UM/UIM coverage, issued by Defendant. Mr. Jackson timely and properly notified Defendant of the motor vehicle collision that is the subject of this suit and has

MR 128

fully complied with all of the conditions of that insurance policy prior to his filing suit against Defendant.

Prior to April 28, 2014, Mr. Jackson compiled his medical records and other information and sent it to Defendant to evaluate his claim, along with a demand for payment. Defendant, as it was obliged to do, evaluated coverage and the claim. Based on that evaluation, Defendant determined that Mr. Jackson's underinsured motorist claim is worth at least $55,000.00, as evidenced by Defendant's April 28, 2014 offer to pay $20,000.00 in addition to $5,000.00 previously paid by Defendant in personal injury protection benefits and $30,000.00 previously paid by Ms. Tompkins' insurer. Mr. Jackson made a demand for this undisputed portion of his underinsured motorist coverage and Defendant refused.

## II. STANDARD FOR SEVERANCE

As an initial matter, Defendant, as the party moving for severance and abatement, bears the burden of establishing the propriety of the motion. A trial court only abuses its discretion in failing to order a severance "when all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion and the legal rights of the parties will not be prejudiced thereby...." *Womack v. Berry*, 291 S.W.2d 677, 683 (Tex. 1956). Prejudice is not presumed simply because contract claims and extra-contractual claims are joined in the same action and, accordingly, severance is not always mandatory. *See Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 193—194 (Tex.App.—Corpus Christi 1993); *see also Progressive County Mut. Ins. Co. v. Parks*, 865 S.W.2d 776, 778 (Tex.App.—El Paso 1993).

**MR 129**

### III. ARGUMENT & AUTHORITIES

Defendant's argument is essentially this; anytime breach of contract claims and extra-contractual bad faith claims are joined in a suit against an uninsured/underinsured insurance carrier, severance is mandated. That is not the case. *See Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189 (Tex.App.—Corpus Christi 1993); *see Allstate Ins. Co. v. Evins*, 894 S.W.2d 847 (Tex.App.—Corpus Christi 1995); *Texas Farmers Ins. Co. v. Cooper*, 916 S.W.2d 698 (Tex.App.—El Paso 1996). Certainly, there are a number of cases, to which Defendant has cited, where severance and/or abatement in some context has been found to be proper.

All of those cases, however, are distinct from this one. In *In re Trinity Universal Ins. Co.*, the insured joined the UM/UIM carrier to the suit against the third party, alleging breach of contract and extra-contractual claims, before the third party claim had been resolved. *See In re Trinity Universal Ins. Co.*, 64 S.W.3d 463 (Tex.App.—Amarillo 2001). Similarly, *F.A. Richard* involves the propriety of severing a suit against a defendant *driver* and the defendant's insurance *adjustor*, not breach of contract claims from extra-contractual claims. *F.A. Richard & Assoc.'s v. Millard*, 856 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1993). In *Wilborn* and *Lerner*, the crux of the bad faith claim surrounded the *amount* of a settlement offer from the UM/UIM carrier. *State Farm Mut. Automobile Ins. Co. v. Wilborn*, 835 S.W.2d 260 (Tex.App.—Houston [14th Dist.] 1992); *see also Mid-Century Ins. Co. of Tex. v. Lerner*, 901 S.W.2d 749 (Tex.App.—Houston [14th Dist.] 1995). The same is true in *Millard*, where the bad faith claims were premised on the "inadequacy of the defendant's settlement offers." *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671 (Tex.App.—Houston [1st Dist.] 1993). *Balderma* does not address the propriety of severing breach of contract claims from extra-contractual claims against a UM/UIM

**MR 130**

insurer. *Balderma v. Western Casualty Life Ins. Co.*, 794 S.W.2d 84, 89 (Tex.App.—San Antonio 1990).

This case, however, does not involve a suit against a defendant driver and his insurance adjustor joined in the same suit, or health insurance, nor does it involve a bad faith claim premised on the *inadequacy* of a defendant's settlement offer. Defendant has failed to carry its burden of showing that severance and abatement is proper and, thus, Defendant's motion should be denied.

### 1. Plaintiff's Breach of Contract Claim and Bad Faith Claims for Failure to Tender an Amount the UM/UIM Carrier Determined to be Owed

There are two breach of contract claims in this suit. The first breach of contract claim arises because this case, unlike those cited by Defendant, involves a carrier who, after an apparent evaluation of coverage and the claim, (1) determined that the insured suffered a covered loss and was entitled to UM/UIM benefits in the sum of $20,000.00 and (2) refused to tender that sum upon Plaintiff's request. It is Defendant's failure to tender that sum, *not* the amount or adequacy of that sum, that forms the basis for one of Plaintiff's breach of contract claims and the entire basis for his bad faith claims. *See* Plaintiff's Second Am. Pet., pg. 3—5.

Defendant posits that this Court should apply a standard where severance should be ordered where (1) the claim for the underinsured/uninsured motorist benefits is contractual and the claim for penalty under Article 21.55 involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the Article 21.55 claim is not so interwoven with the tort action and contract action that they involve the same facts and issues. *See* Def's Mtn, 3—4. Defendant cites no law or evidence in support of the proposition that this case and the claims involved in it meet that standard. With respect to the

**MR 131**

breach of contract claim and bad faith claims discussed above, it clearly does not. Plaintiff's claim that Defendant's failure to tender the undisputed sum of benefits he is entitled to after Defendant's evaluation of coverage and damages and his claim that that failure is bad faith involve *exactly* the same facts and issues and are completely interwoven. As a result, those claims rely on the same facts and legal issues, and there can be no undue prejudice or waste of judicial resources in maintaining those claims in the same action. Thus, Defendant's motion for severance and abatement of those claims fails under the standard Defendant asks this court to apply.

## 2. Plaintiff's Breach of Contract Claim for Defendant's Failure to Properly Value and Fully Pay Plaintiff's Damages Under the Policy

There is, in fairness, an additional breach of contract claim asserted by Plaintiff that does assert that Plaintiff is entitled to an amount in excess of $20,000.00 in UM/UIM benefits. That additional breach of contract claim, however, may only be severed from Plaintiff's bad faith claims if Defendant made an offer to settle the insured's *entire* contract claim. *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 234 (Tex.App.—El Paso 2012) *citing to Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996). In *In re State Farm Mut. Auto Ins. Co.*, the defendant satisfied its burden of proving that it offered to settle the entire contract claim by presenting evidence in the "form of letters and affidavits" that it had offered "to settle *in full* each of [the insured's] claims for underinsured bodily injury benefits and all damages [the insured] claimed." *See id.* at 234 (internal quotations and citations omitted). Here, Defendant has produced *no* evidence that they made an offer to settle in full each of Plaintiff's claims for UM/UIM benefits and all damages Plaintiff claimed. There is not even an allegation that Defendant made any settlement offer, let alone a settlement offer that was for the entirety of

**MR 132**

Plaintiff's claims, in Defendant's motion. As a result, Defendant has failed to meet its burden of pleading, production and persuasion in severing Plaintiff's second breach of contract claim from Plaintiff's claims for bad faith. Because severance of Plaintiff's claims is improper, the abatement of these claims is also improper.

### 3. Alternatively, the Court Should Consider Bifurcation as Opposed to Severance

In *Liberty National Fire Insurance Co. v. Akin*, the Texas Supreme Court rejected "an inflexible rule that would deny the trial court all discretion and... require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice." *See Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996). Issues of severance and discovery generally rest within the discretion of the trial court. *See In re CSX Corp.*, 124 S.W.3d 149, 151—52 (Tex. 2003; *see also Akin*, 927 S.W.2d at 629. While severance may be required where a settlement offer has been made for the entirety of a claim, here there is no evidence and no allegation that the Defendant has done so and the Court retains its discretion to order bifurcation if it determines that some level of protection is warranted to avoid undue prejudice. *See In re Acceptance Indem. Ins. Co.*, 2008 WL 659438, at * 2 (Tex.App.—Beaumont March 13, 2008) (finding that the trial court did not abuse its discretion in bifurcating the trial of breach of contract and bad faith claims where there was insufficient evidence to determine if the insurer had made offers to settle the entirety of a disputed claim); *see also In re Allstate Texas Lloyds*, 202 S.W.3d 895, 900 (Tex.App.—Corpus Christi, Edinburg 2006) (holding that trial court did not abuse its discretion in bifurcating breach of contract and bad faith claims where the insurer failed to meet its burden of establishing that severance and abatement was required).

## IV. PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully asks the Court to deny Defendant's Motion for Severance and/or Plea in Abatement and for any and all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Justin A. Smith*
GLENN A. PERRY
State Bar No. 15801500
gperry@sloanfirm.com
JUSTIN A. SMITH
State Bar No. 24068415
jsmith@sloanfirm.com
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
Longview, Texas 75601
Telephone     903-757-7000
Facsimile     903-757-7574

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of November, 2015 a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure on the following counsel of record:

Mr. Carlos A. Balido
WALTERS, BALIDO & CRAIN, L.L.P.
10440 North Central Expressway, Suite 1500
Dallas, Texas 75231

*/s/ Justin A. Smith*
GLENN A. PERRY
JUSTIN A. SMITH

**MR 134**

FILED
GREGG COUNTY, TEXAS

NOV 06 2015

O'CLOCK
BARBARA DUNCAN, DISTRICT CLERK
BY_____DEPUTY

CAUSE NO. 2014 – 1365 – A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | OF GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188th JUDICIAL DISTRICT |

## AGREED ORDER ON PLAINTIFF'S MOTION TO COMPEL

After considering Plaintiff, Thomas Jackson's Motion to Compel, the response, any evidence submitted therewith, and arguments of counsel, the Court finds the Motion to be well taken and therefore GRANTS Plaintiff's Motion to Compel.

It is therefore, ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Compel is GRANTED and that all objections asserted by Defendant in its responses to Plaintiff's First Requests for Admission, First Set of Interrogatories, and First Requests for Production are hereby OVERRULED.

The Court further FINDS that the following requests are related to the incident underlying the suit, Plaintiff's claims for breach of contract and/or Plaintiff's claims for declaratory judgment: Plaintiff's Request for Admission No. 18; Plaintiff's Interrogatories Nos. 1, 2, 4, 5, 7, 9, 10, 11, 12, 13, 15, and 20; Plaintiff's Requests for Production Nos. 2, 3, 4, 5, 7, 9, 10, 11, 12, 13, 15, 16, 17, 18, 25, and 29; and Plaintiff's Request for Production No. 34, to the extent it pertains to these immediately aforementioned discovery requests. It is, therefore,

Page 1

**MR 135**

ORDERED that Defendant shall fully respond to these requests and interrogatories and produce all responsive information and documents within fourteen (14) days of October 1, 2015. It is further ORDERED that should any information or material be withheld on the basis of privilege from Defendant's responses to this discovery, Defendant shall produce a privilege log identifying the information withheld, the specific privilege(s) asserted, information sufficient for the Court and Plaintiff to assess the applicable of those privileges, and any and all other information required by Texas Rule of Civil Procedure 193.3 within fourteen (14) days of October 1, 2015.

The Court further FINDS that that the following requests are related to Plaintiff's extra-contractual claims: Plaintiff's Request for Admission No. 17; Plaintiff's Interrogatories Nos. 3, 6, 8, 14, 16, 17, 18, and 19; Plaintiff's Requests for Production Nos. 1, 6, 8, 14, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32, and 33; and Plaintiff's Request for Production No. 34, to the extent it pertains to these immediately aforementioned discovery requests. It is, therefore, ORDERED that Defendant shall fully respond to these requests and interrogatories and produce all responsive information and documents within forty-five (45) days of October 1, 2015. It is further ORDERED that should any information or material be withheld on the basis of privilege from Defendant's responses to this discovery, Defendant shall produce a privilege log identifying the information withheld, the specific privilege(s) asserted, information sufficient for the Court and Plaintiff to assess the applicable of those privileges, and any and all other information required by Texas Rule of Civil Procedure 193.3 within forty-five (45) days of October 1, 2015.

MR 136

SIGNED on <u>Nov. 6</u>, 2015.

<u>Dwight Mohl</u>
JUDGE PRESIDING

**MR 137**

FILED
GREGG COUNTY, TEXAS

NOV 06 2015

11:16 O'CLOCK ____ M
BARBARA BLISS, DISTRICT CLERK
BY _____ DEPUTY

CAUSE NO. 2014-1365-A

| | | |
|---|---|---|
| THOMAS JACKSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GREGG COUNTY, TEXAS |
| | § | |
| AAA TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | 188TH JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANT AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY'S MOTION FOR SEVERANCE AND PLEA IN ABATEMENT

On the 6th day of Nov. , 2015, came to be heard Defendant AAA Texas County Mutual Insurance Company's Motion for Severance and Plea in Abatement to Plaintiff's extra-contractual claims and causes of action. The court, after reviewing the arguments of counsel and reviewing the documents on file, is of the opinion that said motion should be DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Defendant's Motion for Severance and Plea in Abatement is DENIED its entirety, and the Plaintiff's extra-contractual claims will not be severed from the underlying contract claim and the extra-contractual claims are not abated. The Court orders that trial shall be bifurcated as to Plaintiff's extra contractual claims.

SIGNED this 6th day of Nov. , 2015.

_____
**JUDGE PRESIDING**

ORDER DENYING DEFENDANT'S MOTION FOR SEVERANCE AND
PLEA IN ABATEMENT -                                                    Solo Page
#14872448/77325

**MR 138**